### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
**Beckley Division**

**DAVID M. DAUGHERTY,**

       **Plaintiffs,**

       **v.**                                  **Civil Action No.** ___5:14-24506___

**EQUIFAX INFORMATION
SERVICES, LLC, and OCWEN
LOAN SERVICING, LLC,**

       **Defendants.**

### NOTICE OF REMOVAL

TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA, BECKLEY DIVISION:

Pursuant to 28 U.S.C. § 1331, 1367(a), 1441, and 1446, Defendant Ocwen Loan Servicing, LLC ("Ocwen"), by counsel, hereby removes this action from the Circuit Court for the County of Raleigh, West Virginia, to the United States District Court for the Southern District of West Virginia, Beckley Division.

Removal is proper because this Court has subject matter jurisdiction over this action under federal question jurisdiction pursuant to 28 U.S.C. § 1331, as well as supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. §§ 1367(a) and 1441(c). Accordingly, Ocwen removes this action to this Court, and in support of its Notice of Removal states the following:

### I.      BACKGROUND

1.      On or about July 8, 2014, Plaintiff David M. Daugherty ("Plaintiff") filed a Complaint against Defendants Ocwen Loan Servicing, LLC and Equifax Information Services, LLC ("Equifax") in the Circuit Court for the County of Raleigh, West Virginia, Case No. 14-C-

679.   Copies of the State Court docket report, Complaint, Summonses issued to Ocwen and Equifax, and returns of service are collectively attached hereto as **Exhibit A.**

2.      This Notice of Removal is being filed within one (1) year of the date of commencement of the action for removal purposes.

3.      Ocwen was served with the Complaint on July 17, 2014.  Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

4.      Equifax consents to removal as stated in the Consent to Removal attached hereto as **Exhibit B.**

5.      In his Complaint, Plaintiff asserts claims, among other things, against Ocwen and Equifax purporting to arise under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

6.      Additionally, Plaintiff alleges violations of the West Virginia Consumer Credit and Protection Act ("WVCCPA"), *West Virginia Code* § 46A-2-127(d), and asserts claims against Ocwen for illegal debt collection, negligence, tort of outrage, and equity abhors a forfeiture.

7.      Ocwen denies the allegations in the Complaint, denies that Plaintiff has stated a claim for which relief may be granted, and denies that Plaintiff has been damaged in any manner whatsoever.  Nevertheless, assuming for jurisdictional purposes only that Plaintiff's claims are valid, he could have originally filed his Complaint in this Court under federal question jurisdiction because resolution of Plaintiff's claims will require determination of significant, disputed issues under federal law.  Further, this Court has supplemental jurisdiction over Plaintiff's state law claims, as they are so related to the federal claims that they form part of the

same case or controversy.  Removal of this entire case is therefore proper under 28 U.S.C. §§ 1331, 1367(a), 1441 and 1446.

## II.   FEDERAL JURISDICTION

### A.   Federal Question Jurisdiction Exists Over Plaintiff's Claims

8.   In Count I of the Complaint, Plaintiff alleges that Equifax violated the FCRA when it allegedly "failed to conduct a reasonable reinvestigation of the information in Plaintiff's credit file after receiving actual notice of inaccuracies; failed to delete inaccurate information upon actual notice of inaccuracies; failed to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and relied upon verification from a source it has reason to know is unreliable in violation of 15 U.S.C. § 1681i."  (Compl. ¶ 23).

9.   In Count II of the Complaint, Plaintiff alleges that Equifax violated the FCRA when it "failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files maintained and published concerning Plaintiff, in violation of 15 U.S.C. § 1681e(b)."  (Compl. ¶ 27).

10.   In Count III of the Complaint, Plaintiff alleges that Equifax violated the FCRA when it "failed to delete the negative reports regarding Plaintiff's mortgage loan from the credit report and credit files maintained and published concerning Plaintiff after a reinvestigation would have found the mortgage loan to be current, in violation of 15 U.S.C. § 1681i(a)(5)," (Compl. ¶ 31).

11.   In Count IV of the Complaint, Plaintiff alleges that "Ocwen violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate the Plaintiff's disputes of the representations."  (Compl. ¶ 35). As a result, Plaintiff alleges he "is entitled to recover actual damages, statutory damages, costs and attorneys fees from Ocwen in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

12.     Federal question jurisdiction pursuant to 28 U.S.C. § 1331 exists over this action because the claims asserted by Plaintiff in the Complaint involve questions that will require resolution of significant, disputed issues arising under federal law, including the FCRA.

