

Like 35 people like this. Sign Up to see what your friends like.

www.wvcircuitexpress.com

[ Search Again ]　　[ Log Out ]

Civil
Case Information
Tenth Judicial Circuit of Raleigh County

14-C-679
Judge: H. L. KIRKPATRICK, III
DAVID M. DAUGHERTY VS. EQUIFAX INFORMATION SERVICES, LLC

**Plaintiff(s) - (If Name is blue then point to name for additional information)**

DAUGHERTY, DAVID M.

**Plaintiff Attorney(s)**
JED NOLAN

**Defendant(s) - (If Name is blue then point to name for additonal information)**

EQUIFAX INFORMATION　OCWEN LOAN SERVICING

**Defendant Attorney(s)**
N/A

**Case Information:**
Date Filed: 07/08/2014
Case Type: CONTRACT

**Events:**

| LINE | DATE | ACTION / RESULT | Document |
|---|---|---|---|
| 1 | 07/08/2014 | CASE FILED - ISSUED SUMMONS ALONG W/ COMPLAINT, RETN TO ATTY FOR | [ View Document ] |
| 2 | | SERV. DP (LS) | |
| 3 | 07/15/2014 | REC RET OF SERV "ACCEPTED" BY SEC OF STATE ON BEHALF OF EQUIFAX | [ View Document ] |
| 4 | | INFORMATION SERVICES LLC ON 7/11/14 (AMY) (SW) | |
| 5 | 07/15/2014 | REC RET OF SERV "ACCEPTED" BY SEC OF STATE ON BEHALF OF OCWEN | [ View Document ] |
| 6 | | LOAN SERVICING LLC ON 7/11/14 (AMY) (SW) | |
| 7 | 07/21/2014 | REC RET OF SERV, ACCEPTED BY LISA MULLINS ON BEHALF OF OCWEN | [ View Document ] |
| 8 | | LOAN SERVICING, LLC ON 07/16/14. GH (JED) | |
| 9 | 07/21/2014 | REC RET OF SERV OF PROCESS "ACCEPTED" BY SECRY OF STATE ON | [ View Document ] |
| 10 | | BEHALF OF EQUIFAX INFORMATIN SEDRV LLC ON 7-16-14. | |
| 11 | | MEM (LS) | |

www.wvcircuitexpress.com

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

DAVID M. DAUGHERTY,

    Plaintiff,

v.                                           CIVIL ACTION NO. 14-C-679-K

EQUIFAX INFORMATION
SERVICES, LLC, and OCWEN
LOAN SERVICING, LLC,

    Defendants.

## COMPLAINT

1. After Plaintiff David M. Daugherty applied to refinance his mortgage loan in order to make a scheduled balloon payment, Defendants Equifax Information Services, LLC, and Ocwen Loan Servicing, LLC, continued to report that he was seriously delinquent on his mortgage loan. Plaintiff brings this action for actual, statutory, and punitive damages, costs and attorney's fees, pursuant to 15 U.S.C. § 1681, *et seq.* (Federal Fair Credit Reporting Act) and for other relief under the West Virginia Consumer Credit and Protection Act.

## PARTIES

2. Plaintiff David M. Daugherty is a West Virginia resident. He is a "consumer" as defined by 15 U.S.C. § 1681a(c) and by *West Virginia Code* 46A-2-122.

3. (a) Defendant Equifax Information Services, LLC ("Equifax"), is a Georgia limited liability company registered to do business in West Virginia with its principal office address in Georgia.

    (b) Upon information and belief, Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the

1

purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

(c) Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

4. Defendant Ocwen Loan Servicing, LLC, ("Ocwen") is a Delaware limited liability company registered to do business in West Virginia with a principal office in West Palm Beach, Florida.

## STATEMENT OF FACTS

Loan

5. Plaintiff David M. Daugherty has a mortage loan that matures in July 2014 with a balloon payment due at that time in the amount of approximately $80,000.00.

