**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Beckley Division**

**DAVID M. DAUGHERTY,**

    **Plaintiffs,**

    v.                                                           **Civil Action No. 5:14-cv-24506**

**EQUIFAX INFORMATION
SERVICES, LLC, and OCWEN
LOAN SERVICING, LLC,**

    **Defendants.**

## OCWEN LOAN SERVICING, LLC'S
## ANSWER TO COMPLAINT

Defendant Ocwen Loan Servicing, LLC ("Ocwen"), by counsel, hereby submits its Answer to Plaintiff David M. Daugherty's ("Plaintiff") Complaint.

1. Ocwen admits that this purports to be an action for actual, statutory and punitive damages, costs and attorney's fees pursuant to the Fair Credit Reporting Act and West Virginia Consumer Credit and Protection Act arising out of credit reporting relating to a mortgage loan. Nevertheless, Ocwen denies that it has engaged in any unlawful conduct, denies that Plaintiff is entitled to any of the requested relief, denies that it is liable to Plaintiff in any manner whatsoever, and denies that it is liable to Plaintiff under any theory whatsoever. To the extent any other facts are alleged in this paragraph, any such facts are denied.

**PARTIES**

2. Ocwen is without sufficient information to admit or deny the allegations set forth in Paragraph No. 2, and therefore denies the same and demands strict proof thereof.

1

3. The allegations set forth in Paragraph No. 3, including subparagraphs (a) through (c) appear to refer and relate to a party other than Ocwen, as such, no response is required. To the extent the allegations herein are directed to Ocwen, they are denied. To the extent any fact is alleged in this paragraph, any such fact is denied.

4. In response to the allegations set forth in Paragraph No. 4, Ocwen states that it is a Delaware limited liability company, is registered to do business in West Virginia, and its principal office is in West Palm Beach, Florida.

5. Ocwen is without sufficient information to admit or deny the allegations set forth in Paragraph No. 5, and therefore denies the same and demands strict proof thereof.

6. Ocwen admits that it is the current servicer of a mortgage loan involving Plaintiff as the Borrower.

7. Ocwen is without sufficient information to admit or deny the allegations set forth in Paragraph No. 7, and therefore denies the same and demands strict proof thereof.

8. Ocwen is without sufficient information to admit or deny the allegations set forth in Paragraph No. 8, and therefore denies the same and demands strict proof thereof.

9. Ocwen is without sufficient information to admit or deny the allegations set forth in Paragraph No. 9, and therefore denies the same and demands strict proof thereof.

10. In Paragraph No. 10, Plaintiff attempts to characterize documents that speak for themselves, and to which no response is required. To the extent Plaintiff's allegations vary from the documents, they are denied. To the extent any facts are alleged in this paragraph, any such facts are denied.

11. In Paragraph No. 11, Plaintiff attempts to characterize documents that speak for themselves, and to which no response is required. To the extent Plaintiff's allegations vary from

the documents, they are denied. To the extent any facts are alleged in this paragraph, any such facts are denied.

12. In Paragraph No. 12, Plaintiff attempts to characterize documents that speak for themselves, and to which no response is required. To the extent Plaintiff's allegations vary from the documents, they are denied. To the extent any facts are alleged in this paragraph, any such facts are denied.

13. The allegations set forth in Paragraph No. 13 appear to refer and relate to a party other than Ocwen, as such, no response is required. To the extent the allegations herein are directed to Ocwen, they are denied. To the extent any fact is alleged in this paragraph, any such fact is denied.

14. Ocwen is without sufficient information to admit or deny the allegations set forth in Paragraph No. 14, and therefore denies the same and demands strict proof thereof.

15. In Paragraph No. 15, Plaintiff attempts to characterize documents that speak for themselves, and to which no response is required. To the extent Plaintiff's allegations vary from the documents, they are denied. To the extent any facts are alleged in this paragraph, any such facts are denied.

16. In Paragraph No. 16, Plaintiff attempts to characterize documents that speak for themselves, and to which no response is required. To the extent Plaintiff's allegations vary from the documents, they are denied. To the extent any facts are alleged in this paragraph, any such facts are denied.

17. Ocwen denies the allegations contained in Paragraph No. 17 of the Complaint.

18. In response to the allegations contained in Paragraph No. 18 of the Complaint, Ocwen states only that Plaintiff is current on his mortgage loan as of the date of the filing of this Answer to Plaintiff's Complaint.

