UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| DAVID M. DAUGHERTY,<br><br>    Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES LLC<br>and OCWEN LOAN SERVICING LLC,<br><br>    Defendants. | Case No. 5:14-cv-24506 |

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Equifax Information Services LLC ("Equifax"), by Counsel, files its Answer and Defenses to Plaintiff's Complaint ("Complaint") as follows:

**PRELIMINARY STATEMENT**

In answering the Complaint, Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants. Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

**ANSWER**

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

1. Equifax admits that Plaintiff purports to bring a claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* and for relief under the West Virginia Consumer Credit and Protection Act. Equifax denies that it is liable to Plaintiff for any such alleged violations and denies that Plaintiff is entitled to any of the relief requested  Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1

and, therefore, denies those allegations.

2. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and, therefore, denies those allegations.

3. Equifax admits the allegations in Paragraph 3.

4. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and, therefore, denies those allegations.

5. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and, therefore, denies those allegations.

6. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, therefore, denies those allegations.

7. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, therefore, denies those allegations.

8. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, therefore, denies those allegations.

9. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and, therefore, denies those allegations.

10. Equifax admits that on or around March 5, 2014, Equifax received a dispute from Plaintiff regarding an Ocwen account on her credit file. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 and, therefore, denies those allegations.

11. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and, therefore, denies those allegations.

12. Equifax admits that on or around March 5, 2014, Equifax received a dispute from

Plaintiff regarding an Ocwen account on her credit file.

13. Equifax denies the allegations in Paragraph 13.

14. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and, therefore, denies those allegations.

15. Equifax admits that on around March 24, 2014, it responded to Plaintiff's dispute concerning the Ocwen account and states that the results of investigation speak for themselves.

16. Equifax admits that the Ocwen account was reported as "foreclosure process started." Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 and, therefore, denies those allegations.

17. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and, therefore, denies those allegations.

18. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and, therefore, denies those allegations.

19. Equifax denies the allegations in Paragraph 19.

20. Equifax denies the allegations in Paragraph 20 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 and, therefore, denies those allegations.

21. Equifax denies the allegations in Paragraph 21 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 and, therefore, denies those allegations.

22. Equifax reasserts and re-alleges its responses and defenses as set forth above in Paragraphs 1 through 21.

23. Equifax denies the allegations in Paragraph 23.

24. Equifax denies the allegations in Paragraph 24.

25. Equifax denies the allegations in Paragraph 25 and denies that Plaintiff is entitled to any of the relief set forth in the paragraph immediately following Paragraph 25.

26. Equifax reasserts and re-alleges its responses and defenses as set forth above in Paragraphs 1 through 25.

27. Equifax denies the allegations in Paragraph 27.

28. Equifax denies the allegations in Paragraph 28.

29. Equifax denies the allegations in Paragraph 29 and denies that Plaintiff is entitled to any of the relief set forth in the paragraph immediately following Paragraph 29.

30. Equifax reasserts and re-alleges its responses and defenses as set forth above in Paragraphs 1 through 29.

31. Equifax denies the allegations in Paragraph 31.

32. Equifax denies the allegations in Paragraph 32.

33. Equifax denies the allegations in Paragraph 33 and denies that Plaintiff is entitled to any of the relief set forth in the paragraph immediately following Paragraph 33.

34. Equifax reasserts and re-alleges its responses and defenses as set forth above in Paragraphs 1 through 33.

35. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and, therefore, denies those allegations.

36. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and, therefore, denies those allegations.

37. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and, therefore, denies those allegations.

38. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and, therefore, denies those allegations.

39. Equifax reasserts and re-alleges its responses and defenses as set forth above in Paragraphs 1 through 38.

40. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and, therefore, denies those allegations.

41. Equifax reasserts and re-alleges its responses and defenses as set forth above in Paragraphs 1 through 40.

42. Equifax denies the allegations in Paragraph 42 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42 and, therefore, denies those allegations.

43. Equifax denies the allegations in Paragraph 43 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43 and, therefore, denies those allegations.

44. Equifax denies the allegations in Paragraph 44 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44 and, therefore, denies those allegations.

45. Equifax reasserts and re-alleges its responses and defenses as set forth above in Paragraphs 1 through 44.

46. Equifax denies the allegations in Paragraph 46 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46 and, therefore, denies those allegations.

47. Equifax denies the allegations in Paragraph 47 as they pertain to Equifax.

Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47 and, therefore, denies those allegations.

48. Equifax denies the allegations in Paragraph 48 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48 and, therefore, denies those allegations.

49. Equifax reasserts and re-alleges its responses and defenses as set forth above in Paragraphs 1 through 48.

50. Equifax denies the allegations in Paragraph 50 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 50 and, therefore, denies those allegations.

51. Equifax denies the allegations in Paragraph 51 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 51 and, therefore, denies those allegations.

52. Equifax denies the allegations in Paragraph 52 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 52 and, therefore, denies those allegations.

53. Equifax denies that the Plaintiff is entitled to any relief set forth in his Complaint.

54. Equifax admits Plaintiff has demanded a trial by jury, and likewise demands a trial by jury on all issues so triable.

Any allegation in Plaintiff's Complaint not heretofore specifically responded to by Equifax is hereby denied.

## **DEFENSES**

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax

pleads the following defenses to the Complaint. Equifax reserves the right to have additional defenses that it learns through the course of discovery.

## First Defense

Plaintiff's Complaint fails to state a claim against Equifax upon which relief can be granted.

## Second Defense

At all pertinent times, Equifax maintained reasonable procedures to ensure maximum possible accuracy in its credit reports.

## Third Defense

Plaintiff's damages, if any, were not caused by Equifax, but by another person or entity for whom or for which Equifax is not responsible.

## Fourth Defense

Equifax has complied with the Fair Credit Reporting Act in its handling of Plaintiff's credit file and is entitled to each and every defense stated in the Act and any and all limitations of liability.

## Fifth Defense

Some or all of Plaintiff's claims are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. § 1681h(e).

## Sixth Defense

Plaintiff cannot meet the requirements of 15 U.S.C. § 1681n in order to recover punitive or statutory damages.

## Seventh Defense

Equifax adopts by reference the defenses, criteria, limitations, standards and

constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003) and *Safeco Insurance Co. of America v. Burr*, 127 S. Ct. 2201 (2007).

### Eighth Defense

Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

**WHEREFORE**, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1)  Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2)  it be dismissed as a party to this action;

(3)  it have a trial by jury on all issues so triable; and,

(4)  it recover such other and additional relief, as the Court deems just and appropriate.

Respectfully submitted this 14th day of August, 2014.

>  */s/ Vincent M. Roskovensky*
>  Vincent M. Roskovensky
>  Clark Hill PLC
>  1233 Main St., Suite 1700
>  Wheeling, WV 26003
>  Tel: (304) 233-5599
>  Fax: (304) 233-5656
>  Email: vroskovensky@clarkhill.com
>
>  *Attorneys for Defendant Equifax Information Services LLC*

# CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed a true and correct copy of the foregoing **EQUIFAX INFORMATION SERVICES LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Christopher B. Frost
Jed Robert Nolan
Ralph C. Young
Steven R. Broadwater
HAMILTON BURGESS YOUNG & POLLARD
P. O. Box 959
Fayetteville, WV 25840-0959

Jason E. Manning
John C. Lynch
TROUTMAN SANDERS
222 Central Park Avenue
Suite 2000
Virginia Beach, VA 23462

This 14th day of August, 2014.

                                                   */s/ Vincent M. Roskovensky*
                                                   Vincent M. Roskovensky