# DAUGHERTY v. EQUIFAX INFORMATION SERVICES

## WITNESS: DAVID M. DAUGHERTY

## DATE: JUNE 17, 2015

## EXHIBITS 1, 4-8, 11



**VERITEXT LEGAL SOLUTIONS**
330 OLD COUNTRY ROAD, SUITE 300
MINEOLA, NY 11501

1250 BROADWAY, SUITE 2400
NEW YORK, NY 10001
800-727-6396

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

DAVID M. DAUGHERTY,

      Plaintiff,

v.                                CIVIL ACTION NO. _14-C-679-K_

EQUIFAX INFORMATION
SERVICES, LLC, and OCWEN
LOAN SERVICING, LLC,

      Defendants.

## COMPLAINT

1.    After Plaintiff David M. Daugherty applied to refinance his mortgage loan in order to make a scheduled balloon payment, Defendants Equifax Information Services, LLC, and Ocwen Loan Servicing, LLC, continued to report that he was seriously delinquent on his mortgage loan. Plaintiff brings this action for actual, statutory, and punitive damages, costs and attorney's fees, pursuant to 15 U.S.C. § 1681, *et seq.* (Federal Fair Credit Reporting Act) and for other relief under the West Virginia Consumer Credit and Protection Act.

## PARTIES

2.    Plaintiff David M. Daugherty is a West Virginia resident. He is a "consumer" as defined by 15 U.S.C. § 1681a(c) and by *West Virginia Code* 46A-2-122.

3.    (a)    Defendant Equifax Information Services, LLC ("Equifax"), is a Georgia limited liability company registered to do business in West Virginia with its principal office address in Georgia.

        (b)    Upon information and belief, Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the

1



purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

(c)     Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

4.     Defendant Ocwen Loan Servicing, LLC, ("Ocwen") is a Delaware limited liability company registered to do business in West Virginia with a principal office in West Palm Beach, Florida.

## STATEMENT OF FACTS

Loan

5.     Plaintiff David M. Daugherty has a mortage loan that matures in July 2014 with a balloon payment due at that time in the amount of approximately $80,000.00.

6.     Ocwen is the servicer of Plaintiff's mortgage loan.

7.     While seeking to refinance his mortgage to avoid the balloon payment, Plaintiff encountered problems securing a new loan due to his credit. Plaintiff investigated and obtained a credit report in January 2014.

8.     Plaintiff discovered that Ocwen had reported to Equifax his loan as 120 days delinquent in March 2013, June 2013, July 2013, October 2013, December 2013, and January 2014.

9.     Plaintiff also discovered that Ocwen reported to Equifax that he had a past due balance of $6,128.00.

10.     Plaintiff disputed the reported delinquencies, and on March 14, 2014, Plaintiff's Equifax noted on his credit report that "Consumer disputes - reinvestigation in progress."

11.     On March 17, 2014, Plaintiff disputed the reports in a letter to Ocwen.

12.     On March 17, 2014, Plaintiff explicitly disputed Ocwen's delinquency in a letter to Equifax.

2

13.     Equifax never responded to this dispute.

14.     Plaintiff retained the services of a credit repair company, who disputed Plaintiff's reported delinquencies on his behalf to each of the major credit reporting bureaus.

15.     On March 24, 2014, Equifax responded to Plaintiff's credit repair company's dispute by noting, "[w]e have researched the credit account.  Account # 709224*.  The results are: We verified this item belongs to you.  If you have additional questions about this item please contact: Ocwen..."

16.     Equifax continued to report the Plaintiff's mortgage loan delinquent, noting "foreclosure process started."

17.     Plaintiff was 30 days late in his payment to Ocwen in March 2013.  Ever since, Plaintiff has made timely payments to Ocwen.

18.     Plaintiff does not owe any arrearages to Ocwen.

19.     Despite his disputes to Equifax and to Ocwen, Equifax continues to list negative reports to Plaintiff's account with Ocwen, as recently as May 1, 2014.

20.     As a result of Defendants' conduct, Plaintiff has been unable to refinance his mortgage and faces the prospect that he will lose his home when he is unable to make a balloon payment.