13.     Further, resolution of Plaintiff's state law claims will involve determination of issues dependent upon and intertwined with his FCRA claim.  It is well established that federal jurisdiction exists even when the complaint only purports to assert state law claims if the resolution of those claims depends on significant questions of federal law.  *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 303, 312 (2005).  Indeed, in determining whether issues arise under federal law, the Court considers the substance of the underlying allegation, rather than its label or form.  *Kidd v. TA Operating, LLC*, No. 3:10-cv-69, 2010 U.S. Dist. LEXIS 25659 *4-5 (E.D. Va. March 18, 2010) (holding that federal jurisdiction is proper where the allegations, in substance, assert claims arising under the Constitution, laws, or treaties of the United States, despite plaintiff's argument that he brings only state law claims, finding that "the Court must independently analyze the jurisdictional underpinnings by reviewing the allegations of the Complaint"); *Cuyahoga River Power Co. v. N. Ohio Traction & Light Co.*, 252 U.S. 388, 397 (1920) (concluding that "federal question [exists] not in mere form but in substance, and not in mere assertion, but in essence and effect").

14.     Removal is thus proper pursuant to 28 U.S.C. § 1441(a) because the controversy between Plaintiff and Defendants involves significant issues of federal law, specifically claims arising under the FCRA, over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

**B. <u>All Remaining Claims Are Within the Court's Supplemental Jurisdiction</u>**

15. Because the Court has jurisdiction, by virtue of federal question, over the claims discussed above, this Court has supplemental jurisdiction over all remaining claims. *See* 28 U.S.C. § 1367. Plaintiff's state law claims are so related to Plaintiff's federal claims which are within the original jurisdiction of this Court that they form part of the same case or controversy under Article III of the United States Constitution. Accordingly, the Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367(a).

## III. VENUE

16. Venue is proper in this Court because this district and division encompass the Circuit Court for the County of Raleigh, West Virginia, the forum from which the case has been removed. *See* 28 U.S.C. § 1441.

## IV. NOTICE

17. Concurrent with filing this Notice of Removal, Ocwen will file a Notice of Filing of Notice of Removal with the Clerk of the Circuit Court for the County of Raleigh, West Virginia and will attach a copy of this Notice of Removal thereto. A copy of the Notice of Filing of Notice of Removal, without Exhibit 1, is attached hereto as **<u>Exhibit C</u>**.

18. If any questions arise as to the proprietary of the removal of this action, Ocwen requests the opportunity to present a brief and argument in support of its position that this case is removable.

WHEREFORE, Defendant Ocwen Loan Servicing, LLC hereby removes this action to this Court and seeks whatever further relief this Court deems equitable and just.

Dated:  August 7, 2014                          Respectfully submitted,

                                                OCWEN LOAN SERVICING, LLC


                                                By:  ___/s/ Jason E. Manning_____
                                                              Of Counsel


John C. Lynch (VSB No. 39267)
Jason E. Manning (VSB No. 74306)
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone:  (757) 687-7564
Facsimile: (757) 687-1510
E-mail: john.lynch@troutmansanders.com
E-mail: jason.manning@troutmansanders.com
*Counsel for Defendant Ocwen Loan Servicing, LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Beckley Division**

**DAVID M. DAUGHERTY,**

       **Plaintiffs,**

    **v.**                                         **Civil Action No. _____**

**EQUIFAX INFORMATION
SERVICES, LLC, and OCWEN
LOAN SERVICING, LLC,**

       **Defendants.**

## <u>CERTIFICATE OF SERVICE</u>

    I hereby certify that on the 7th day of August, 2014, a true and correct copy of the

foregoing Notice of Removal was sent via First Class mail to the following:

<u>**Counsel for Plaintiff**</u>
Ralph C. Young, Esq.
Christopher B. Frost, Esq.
Steven R. Broadwater, Jr., Esq.
Jed R. Nolan, Esq.
HAMILTON, BURGESS, YOUNG & POLLARD, PLLC
P.O. Box 959
Fayetteville, WV 25840

<u>**Counsel for Equifax Information Services, LLC**</u>
Vincent M. Roskovensky, Esq.
CLARK HILL PLC
1233 Main Street, Suite 1700
Wheeling, WV 26003

_/s/ Jason E. Manning_
Jason E. Manning (VSB No. 74306)
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone:  (757) 687-7564
Facsimile: (757) 687-1510
E-mail: jason.manning@troutmansanders.com
*Counsel for Ocwen Loan Servicing, LLC*

22673637v1