6. Ocwen is the servicer of Plaintiff's mortgage loan.

7. While seeking to refinance his mortgage to avoid the balloon payment, Plaintiff encountered problems securing a new loan due to his credit. Plaintiff investigated and obtained a credit report in January 2014.

8. Plaintiff discovered that Ocwen had reported to Equifax his loan as 120 days delinquent in March 2013, June 2013, July 2013, October 2013, December 2013, and January 2014.

9. Plaintiff also discovered that Ocwen reported to Equifax that he had a past due balance of $6,128.00.

10. Plaintiff disputed the reported delinquencies, and on March 14, 2014, Plaintiff's Equifax noted on his credit report that "Consumer disputes - reinvestigation in progress."

11. On March 17, 2014, Plaintiff disputed the reports in a letter to Ocwen.

12. On March 17, 2014, Plaintiff explicitly disputed Ocwen's delinquency in a letter to Equifax.

13. Equifax never responded to this dispute.

14. Plaintiff retained the services of a credit repair company, who disputed Plaintiff's reported delinquencies on his behalf to each of the major credit reporting bureaus.

15. On March 24, 2014, Equifax responded to Plaintiff's credit repair company's dispute by noting, "[w]e have researched the credit account. Account # 709224*. The results are: We verified this item belongs to you. If you have additional questions about this item please contact: Ocwen..."

16. Equifax continued to report the Plaintiff's mortgage loan delinquent, noting "foreclosure process started."

17. Plaintiff was 30 days late in his payment to Ocwen in March 2013. Ever since, Plaintiff has made timely payments to Ocwen.

18. Plaintiff does not owe any arrearages to Ocwen.

19. Despite his disputes to Equifax and to Ocwen, Equifax continues to list negative reports to Plaintiff's account with Ocwen, as recently as May 1, 2014.

20. As a result of Defendants' conduct, Plaintiff has been unable to refinance his mortgage and faces the prospect that he will lose his home when he is unable to make a balloon payment.

21. As a result of Defendants' conduct, Plaintiff suffered loss of credit; loss of the ability to purchase and benefit from credit; increased insurance rates; increased interest rates; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

## COUNT I - FAILURE TO REINVESTIGATE

22. Plaintiff incorporates all of the preceding paragraphs by reference.

23. Defendant Equifax failed to conduct a reasonable reinvestigation of the information

3

in Plaintiff's credit file after receiving actual notice of inaccuracies; failed to delete inaccurate information upon actual notice of inaccuracies; failed to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and relied upon verification from a source it has reason to know is unreliable, in violation of 15 U.S.C. § 1681i.

24. Defendant's conduct, action, and inaction was willful, or, in the alternative, negligent.

25. Plaintiff was harmed by Defendant's conduct, action, and inaction.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a) Appropriate statutory penalties for each violation of the FCRA;

(b) Actual damages;

(c) Punitive damages;

(d) Reasonable attorney's fees and the costs of this litigation;

(e) Pre-judgment and post-judgment interest at the legal rate;

(f) Appropriate equitable relief, including the correction of Plaintiff's credit score; and

(g) Such other relief as the Court deems equitable, just, and proper.

### COUNT II - FAILURE TO ASSURE ACCURACY

26. Plaintiff incorporates all of the preceding paragraphs by reference.

27. Defendant Equifax failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files maintained and published concerning Plaintiff, in violation of 15 U.S.C. § 1681e(b).

28. Defendant's conduct, action, and inaction was willful, or, in the alternative, negligent.

29. Plaintiff was harmed by Defendant's conduct, action, and inaction.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a) Appropriate statutory penalties for each violation of the FCRA;

(b) Actual damages;

(c) Punitive damages;

(d) Reasonable attorney's fees and the costs of this litigation;

(e) Pre-judgment and post-judgment interest at the legal rate;

(f) Appropriate equitable relief, including the correction of Plaintiff's credit score; and

(g) Such other relief as the Court deems equitable, just, and proper.