19. In Paragraph No. 19, Plaintiff attempts to characterize documents that speak for themselves, and to which no response is required. To the extent Plaintiff's allegations vary from the documents, they are denied. To the extent any facts are alleged in this paragraph, any such facts are denied.

20. To the extent the allegations set forth in Paragraph No. 20 appear to refer and relate to a party other than Ocwen, no response is required. To the extent the allegations herein are directed to Ocwen, they are denied. To the extent any fact is alleged in this paragraph, any such fact is denied.

21. To the extent the allegations set forth in Paragraph No. 21 appear to refer and relate to a party other than Ocwen, no response is required. To the extent the allegations herein are directed to Ocwen, they are denied. To the extent any fact is alleged in this paragraph, any such fact is denied.

## COUNT I – FAILURE TO REINVESTIGATE

22. Ocwen hereby adopts and incorporates its responses in the paragraphs above as if fully restated herein.

23. To the extent the allegations set forth in Paragraph No. 23 appear to refer and relate to a party other than Ocwen, no response is required. To the extent the allegations herein are directed to Ocwen, they are denied. To the extent any fact is alleged in this paragraph, any such fact is denied.

24. To the extent the allegations set forth in Paragraph No. 24 appear to refer and relate to a party other than Ocwen, no response is required. To the extent the allegations herein are directed to Ocwen, they are denied. To the extent any fact is alleged in this paragraph, any such fact is denied.

25. To the extent the allegations set forth in Paragraph No. 25, including subparagraphs (a) through (g), appear to refer and relate to a party other than Ocwen, no response is required. To the extent the allegations herein are directed to Ocwen, they are denied. To the extent any fact is alleged in this paragraph, any such fact is denied.

### COUNT II – FAILURE TO ASSURE ACCURACY

26. Ocwen hereby adopts and incorporates its responses in the paragraphs above as if fully restated herein.

27. To the extent the allegations set forth in Paragraph No. 27 appear to refer and relate to a party other than Ocwen, no response is required. To the extent the allegations herein are directed to Ocwen, they are denied. To the extent any fact is alleged in this paragraph, any such fact is denied.

28. To the extent the allegations set forth in Paragraph No. 28 appear to refer and relate to a party other than Ocwen, no response is required. To the extent the allegations herein are directed to Ocwen, they are denied. To the extent any fact is alleged in this paragraph, any such fact is denied.

29. To the extent the allegations set forth in Paragraph No. 29, including subparagraphs (a) through (g), appear to refer and relate to a party other than Ocwen, no response is required. To the extent the allegations herein are directed to Ocwen, they are denied. To the extent any fact is alleged in this paragraph, any such fact is denied.

## COUNT III – REPORTING INFORMATION WHICH IT CANNOT VERIFY

30. Ocwen hereby adopts and incorporates its responses in the paragraphs above as if fully restated herein.

31. To the extent the allegations set forth in Paragraph No. 31 appear to refer and relate to a party other than Ocwen, no response is required. To the extent the allegations herein are directed to Ocwen, they are denied. To the extent any fact is alleged in this paragraph, any such fact is denied.

32. To the extent the allegations set forth in Paragraph No. 32 appear to refer and relate to a party other than Ocwen, no response is required. To the extent the allegations herein are directed to Ocwen, they are denied. To the extent any fact is alleged in this paragraph, any such fact is denied.

33. To the extent the allegations set forth in Paragraph No. 33, including subparagraphs (a) through (g), appear to refer and relate to a party other than Ocwen, no response is required. To the extent the allegations herein are directed to Ocwen, they are denied. To the extent any fact is alleged in this paragraph, any such fact is denied.

## COUNT IV: FAILURE TO INVESTIGATE (OCWEN)

34. Ocwen hereby adopts and incorporates its responses in the paragraphs above as if fully restated herein.

35. Ocwen denies the allegations contained in Paragraph No. 35 of the Complaint.

36. Ocwen denies the allegations contained in Paragraph No. 36 of the Complaint.

37. Ocwen denies the allegations contained in Paragraph No. 37 of the Complaint.

38. The allegations set forth in Paragraph No. 38 of the Complaint are legal conclusions to which no response is required. To the extent the allegations are contrary to the

law, they are denied. To the extent any facts are alleged in this paragraph, any such facts are denied. Ocwen specifically denies it is liable o Plaintiff in any manner whatsoever.