21.     As a result of Defendants' conduct, Plaintiff suffered loss of credit; loss of the ability to purchase and benefit from credit; increased insurance rates; increased interest rates; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

## COUNT I - FAILURE TO REINVESTIGATE

22.     Plaintiff incorporates all of the preceding paragraphs by reference.

23.     Defendant Equifax failed to conduct a reasonable reinvestigation of the information

in Plaintiff's credit file after receiving actual notice of inaccuracies; failed to delete inaccurate information upon actual notice of inaccuracies; failed to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and relied upon verification from a source it has reason to know is unreliable, in violation of 15 U.S.C. § 1681i.

24.    Defendant's conduct, action, and inaction was willful, or, in the alternative, negligent.

25.    Plaintiff was harmed by Defendant's conduct, action, and inaction.

WHEREFORE, Plaintiff respectfully requests the following relief:

(a)    Appropriate statutory penalties for each violation of the FCRA;

(b)    Actual damages;

(c)    Punitive damages;

(d)    Reasonable attorney's fees and the costs of this litigation;

(e)    Pre-judgment and post-judgment interest at the legal rate;

(f)    Appropriate equitable relief, including the correction of Plaintiff's credit score; and

(g)    Such other relief as the Court deems equitable, just, and proper.

## COUNT II - FAILURE TO ASSURE ACCURACY

26.    Plaintiff incorporates all of the preceding paragraphs by reference.

27.    Defendant Equifax failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files maintained and published concerning Plaintiff, in violation of 15 U.S.C. § 1681e(b).

28.    Defendant's conduct, action, and inaction was willful, or, in the alternative, negligent.

29.    Plaintiff was harmed by Defendant's conduct, action, and inaction.

WHEREFORE, Plaintiff respectfully requests the following relief:

4

(a)     Appropriate statutory penalties for each violation of the FCRA;

(b)     Actual damages;

(c)     Punitive damages;

(d)     Reasonable attorney's fees and the costs of this litigation;

(e)     Pre-judgment and post-judgment interest at the legal rate;

(f)     Appropriate equitable relief, including the correction of Plaintiff's credit score; and

(g)     Such other relief as the Court deems equitable, just, and proper.

## COUNT III - REPORTING INFORMATION WHICH IT CANNOT VERIFY

30.     Plaintiff incorporates all of the preceding paragraphs by reference.

31.     Defendant Equifax failed to delete the negative reports regarding Plaintiff's mortgage loan from the credit report and credit files maintained and published concerning Plaintiff after a reinvestigation would have found the mortgage loan to be current, in violation of 15 U.S.C. § 1681i(a)(5).

32.     Defendant's conduct, action, and inaction was willful, or, in the alternative, negligent.

33.     Plaintiff was harmed by Defendant's conduct, action, and inaction.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a)     Appropriate statutory penalties for each violation of the FCRA;

(b)     Actual damages;

(c)     Punitive damages;

(d)     Reasonable attorney's fees and the costs of this litigation;

(e)     Pre-judgment and post-judgment interest at the legal rate;

(f)     Appropriate equitable relief, including the correction of Plaintiff's credit

score, and

(g)     Such other relief as the Court deems equitable, just. and proper.

## COUNT IV: FAILURE TO INVESTIGATE (OCWEN)

34.     Plaintiff realleges and incorporates paragraphs 1 through 29 above as if fully set out herein.

35.     On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Ocwen violated the Fair Credit Reporting Act. 15 U.S.C. §1681s-2(b)(1)(A) by failing to fully and properly investigate the Plaintiff's disputes of the representations.

36.     As a result of this conduct, action and inaction of Ocwen, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

37.     Ocwen's conduct, action and inactions were willful, rendering Ocwen liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Ocwen was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

38.     The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys fees from Ocwen in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT V – ILLEGAL DEBT COLLECTION (OCWEN)

39.     The Plaintiff incorporates by reference the preceding paragraphs.

40.     The Defendant Ocwen Loan Servicing in attempting to collect a debt or obtain information on numerous occasions misrepresented the amounts due against the Plaintiff in violation of *West Virginia Code* section 46A-2-127(d).

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a)     Actual damages;

(b)     Civil penalties of $4,600 for <u>each</u> violation pursuant to *West Virginia Code* sections 46A-5-101(1) & 106.

(c)     Reasonable attorneys fees and the costs of this litigation; and

(d)     Such other relief as the Court deems equitable and just.

## COUNT VI - NEGLIGENCE

41.     Plaintiff incorporates the preceding paragraphs by reference.

42.     Under the circumstances alleged, in which Defendants engaged in significant communications and activities with Plaintiff and the loan thereby creating a special relationship with Plaintiff, Defendants owed a duty to Plaintiff to provide him with accurate information about his loan account and its obligations and rights thereunder.