## COUNT III - REPORTING INFORMATION WHICH IT CANNOT VERIFY

30. Plaintiff incorporates all of the preceding paragraphs by reference.

31. Defendant Equifax failed to delete the negative reports regarding Plaintiff's mortgage loan from the credit report and credit files maintained and published concerning Plaintiff after a reinvestigation would have found the mortgage loan to be current, in violation of 15 U.S.C. § 1681i(a)(5).

32. Defendant's conduct, action, and inaction was willful, or, in the alternative, negligent.

33. Plaintiff was harmed by Defendant's conduct, action, and inaction.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a) Appropriate statutory penalties for each violation of the FCRA;

(b) Actual damages;

(c) Punitive damages;

(d) Reasonable attorney's fees and the costs of this litigation;

(e) Pre-judgment and post-judgment interest at the legal rate;

(f) Appropriate equitable relief, including the correction of Plaintiff's credit

5

score; and

(g) Such other relief as the Court deems equitable, just, and proper.

## COUNT IV: FAILURE TO INVESTIGATE (OCWEN)

34. Plaintiff realleges and incorporates paragraphs 1 through 29 above as if fully set out herein.

35. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Ocwen violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(A) by failing to fully and properly investigate the Plaintiff's disputes of the representations.

36. As a result of this conduct, action and inaction of Ocwen, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

37. Ocwen's conduct, action and inactions were willful, rendering Ocwen liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Ocwen was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

38. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys fees from Ocwen in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT V – ILLEGAL DEBT COLLECTION (OCWEN)

39. The Plaintiff incorporates by reference the preceding paragraphs.

40. The Defendant Ocwen Loan Servicing in attempting to collect a debt or obtain information on numerous occasions misrepresented the amounts due against the Plaintiff in violation of *West Virginia Code* section 46A-2-127(d).

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a) Actual damages;

(b) Civil penalties of $4,600 for <u>each</u> violation pursuant to *West Virginia Code* sections 46A-5-101(1) & 106.

(c) Reasonable attorneys fees and the costs of this litigation; and

(d) Such other relief as the Court deems equitable and just.

### COUNT VI - NEGLIGENCE

41. Plaintiff incorporates the preceding paragraphs by reference.

42. Under the circumstances alleged, in which Defendants engaged in significant communications and activities with Plaintiff and the loan thereby creating a special relationship with Plaintiff, Defendants owed a duty to Plaintiff to provide him with accurate information about his loan account and its obligations and rights thereunder.

43. Defendants breached that duty by refusing to respond to Plaintiff's inquiries, by acknowledging the blatant inaccuracies contained in Plaintiff's credit report but refusing to redress the inaccuracies, advising Plaintiff to contact the other Defendant instead of taking steps to address the issue, and ultimately denying Plaintiff assistance.

44. Plaintiff was damaged by Defendants' misconduct by the severely negative credit reporting that made it impossible for Plaintiff to refinance his loan.

**WHEREFORE,** Plaintiff respectfully requests the following relief:

(a) Appropriate equitable relief;

7

(b) Actual damages;

(c) Reasonable attorney's fees and the cost of this litigation; and

(d) Such other relief the Court deems equitable and just.

### COUNT VII – TORT OF OUTRAGE

45. Plaintiff incorporates the preceding paragraphs by reference.

46. Defendant's conduct, namely, repeatedly misstating the amounts due, reporting gross inaccuracies when Plaintiff's account was current to credit bureaus, refusing to assist Plaintiff to rectify the gross inaccuracies, and preventing Plaintiff from protecting his home from foreclosure when his account was current, was atrocious, intolerable, and exceeded the bounds of decency.