## COUNT V: ILLEGAL DEBT COLLECTION (OCWEN)

39. Ocwen hereby adopts and incorporates its responses in the paragraphs above as if fully restated herein.

40. Ocwen denies the allegations contained in Paragraph No. 40 of the Complaint, including subparagraphs (a) through (d).

## COUNT VI – NEGLIGENCE

41. Ocwen hereby adopts and incorporates its responses in the paragraphs above as if fully restated herein.

42. The allegations set forth in Paragraph No. 42 of the Complaint are legal conclusions to which no response is required. To the extent the allegations are contrary to the law, they are denied. To the extent any facts are alleged in this paragraph, any such facts are denied.

43. To the extent the allegations set forth in Paragraph No. 43 appear to refer and relate to a party other than Ocwen, no response is required. To the extent the allegations herein are directed to Ocwen, they are denied. To the extent any fact is alleged in this paragraph, any such fact is denied.

44. To the extent the allegations set forth in Paragraph No. 44 of the Complaint, including subparagraphs (a) through (d), appear to refer and relate to a party other than Ocwen, no response is required. To the extent the allegations herein are directed to Ocwen, they are denied. To the extent any fact is alleged in this paragraph, any such fact is denied.

## COUNT VII – TORT OF OUTRAGE

45. Ocwen hereby adopts and incorporates its responses in the paragraphs above as if fully restated herein.

46. To the extent the allegations set forth in Paragraph No. 46 appear to refer and relate to a party other than Ocwen, no response is required. To the extent the allegations herein are directed to Ocwen, they are denied. To the extent any fact is alleged in this paragraph, any such fact is denied.

47. To the extent the allegations set forth in Paragraph No. 47 appear to refer and relate to a party other than Ocwen, no response is required. To the extent the allegations herein are directed to Ocwen, they are denied. To the extent any fact is alleged in this paragraph, any such fact is denied.

48. To the extent the allegations set forth in Paragraph No. 48, including subparagraphs (a) through (d), appear to refer and relate to a party other than Ocwen, no response is required. To the extent the allegations herein are directed to Ocwen, they are denied. To the extent any fact is alleged in this paragraph, any such fact is denied.

## COUNT VIII – EQUITY ABHORS A FORFEITURE

49. Ocwen hereby adopts and incorporates its responses in the paragraphs above as if fully restated herein.

50. To the extent the allegations set forth in Paragraph No. 50 appear to refer and relate to a party other than Ocwen, no response is required. To the extent the allegations herein are directed to Ocwen, they are denied. To the extent any fact is alleged in this paragraph, any such fact is denied.

51. To the extent the allegations set forth in Paragraph No. 51 appear to refer and relate to a party other than Ocwen, no response is required. To the extent the allegations herein are directed to Ocwen, they are denied. To the extent any fact is alleged in this paragraph, any such fact is denied.

52. To the extent the allegations set forth in Paragraph No. 52 of the Complaint, including subparagraphs (a) through (b), appear to refer and relate to a party other than Ocwen, no response is required. To the extent the allegations herein are directed to Ocwen, they are denied. To the extent any fact is alleged in this paragraph, any such fact is denied.

53. Ocwen denies that it is liable to Plaintiff in any manner whatsoever for the requests for relief set forth in the Complaint.

54. Ocwen denies that it is liable to Plaintiff in any amount whatsoever under any theory whatsoever.

55. All allegations not specifically admitted herein are denied.

56. Ocwen reserves the right to rely upon any and all defenses as may become known through discovery or at trial.

57. Ocwen reserves the right to amend its Answer to Complaint to conform to the evidence as determined in discovery or at trial.

## AFFIRMATIVE DEFENSES

Ocwen hereby asserts the following affirmative and other defenses to Plaintiff's Complaint without assuming the burden of proof on such defenses that would otherwise rest with Plaintiff.

1. Plaintiff's Complaint fails to state a claim against Ocwen and fails to state sufficient facts upon which the relief demanded can be granted and should be dismissed with prejudice. Ocwen reserves the right to file a Motion to Dismiss.

2. Ocwen avers that any violation of any federal or state statute or common law duty by Ocwen, if any, was unintentional and/or the result of bona fide error notwithstanding the maintenance of policies and procedures reasonably adapted to avoid such errors.