43.     Defendants breached that duty by refusing to respond to Plaintiff's inquiries, by acknowledging the blatant inaccuracies contained in Plaintiff's credit report but refusing to redress the inaccuracies, advising Plaintiff to contact the other Defendant instead of taking steps to address the issue, and ultimately denying Plaintiff assistance.

44.     Plaintiff was damaged by Defendants' misconduct by the severely negative credit reporting that made it impossible for Plaintiff to refinance his loan.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a)     Appropriate equitable relief;

7

(b)    Actual damages;

(c)    Reasonable attorney's fees and the cost of this litigation; and

(d)    Such other relief the Court deems equitable and just.

## COUNT VII – TORT OF OUTRAGE

45.    Plaintiff incorporates the preceding paragraphs by reference.

46.    Defendant's conduct, namely, repeatedly misstating the amounts due, reporting gross inaccuracies when Plaintiff's account was current to credit bureaus, refusing to assist Plaintiff to rectify the gross inaccuracies, and preventing Plaintiff from protecting his home from foreclosure when his account was current, was atrocious, intolerable, and exceeded the bounds of decency.

47.    Defendants were substantially certain that emotional distress would follow from their conduct.

48.    Defendants' actions caused Plaintiff to suffer severe emotional distress.

**WHEREFORE,** Plaintiff respectfully requests the following relief:

(a)    Appropriate equitable relief;

(b)    Actual and punitive damages;

(c)    Reasonable attorney's fees and the cost of this litigation; and

(d)    Such other relief the Court deems equitable and just.

## COUNT VIII - EQUITY ABHORS A FORFEITURE

49.    Plaintiff incorporates the preceding paragraphs by reference.

50.    Defendants have and have had the ability to correct Plaintiff's credit inaccuracies and allow Plaintiff the opportunity to refinance and protect his home.

51.    Defendants are seeking forfeiture of his equity in his home.

52.   Defendants have refused to exercise due dilligence and good faith to correct the gross inaccuracies in Plaintiff's credit report, and instead have wrongfully reported Plaintiff's credit scores so egregiously that he cannot obtain credit to refinance his home elsewhere and will certainly lose his home.

WHEREFORE, Plaintiff respectfully requests the following relief:

(a)   Appropriate equitable relief;

(b)   Such other relief as the Court deems equitable and just.

## PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Plaintiff,
**DAVID M. DAUGHERTY**

Ralph C. Young  *(W. Va. Bar #4176)*
ryoung@hamiltonburgess.com
Christopher B. Frost *(W. Va. Bar #9411)*
cfrost@hamiltonburgess.com
Steven R. Broadwater, Jr. *(W. Va. Bar #11355)*
sbroadwater@hamiltonburgess.com
Jed R. Nolan  *(W. Va. Bar #10833)*
jnolan@hamiltonburgess.com
Hamilton, Burgess, Young & Pollard, pllc
*Counsel for Plaintiff*
P O Box 959
Fayetteville, WV 25840
304-574-2727

F:\CM\21352\21352Complaint.wpd

# AUTOMATED CONSUMER DISPUTE VERIFICATION

**EQUIFAX** CREDIT INFORMATION SERVICES

**TRADE**

| Control Number | 99991151006543102 | | |
|---|---|---|---|
| Origin/HCPA | EFX | Bureau Code 9999 | Dispute 1 [001] NOT HIS/HERS. PROVIDE COMPLETE ID |
| Date Opened | 05/31/2013 | Response Due 06/22/2013 | Dispute 2 |
| Subscriber Code | 465FS01690 | | FCRA Relevant Information |
| Account Number | 7092244537 | | |
| Creditor Name | Ocwen Loan Servicing, LLC | | |
| Reporter Name | Daniel Cohen | Respon Data 06/02/2013 | |
| Reporter Phone | 561-682-7675 | | |
| Response Code | ☑ Verified As Reported  ☐ Modify As Shown  ☐ Delete Account  ☐ Delete Fraud | | |

**Reported Consumer Identity**

| Item | | | |
|---|---|---|---|
| Name | DAUGHERTY DAVID MAX | | |
| AKA/FN | | | |
| Addr | 35 VALLEY VIEW DR 35, VIENNA, WV 26105 | | |
| Prior | PO BOX 816, PARKERSBURG, WV 26102 | | |
| SSN | 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 | | |
| DOB | 12/14/1957 | | |
| Phone | 304-295-6161 | | |