47. Defendants were substantially certain that emotional distress would follow from their conduct.

48. Defendants' actions caused Plaintiff to suffer severe emotional distress.

**WHEREFORE,** Plaintiff respectfully requests the following relief:

(a) Appropriate equitable relief;

(b) Actual and punitive damages;

(c) Reasonable attorney's fees and the cost of this litigation; and

(d) Such other relief the Court deems equitable and just.

### COUNT VIII - EQUITY ABHORS A FORFEITURE

49. Plaintiff incorporates the preceding paragraphs by reference.

50. Defendants have and have had the ability to correct Plaintiff's credit inaccuracies and allow Plaintiff the opportunity to refinance and protect his home.

51. Defendants are seeking forfeiture of his equity in his home.

52. Defendants have refused to exercise due dilligence and good faith to correct the gross inaccuracies in Plaintiff's credit report, and instead have wrongfully reported Plaintiff's credit scores so egregiously that he cannot obtain credit to refinance his home elsewhere and will certainly lose his home.

**WHEREFORE,** Plaintiff respectfully requests the following relief:

(a) Appropriate equitable relief;

(b) Such other relief as the Court deems equitable and just.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

> **Plaintiff,**
> **DAVID M. DAUGHERTY**

Ralph C. Young *(W. Va. Bar #4176)*
ryoung@hamiltonburgess.com
Christopher B. Frost *(W. Va. Bar #9411)*
cfrost@hamiltonburgess.com
Steven R. Broadwater, Jr. *(W. Va. Bar #11355)*
sbroadwater@hamiltonburgess.com
Jed R. Nolan *(W. Va. Bar #10833)*
jnolan@hamiltonburgess.com
Hamilton, Burgess, Young & Pollard, pllc
*Counsel for Plaintiff*
P O Box 959
Fayetteville, WV 25840
304-574-2727

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

RALEIGH COUNTY
RECEIVED AND FILED

2014 JUL 15 A 10: 29

PAUL H. FLANAGAN

CIRCUIT CLERK

**Natalie E. Tennant**
Secretary Of State
State Of West Virginia
Phone: 304-558-6000
866-767-8683
Visit us online:
www.wvsos.com

Paul H Flanagan
Raleigh County Courthouse
215 Main Street
Beckley, WV 25801-4688

**Control Number:** 27743
**Defendant:** OCWEN LOAN SERVICING, LLC
209 WASHINGTON ST W
CHARLESTON, WV 25302-2348 US

**Agent:** Corporation Service Company
**County:** Raleigh
**Civil Action:** 14-C-679-K
**Certified Number:** 92148901125134100000303128
**Service Date:** 7/11/2014

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper,* **not to the Secretary of State's office.**

Sincerely,

*Natalie E. Tennant*

Natalie E. Tennant
Secretary of State

# SUMMONS

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

CIVIL ACTION NO. 14-C- 679-K

DAVID M. DAUGHERTY,           PLAINTIFF

V.

EQUIFAX INFORMATION SERVICES LLC and
OCWEN LOAN SERVICING, LLC,           DEFENDANTS

To the above-named Defendant:    OCWEN LOAN SERVICING, LLC
%  CORPORATION SERVICE COMPANY
209 WEST WASHINGTON STREET
CHARLESTON, WV, 25302

**IN THE NAME OF THE STATE OF WEST VIRGINIA**: You are hereby summoned and required to serve upon **RALPH C. YOUNG, CHRISTOPHER B. FROST, STEVEN R. BROADWATER, JR.**, and **JED R. NOLAN**, plaintiff's attorney, whose address is **P O BOX 959, FAYETTEVILLE, WEST VIRGINIA 25840**, an answer, including any related counterclaim or defense you may have, to the complaint filed against you in the above-styled civil action, a true copy of which is hereby delivered to you. You are required to serve your written answer with the Clerk of this Court, and with a copy of said answer served upon plaintiff's attorney within **THIRTY (30)** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated: July 8, 2014

                                            Paul H. Flanagan
                                                   Clerk of Court