3. Plaintiff's claims are barred to the extent any alleged violations or errors have been corrected. *See, e.g.,* W. Va. Code § 46A-5-101(7).

4. Plaintiff has not been damaged in any way and denies that it proximately caused any damages to Plaintiff, and therefore Plaintiff may not recover against Ocwen.

5. At all times relevant, Ocwen acted neither negligently nor willfully within the meaning of the FCRA, 15 U.S.C. §§ 1681, *et seq.*, and instead, it acted reasonably and in good faith and without any malice or intent to injure Plaintiff or to violate applicable federal and/or state law.

6. Plaintiff has not suffered any actual damage from Ocwen's alleged conduct, and therefore Plaintiff may not recover against Ocwen.

7. Ocwen's alleged conduct was not objectively unreasonable as a matter of law; thus, Plaintiff is not entitled to any statutory damages under the FCRA.

8. Plaintiff should be prohibited from recovering from Ocwen, in whole or in part, to the extent that he failed to mitigate his alleged damages, if any.

9. Plaintiff's claim for punitive damages fails because Plaintiff has not pled any facts to state a claim for relief of or entitlement to punitive damages. Additionally, Ocwen states that while it does not believe Plaintiff has stated a claim for punitive damages, even if he proves an entitlement to any such punitive damage award, Ocwen is entitled to the affirmative defense that any such award comport with the Due Process clause under the Constitution of the United States of America and the Constitution of Virginia. *See Williams v. Telespectrum, Inc.*, 2007 U.S. Dist. LEXIS 78415, 18-19 (E.D. Va. 2007).

10. Plaintiff cannot recover from Ocwen to the extent that any damages that Ocwen may have suffered, which Ocwen continues to deny, directly and proximately resulted from Plaintiff's acts and/or omissions.

11. Ocwen did not willfully violate the FCRA because it sought advice of counsel in the development and formulation of its policies, procedures, and practices to comply with § 1681g(g) of the FCRA, received advice of counsel on the development and formulation of its policies, procedures, and practices to comply with § 1681g(g) of the FCRA, and relied in good faith on counsel's advice on the same.

12. Ocwen reserves the right to amend its Answer to add such additional defenses as may appear appropriate after investigation and discovery are complete.

WHEREFORE, Ocwen Loan Servicing, LLC, having fully responded to Plaintiff's Complaint, respectfully requests:

(a) that the Court enter judgment in favor of Ocwen and against Plaintiff on the claims in Plaintiff's Complaint, deny all relief sought by Plaintiff, and dismiss Plaintiff's Complaint with prejudice;

(b) that the Court award Ocwen its costs, including reasonable attorneys' fees, incurred in connection with this action; and

(c) that the Court award Ocwen such other and further legal or equitable relief as the Court deems appropriate.

Dated: August 8, 2014 Respectfully submitted,

OCWEN LOAN SERVICING, LLC

By: /s/ Jason E. Manning
Of Counsel

John C. Lynch (VSB No. 39267)
Jason E. Manning (VSB No. 74306)
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7564
Facsimile: (757) 687-1510
E-mail: john.lynch@troutmansanders.com
E-mail: jason.manning@troutmansanders.com
*Counsel for Defendant Ocwen Loan Servicing, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**Beckley Division**

**DAVID M. DAUGHERTY,**

    **Plaintiffs,**

    v.                                                    Civil Action No. 5:14-cv-24506

**EQUIFAX INFORMATION**
**SERVICES, LLC, and OCWEN**
**LOAN SERVICING, LLC,**

    **Defendants.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of August, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing (NEF) to the following:

**Counsel for Plaintiff**
Ralph C. Young, Esq.
Christopher B. Frost, Esq.
Steven R. Broadwater, Jr., Esq.
Jed R. Nolan, Esq.
HAMILTON, BURGESS, YOUNG & POLLARD, PLLC
P.O. Box 959
Fayetteville, WV 25840

**Counsel for Equifax Information Services, LLC**
Vincent M. Roskovensky, Esq.
CLARK HILL PLC
1233 Main Street, Suite 1700
Wheeling, WV 26003

  /s/ Jason E. Manning
Jason E. Manning (VSB No. 74306)
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7564
Facsimile: (757) 687-1510
E-mail: jason.manning@troutmansanders.com
*Counsel for Ocwen Loan Servicing, LLC*

22689015v1