**Modified Consumer Identity**

| | Same | | |
|---|---|---|---|
| Name | ☑ | DAUGHERTY DAVID | |
| AKA/FN | ☐ | | |
| Addr | ☐ | 35 VALLEY VIEW DR, VIENNA, WV 26105 | |
| Prior | ☐ | | |
| SSN | ☑ | 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 | |
| DOB | ☐ | | |
| Phone | ☐ | | |

| Account Type | ECOA | Date Open | Type & Rate | | | | |
|---|---|---|---|---|---|---|---|
| 26 | I | 07/1999 | M- | [271] | | | |
| Credit Limit | High Credit | Current Balance | Past Due | | | | |
| | $1008060 | $83111 | | | | | |
| Actual Chargeoff | Date 1st Delinquency | Last Payment Date | Date Closed | Purchased/Sold To: Name / Original Creditor | Purchase Indicator | Mortgage Ref Number | |
| | | 01/2013 | | | | | |
| Account Disposition | Creditor Classification | | | | | | |
| [1] invalid activity_design '1' | | Narratives | | | | | |
| Terms Duration | Term Frequency | Sched Monthly Pmt | Actual Payment | Deferred Pay Start Date | Balloon Pay Due Date | | |
| 30 | [M] Monthly | $980 | $980 | | | | |
| Date of Account Info | Pmt Hist Months 1-12 | Pmt Hist Months 13-24 | Pmt Hist Months 25-36 | Pmt Hist Months 37-48 | Pmt Hist Months 49-60 | Pmt Hist Months 61-72 | |
| 01/2013 | --DDDDDDDD10 | 4321B--------- | | | | | |
| Consumer Info Indicator | | | | | | | |
| Compliance Condition Code | | | | | | | |
| Special Comment Code | | | | | | | |
| Account Status | [11] Current account | | | | | | |
| Payment Rating | [0] Current account | | | | | | |

Printed 07/22/2014

Proprietary and Confidential to Equifax Information Services LLC - Use Pursuant to Company Instructions

Page 7

EXHIBIT 4
D. Daugherty

EIS-DAUGHERTY-000060

TRADE

Printed 07/22/2014

Proprietary and Confidential to Equifax Information Services LLC– Use Pursuant to Company Instructions

AUTOMATED CONSUMER DISPUTE VERIFICATION

PROCESSED

No Images Sent

*EQUIFAX* CREDIT INFORMATION SERVICES

Page 8

EIS-DAUGHERTY-000061

**AUTOMATED CONSUMER DISPUTE VERIFICATION**

**EQUIFAX** CREDIT INFORMATION SERVICES

TRADE

| Control Number | 99993151006543103 | | | |
|---|---|---|---|---|
| Digital Attribute | EBX | Bureau Code 9999 | Dispute 1 | [001] NOT HIS/HERS. PROVIDE COMPLETE ID |
| Date Created | 05/31/2013 | Response Due 06/22/2013 | Dispute 2 | |
| Subscriber Code | 646589016490 | | FCRA Relevant Information | |
| Account Number | 7059244537 | | | |
| Grantor Name | Ocwen Loan Servicing, LLC | | | |
| Responder Name | Daniel John | | | |
| Responder Phone | 561-682-7675 | Response Due 06/02/2013 | | |
| Response Code | ☑ Verified As Reported | ☐ Modify As Shown | ☐ Delete Account | ☐ Delete Fraud |

| Reported Consumer Identity | | | Same | Modified Consumer Identity |
|---|---|---|---|---|
| Name DAUGHERTY DAVID MAX | | | ☑ Name | DAUGHERTY DAVID |
| AKA/FN | | | ☐ AKA/FN | |
| Addr 35 VALLEY VIEW DR 355, VIENNA, WV 26105 | | | ☑ Addr | 35 VALLEY VIEW DR, VIENNA, WV 26105 |
| Prev PO BOX 816, PARKERSBURG, WV 26102 | | | ☐ Prev | |
| SSN 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 | | | ☑ SSN | 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 |
| DOB 12/14/1957 | | | ☐ DOB | |
| Phone 304-295-6161 | | | ☐ Phone | |

| Account Type | ECOA | Date Open | Type & Rate | Narratives |
|---|---|---|---|---|
| 08 | I | 08/1999 | N- | [451] |
| | | | | [272] |