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

RALEIGH COUNTY
RECEIVED AND FILED
2014 JUL 15 A 10: 29
PAUL H. FLANAGAN
CIRCUIT CLERK



**Natalie E. Tennant**
Secretary Of State
State Of West Virginia
Phone: 304-558-6000
866-767-8683
**Visit us online:**
www.wvsos.com

Paul H Flanagan
Raleigh County Courthouse
215 Main Street
Beckley, WV 25801-4688

| | |
|---|---|
| **Control Number:** 27744 | **Agent:** Corporation Service Company |
| **Defendant:** EQUIFAX INFORMATION SERVICES LLC<br>209 WASHINGTON ST W<br>CHARLESTON, WV 25302-2348 US | **County:** Raleigh<br>**Civil Action:** 14-C-679-K<br>**Certified Number:** 92148901125134100000303135<br>**Service Date:** 7/11/2014 |

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper,* **not to the Secretary of State's office.**

Sincerely,

*Natalie E. Tennant*

Natalie E. Tennant
Secretary of State

# SUMMONS

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

CIVIL ACTION NO. 14-C- 679-K

DAVID M. DAUGHERTY, PLAINTIFF

V.

EQUIFAX INFORMATION SERVICES LLC and
OCWEN LOAN SERVICING, LLC, DEFENDANTS

To the above-named Defendant: **EQUIFAX INFORMATION SERVICES LLC**
**% CORPORATION SERVICE COMPANY**
**209 WEST WASHINGTON STREET**
**CHARLESTON, WV, 25302**

**IN THE NAME OF THE STATE OF WEST VIRGINIA**: You are hereby summoned and required to serve upon **RALPH C. YOUNG, CHRISTOPHER B. FROST, STEVEN R. BROADWATER, JR.,** and **JED R. NOLAN**, plaintiff's attorney, whose address is **P O BOX 959, FAYETTEVILLE, WEST VIRGINIA 25840**, an answer, including any related counterclaim or defense you may have, to the complaint filed against you in the above-styled civil action, a true copy of which is hereby delivered to you. You are required to serve your written answer with the Clerk of this Court, and with a copy of said answer served upon plaintiff's attorney within **THIRTY (30)** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated: July 8, 2014

Paul H. Flanagan
Clerk of Court

| | |
|---|---|
| Civil Action Number | 14-C-679-K |
| Package Identification Code | 92148901125134100000303128 |
| Signature Downloaded | 7/21/2014 6:03:03 AM |
| Defendant Name | OCWEN LOAN SERVICING, LLC |


UNITED STATES POSTAL SERVICE.

Date Produced: 07/21/2014

WEST VIRGINIA SECRETARY OF STATE:

The following is the delivery information for Certified Mail™/RRE item number 9214 8901 1251 3410 0000 3031 28. Our records indicate that this item was delivered on 07/16/2014 at 09:54 a.m. in CHARLESTON, WV 25302. The scanned image of the recipient information is provided below.

Signature of Recipient : *Lisa Mullins*
Lisa Mullins

Address of Recipient : 209 Washington St W

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number: 30312

| | |
|---|---|
| Civil Action Number | 14-C-679-K |
| Package Identification Code | 92148901125134100000303135 |
| Signature Downloaded | 7/21/2014 6:03:03 AM |
| Defendant Name | EQUIFAX INFORMATION SERVICES LLC |


**UNITED STATES POSTAL SERVICE.**

Date Produced: 07/21/2014

WEST VIRGINIA SECRETARY OF STATE:

The following is the delivery information for Certified Mail™/RRE item number 9214 8901 1251 3410 0000 3031 35. Our records indicate that this item was delivered on 07/16/2014 at 09:54 a.m. in CHARLESTON, WV 25302. The scanned image of the recipient information is provided below.

Signature of Recipient: *Lisa Mullins*
Lisa Mullins

Address of Recipient: 209 WASHINGTON ST W

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number: 30313