| Credit Limit | High/Credit | Current Balance | Past Due | |
|---|---|---|---|---|
| | $100813 | $85639 | $6128 | |

| Original Charge-off | Date Major Delinquency | Date Last Activity | Date Closed | |
|---|---|---|---|---|
| | 10/2011 | 01/2012 | | |

| Activity Designator | Creditor Classification | Purchased/Sold To Name/Original Creditor | Purchase Indicator | Mortgage Id Number |
|---|---|---|---|---|
| [2] Invalid activity design. '2' | | | | |

| Terms Duration | Term Frequency | Sched Monthly Pmt | Actual Payment | Deferred Pay Start Date | Balloon Payment | Balloon Pay Due Date |
|---|---|---|---|---|---|---|
| 30 | [M] Monthly | $1077 | $200 | | | |

| Date of Account Info | Pmt Hist Months 1-12 | Pmt Hist Months 13-24 | Pmt Hist Months 25-36 | Pmt Hist Months 37-48 | Pmt Hist Months 49-60 | Pmt Hist Months 61-72 | Pmt Hist Months 73-84 |
|---|---|---|---|---|---|---|---|
| 03/2013 | --DDDDDDDDDD | D323B--------- | --------------- | --------------- | --------------- | --------------- | --------------- |

| Customer Info Indicator | | | | | |
|---|---|---|---|---|---|

| Compliance Condition Code | | | | | |
|---|---|---|---|---|---|

| Special Comment Code | [BO] Foreclosure proceedings started | | | | |
|---|---|---|---|---|---|

| Account Status | [82] Account 120 days past the due date | | | | |
|---|---|---|---|---|---|

| Payment Rating | | | | | |
|---|---|---|---|---|---|

Printed 07/22/2014

Proprietary and Confidential to Equifax Information Services LLC- Use Pursuant to Company Instructions

Page 9

EIS-DAUGHERTY-000062

TRADE

Printed 07/22/2014

AUTOMATED CONSUMER DISPUTE VERIFICATION:

IMAGES SENT

No Images Sent

*EQUIFAX* CREDIT INFORMATION SERVICES

Proprietary and Confidential to Equifax Information Services LLC - Use Pursuant to Company Instructions

EIS-DAUGHERTY-000063

AUTOMATED CONSUMER DISPUTE VERIFICATION

EQUIFAX CREDIT INFORMATION SERVICES

**TRADE**

| Control Number 9599318407034103 | | Dispute 1 [001] NOT HIS/HERS. PROVIDE COMPLETE ID |
| Origin (iGRA) EFX | Bureau Code 9999 | Dispute 2 |
| Date Created 07/03/2013 | Response Due 07/24/2013 | |
| Subscriber Code 465F801690 | | FCRA Relevant Information |
| Account Number 7092244537 | | |
| Creditor Name Ocwen Loan Servicing, LLC | | |
| Reported Name Raj Kumar | | |
| Reporter Phone 561-682-7675 | Response Date 07/05/2013 | Delete Account     Delete Fraud |
| Registered Code     [X] Verified As Reported     [ ] Modify As Shown | | |

**Reported Consumer Identity**

| Name DAUGHERTY DAVID XXX |
| (AKA/H) |
| Addr 35 VALLEY VIEW DR 35, VIENNA, WV 26105 |
| Prev PO BOX 816, PARKERSBURG, WV 26102 |
| SSN 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 |
| DOB 12/14/1957 |
| Phone 304-295-6161 |

**Modified Consumer Identity**      Same

| Name DAUGHERTY DAVID | [X] |
| (AKA/H) | [ ] |
| Addr 35 VALLEY VIEW DR, VIENNA, WV 26105 | [ ] |
| Prev | [ ] |
| SSN 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 | [X] |
| DOB | [ ] |
| Phone 304-295-6161 | [X] |

Narratives

[451]
[272]

| Account Type | ECOA | Date Open | Type & Rate | Sched Monthly Pmt | | | |
|---|---|---|---|---|---|---|---|
| 08 | I | 08/1999 | M- | $1077 | | | |
| Credit Limit | High Credit | Current Balance | Past Due | Actual Payment | Deferred Pay Start Date | Balloon Payment | Balloon Pay Due Date |
| | $1008813 | $85639 | $6128 | $200 | | | |
| Original Charge-Off | Date 1st Delinquency | Last Payment Date | Date Closed | Pmt Hist Months 37-48 | Pmt Hist Months 49-60 | Pmt Hist Months 61-72 | Pmt Hist Months 73-84 |
| | 10/2011 | 01/2012 | | | | | |

Purchased / Sold To Name / Original Creditor     Purchase Indicator     Mortgage Id Number

| Activity Designator |
| [2] Invalid activity_design_(2) |
| Terms Duration | Terms Frequency | Creditor Classification | Pmt Hist Months 1-12 | Pmt Hist Months 13-24 | Pmt Hist Months 25-36 |
| 30 | [M] Monthly | | | | |
| Date of Account Info | Pmt Hist Months 1-12 | Pmt Hist Months 13-24 | | | |
| 06/2013 | -DDADDDDDDDDD | DDD3123B------- | | | |
| Consumer Info Indicator | | | | | |
| Compliance Condition Code | | | | | |
| Special Comment Code | [BO] Foreclosure proceedings started | | | | |
| | Account Status [82] Account 120 days past the due date | | | | |
| Payment Rating | | | | | |

Printed 07/02/2014          Proprietary and Confidential to Equifax Information Services LLC - Use Pursuant to Company Instructions          Page 1



EXHIBIT
5
D. Daugherty

PENGAD 800-631-6989

EIS-DAUGHERTY-000089

*EQUIFAX* CREDIT INFORMATION SERVICES

Page 2

## AUTOMATED CONSUMER DISPUTE VERIFICATION

IMAGES SENT

No Images Sent

TRADE

Proprietary and Confidential to Equifax Information Services LLC - Use Pursuant to Company Instructions

Printed 07/22/2014

EIS-DAUGHERTY-000090

EQUIFAX CREDIT INFORMATION SERVICES

AUTOMATED CONSUMER DISPUTE VERIFICATION

Dispute 1 [001] NOT HIS/HERS.   PROVIDE COMPLETE ID

Dispute 2

TRADE

Control Number 999931840070341O1
Origin NCRA  EFX          Bureau Code 9999
Date Created 07/03/2013   Response Due 07/24/2013
Subscriber Code 605PMS0178
Account Number 12907408
Grantor Name Ocwen Loan Servicing, LLC
Processor Name Shalini Singh
Response Phone 561-682-7675          Response Date 07/09/2013
Response Code [V] Verified As Shown  [ ] Modify As Reported

FCRA Relevant Information

[ ] Delete Account          [ ] Delete Fraud

Reported Consumer Identity

| | | Same | Modified Consumer Identity |
|---|---|---|---|
| Name | DAUGHERTY DAVID MAX | [V] | Name DAUGHERTY DAVID |
| AKA/FN | | [ ] | AKA/FN |
| Addr | 35 VALLEY VIEW DR 35, VIENNA, WV 26105 | [ ] | Addr 35 VALLEY VIEW DR, VIENNA, WV 26105 |
| Prev | PO BOX 816, PARKERSBURG, WV 26102 | [ ] | Prev |
| SSN | 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 | [V] | SSN 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 |
| DOB | 12/14/1957 | [ ] | DOB |
| Phone | 304-295-6161 | [ ] | Phone |

| Account Type | ECOA | Date Open | Type & Rate | Narratives |
|---|---|---|---|---|
| 08 | J | 08/1999 | MT | [2311] PAID BY DEALER |
| Credit Limit | High Credit | Current Balance | Past Due | |
| | $100813 | $0 | | |
| Original Charge-Off | Date 1st Delinquency | List Payment Date | Date Closed | |
| | | 09/2011 | | |

| Activity Designator | | Creditor Classification | Scheduled Monthly Pmt | Purchased/Sold To (from)/Original Creditor | Mortgage Id Number |
|---|---|---|---|---|---|
| [1] Invalid activity_desgn '1' | | | $1077 | | |
| Terms Duration | Term Frequency | | Actual Payment | Deferred Pay Start Date | Balloon Pay Due Date |
| 15 | [M] Monthly | | | | |
| Date of Account Info | Pmt Hist Months 1-12 | Pmt Hist Months 13-24 | Pmt Hist Months 25-36 | Pmt Hist Months 37-48 | Pmt Hist Months 49-60 | Pmt Hist Months 61-72 | Pmt Hist Months 73-84 |
| 09/2011 | -DDDDDDDDDD | DDDDDDDDDDDD | 0000D0322110 | 112121211100000 | 111111111D0000 | D11DDD0322211 | 111DD0322211 --- |

Consumer Info Indicator

Compliance Condition Code

Special Comment Code [O] Account transferred to another lender

Account Status [11] Current account

Payment Rating [0] Current account

EXHIBIT

EIS-DAUGHERTY-000095

TRADE

AUTOMATED CONSUMER DISPUTE VERIFICATION

*EQUIFAX* CREDIT INFORMATION SERVICES

Page 8

| IMAGES SENT |
| --- |
| No Images Sent |

Proprietary and Confidential to Equifax Information Services LLC - Use Pursuant to Company Instructions

Printed 07/23/2014

EIS-DAUGHERTY-000096



CRA Data List of Loan Number: 7092244537



EXHIBIT

PENGAD 800-631-6989

CONFIDENTIAL

DD/OLS 000322

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

DAVID M. DAUGHERTY,                          PLAINTIFF

V.                                           CIVIL ACTION NO. 5:14-24506

EQUIFAX INFORMATION SERVICES
LLC and
OCWEN LOAN SERVICING, LLC,                   DEFENDANTS

## PLAINTIFF'S RULE 26(a)(2) DISCLOSURE

Comes now the Plaintiff, David Daugherty, by counsel, pursuant to Rule 26(a)(2) of the *Federal Rules of Civil Procedure*, and files this Expert Witness Disclosure. Plaintiff discloses that he will identify Evan Hendricks for use at trial to present evidence. Attached to this disclosure is Mr. Hendricks' curriculum vitae, which includes his qualifications, including a list of all publications authored; a list of all other cases in which he testified as an expert at trial or by deposition; and a statement of his compensation to be paid for the study and testimony in this case. Mr. Hendricks has also supplied a report with all opinions he will express based upon the facts available to him at this date. Plaintiff will supplement this disclosure, pursuant to Rule 26(a)(2)(E) of the *Federal Rules of Civil Procedure,* with a complete statement of all opinions Mr. Hendricks will express and the facts and data he considered to form such opinions as soon as Plaintiff receives sufficient discovery responses to inform Mr. Hendricks' opinions from Defendants.



EXHIBIT
8
D. Daugherty

**DAVID M. DAUGHERTY**

BY COUNSEL

HAMILTON, BURGESS, YOUNG
    & POLLARD, *pllc*

BY: _____

Ralph C. Young *(W. Va. Bar #4176)*
    ryoung@hamiltonburgess.com
Christopher B. Frost *(W. Va. Bar #9411)*
    cfrost@hamiltonburgess.com
Steven R. Broadwater, Jr. *(W. Va. Bar #11355)*
    sbroadwater@hamiltonburgess.com
Jed R. Nolan *(W. Va. Bar #10833)*
    jnolan@hamiltonburgess.com
*Counsel for Plaintiff*
P. O. Box 959
Fayetteville, WV 25840
304-574-2727

*Page 2 of 2*

F:\CM-21352-21352\Rule26(a)(2)ExpertDisclosures.wpd

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

DAVID M. DAUGHERTY,                          PLAINTIFF

V.                                           CIVIL ACTION NO. 5:14-24506

EQUIFAX INFORMATION SERVICES LLC
and OCWEN LOAN SERVICING, LLC,               DEFENDANTS

## CERTIFICATE OF SERVICE

I, Jed R. Nolan, counsel for Plaintiff, hereby certify that I have filed this CERTIFICATE OF

SERVICE for PLAINTIFF'S RULE 26(a)(2) DISCLOSURE with the Clerk of the Court using the

CM/ECF system which will send notification of such filing to the following CM/ECF participants,

and that I served a true and accurate copy of the entire document via electronic mail and via United

States mail, postage prepaid, to each of the following on April 3, 2015:

John C. Lynch, Esq.
Jason E. Manning, Esq.
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA  23462
*Counsel for Defendant Ocwen Loan Servicing, LLC*
john.lynch@troutmansanders.com
jason.manning@troutmansanders.com

Vincent M. Roskovensky, Esq.
CLARK HILL PLC
1233 Main Street, Suite 1700
Wheeling, WV  26003
*Counsel for Defendant Equifax Information Services LLC*
vroskovensky@clarkhill.com


JED R. NOLAN *(WVSB #10833)*
jnolan@hamiltonburgess.com

[F:CM 21352 21352Cert Rule26(a)(2)ExpertDisclosures.fnn]