IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF
WEST VIRGINIA AT BECKLEY

DAVID M. DAUGHERTY,                              PLAINTIFF

V.                                              CIVIL ACTION NO. 5:14-245060

EQUIFAX INFORMATION SERVICES LLC
and OCWEN LOAN SERVICING, LLC,                  DEFENDANTS

### PLAINTIFF'S RESPONSES TO DEFENDANT OCWEN LOAN SERVICING, LLC'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

#### INTERROGATORIES

1.      Please state with particularity all facts relating to your contentions in Count IV of your Complaint that Ocwen willfully violated § 1681 s-2(b) of the FCRA. In your response, identify all persons with knowledge of such response and/or the facts set forth in this response, and identify all documents which relate to or support your response to this Interrogatory.

ANSWER: Ocwen repeatedly failed and refused to remove improper reportings, despite repeated disputes with explicit references to the incorrect information. Further, Ocwen continuously listed Plaintiff as 120 days past due while simultaneously reporting he was current, which is facially impossible and was not rectified even after being alerted to the mistake.  A reasonable reinvestigation would have shown that two reportings for the same account were not correct.

2.    Please state with particularity all facts relating to your contentions in Count IV of your Complaint that Ocwen negligently violated § 1681 s-2(b) of the FCRA. In your response, identify all persons with knowledge of such response and/or the facts set forth in this response, and identify all documents which relate to or support your response to this Interrogatory.

**ANSWER:** Ocwen consistently reported Plaintiff as delinquent 120 days late on his Ocwen account and as $6,128.00 as past due. As of April 17, 2014, Ocwen reported that Plaintiff was "at least 120 days or more than four payments past due" and that "foreclosure process started." Plaintiff receives a monthly alert from creditscore.com which consistently show Equifax's false negative listing of his Ocwen account. A person simply cannot have two account reports with the same account number with the drastically different reporting outcomes.


3.    Please identify and describe all actual damages, if any, that you have suffered as a result of the FCRA violations alleged in your Complaint, including but not limited to, "loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress," as alleged in paragraph 36 of your Complaint. In your answer, please identify all persons with knowledge of your claims for actual damages and the facts set forth in your response, including a summary of the knowledge of each such person

identified, and identify all documents which relate to or support your response claims for actual damages.

      **Answer:** On May 8, 2014, Plaintiff and his wife were denied credit by Chase Bank USA, NA/Disney due to Ocwen's negative reports to Equifax. Plaintiff has been denied the opportunity to refinance his mortgage by Quicken Loans and by Embrace Loans. One Community Federal Credit Union with Debbie Lee also denied Plaintiff the opportunity to refinance his home. GE/Synchrony/Big Sandy Furniture declined Plaintiff's request as well.

      Plaintiff fell behind in his state tax payments due to his health. He cashed in a 401k in 2012 and still owed the state of West Virginia $11,000. Plaintiff intended to use equity from his refinancing to pay off the taxes due. Instead, the state of West Virginia placed a tax lien on his home in February 2014, charged additional interest, and placed a tax levy on Plaintiff's income and property. This debt would have been paid off if Plaintiff had been able to refinance home, which also causes additional harm to credit score. Plaintiff has also been forced to pay increased insurance payments.

      In addition, Ocwen sent multiple letters to Plaintiff reminding him that his balloon note was coming due while simultaneously preventing Plaintiff from obtaining financing due to its erroneous report.

4.    For all actual damages you identify in your answer to Interrogatory 3, please identify and describe any and all actions you have taken to mitigate such damages, if any. In your response, identify all persons with knowledge of such response and/or the facts set forth in this response, and identify all documents which relate to or support your response to this Interrogatory.

**ANSWER:** Since Ocwen has deleted its trade line from Plaintiff's credit report to Equifax, Plaintiff has applied and been pre-approved by Quicken Loans for a mortgage loan, although the loan has not been finalized. Plaintiff intends to borrow enough money, using his home equity, to pay off the state taxing authority. Plaintiff has also applied and received a new line of credit with Southwest Visa for $2000, with One Community Credit Union for $1,000, and an increased line of credit from Synchrony/Walmart from $600 to $1,400.

5.    Please identify and describe all actual damages, if any, that you have suffered as a result of the FCRA violations alleged in your Complaint and that you contend were caused by Ocwen, including but not limited to, "loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress," as alleged in paragraph 36 of your Complaint. In your answer, please identify all persons with knowledge of your claims for actual damages and the facts set forth in your response,

including a summary of the knowledge of each such person identified, and identify all documents which relate to or support your response claims for actual damages.

ANSWER: See Interrogatory 3.

6.   Please state with particularity all facts relating to your contentions in Count V of your Complaint that Ocwen violated *West Virginia Code* § 46A-2-127(d). In your response, identify all persons with knowledge of such response and/or the facts set forth in this response, and identify all documents which relate to or support your response to this Interrogatory.

ANSWER: Ocwen reported to Equifax and other lenders that Plaintiff was over $6,000 behind in his mortgage payments and in foreclosure when in fact he was current. This is shown on Plaintiff's credit reports during this period.

7.   Please state with particularity all facts relating to your contentions in Count VI of your Complaint that Ocwen "breached [a] duty [to Plaintiff] by refusing to respond to Plaintiffs inquiries, by acknowledging the blatant inaccuracies contained in Plaintiffs credit report but refusing to redress the inaccuracies, advising Plaintiff to contact the other Defendant instead of taking steps to address the issue, and ultimately denying Plaintiff assistance." In your response, identify all persons with knowledge of such response and/or

the facts set forth in this response, and identify all documents which relate to or support your response to this Interrogatory.

ANSWER: Plaintiff tried to correct his incorrect credit report since 2013. In early 2014, Plaintiff mailed a letter to Ocwen detailing his dispute. In February or March 2014, Plaintiff called Ocwen and told Ocwen of the incorrect report that Plaintiff was in foreclosure. Ocwen's representative reviewed his file and advised Plaintiff that Ocwen was reporting Plaintiff was current. Ocwen advised Plaintiff that he needed to contact Equifax to resolve his problem. Plaintiff asked Ocwen to send a letter to Equifax stating that he was current, but Ocwen refused. Ocwen further refused to take any corrective action following Plaintiff's dispute to the Consumer Financial Protection Bureau.

8.     Please identify and describe all actual damages, if any, that you have suffered as a result of Ocwen's "misconduct by the severely negative credit reporting that made it impossible for Plaintiff to refinance his loan," as alleged in Paragraph 44 of your Complaint. In your answer, please identify all persons with knowledge of your claims for actual damages and the facts set forth in your response, including a summary of the knowledge of each such person identified, and identify all documents which relate to or support your response claims for actual damages.

ANSWER: See Interrogatories 1-3, 5-7.

9.     Please state with particularity all facts relating to your contentions in Count VII of your Complaint that Ocwen's "'conduct, namely, repeatedly misstating the amounts due, reporting gross inaccuracies when Plaintiffs account was current to credit bureaus, refusing to assist Plaintiff to rectify the gross inaccuracies, and preventing Plaintiff from protecting his home from foreclosure when his account as current, was atrocious, intolerable, and exceeded the bounds of decency." In your response, identify all persons with knowledge of such response and/or the facts set forth in this response, and identify all documents which relate to or support your response to this Interrogatory.

ANSWER: See Interrogatory 8.


10.    Please identify and describe all actual damages. if any, that you have suffered as a the emotional distress you allege Ocwen caused you to suffer, as described in Paragraph 48 of  your Complaint. In your answer, please identify all persons with knowledge of your claims for  actual damages and the facts set forth in your response, including a summary of the knowledge of each such person identified, and identify all documents which relate to or support your response claims for actual damages.

ANSWER: Plaintiff was frustrated and angry when he called Ocwen to discuss the incorrect status of his home loan on his credit report.  When Ocwen refused to do anything to help Plaintiff, Plaintiff became increasingly angry and stressed knowing that Ocwen was incorrectly reporting his loan status and requiring Plaintiff to take time to write

a letter and unsure of any help the letter would be. Plaintiff does not typically write letters to anyone. Plaintiff was concerned that Ocwen's mistake could cause him to lose his home. The closer Plaintiff came to May and June 2014, Plaintiff sought his last resort lender of his credit union, where he was still denied, at which point Plaintiff felt doomed and at an all time low when the credit union, where he had been a customer with a good banking record for over twenty years, still denied his loan. After Plaintiff went through the separate effort to complain to the CFPB and was denied any help, Plaintiff was directed to seek an attorney by the CFPB representative. Overall, Ocwen was on the Plaintiff's mind at all times due to the impending deadline of the balloon note. Plaintiff planned to live and die in that home, which sits on one of the nicest lots in his housing addition. The worry over possibly losing his home in the perfect location was difficult for Plaintiff.

11.   Please state with particularity all facts relating to your contentions in Count VIII of your Complaint that Ocwen has "refused to exercise due dilligence [sic] and good faith to correct the gross inaccuracies in Plaintiffs credit report, and instead [has] wrongfully reported Plaintiffs credit scores so egregiously that he cannot obtain credit to refinance his home elsewhere and will certainly lose his home." In your response, identify all persons with knowledge of such response and/or the facts set forth in this response, and identify all documents which relate to or support your response to this Interrogatory.

ANSWER: See Interrogatory 8.

12.   Please identify all communications, attempted communications, or documents exchanged between you and Ocwen relating to the allegations in your Complaint.

**ANSWER:**  Plaintiff mailed a letter to Ocwen in March 2014.  Plaintiff had a call with Ocwen in February or March 2014, but Plaintiff is unsure of the exact date. Plaintiff communicated with Ocwen through the CFPB complaint process online.  Plaintiff recalls that he disputed the Ocwen account online through creditscore.com.

13.   Describe with specificity and in detail any and all other civil action(s) involving you as a party from January 1, 2009 to the present, and for each said action, state the following:

(a)   the jurisdiction in which said action(s) was/were commenced;

(b)   the date said action(s) was/were commenced;

(c)   the jurisdiction court file number of said action(s):

(d)   the date and amount of final judgment(s), order(s), or decree(s), if any, in said action(s); and whether the judgment(s), order(s) or decree(s), if any, in said action(s) remain/remain unsatisfied or unperformed; and

(e)   the date and amount of any settlement agreement(s) in said action(s).

In your response, identify all persons with knowledge of such response and/or the facts set forth in your response, and identify all documents which relate to or support your response to this Interrogatory.

ANSWER: Plaintiff believes that he may have been sued for collections of hospital bills, but he does not recall any specific cases.

14. Identify all persons known to you who have any knowledge relating to the allegations in your Complaint and/or transactions and occurrences which are the subject matter of this action, and state what you understand to be the knowledge possessed by each such person what you identify. In your response, identify all documents which relate to or support your response to this Interrogatory.

ANSWER: Plaintiff, his wife Tina, and their children Shaun Daugherty and Jamie Atkinson can be contacted through counsel. Lorin Hanks is the owner and operator of Aggressive Credit Repair, LLC, who provided services to Plaintiff and disputed the Ocwen debt with Equifax, 801.302.8131, 5407 W Venetia St, Herriman, UT 84096. Debi Lee is a loan officer at One Community Federal Credit Union at 531 5th Street, Parkersburg, WV, 26101, 304.485.4066. Consumer Credit Counseling Service in Parkersburg at 2715 Murdoch Ave, Parkersburg, WV 26101, 304.485.3141 advised Plaintiff to contact the CFPB, although Plaintiff does not recall the person with whom he spoke.

15. Identify the facts that support, refute or relate to your allegation that your payments on the Ocwen account were never late. In your response, identify all persons with

knowledge of the facts set forth in this response, and identify all documents which relate to or support your response to this Interrogatory.

        **ANSWER:**  Plaintiff never asserted that he was 'never late.' See complaint.

16.    Identify each and every section and subsection of the FCRA that you contend Ocwen violated with regard to your Ocwen account. In your response, identify all persons with knowledge of the facts set forth in this response, and identify all documents which relate to or support your response to this Interrogatory.

        **ANSWER:**  See Complaint. 15 USC 1681s-2(b)

17.    For each section and subsection of the FCRA you identified in your answer to interrogatory 16, identify the facts that support, refute and relating to your claims against OCWEN for violating the FCRA. In your response, identify all persons with knowledge of the facts set forth in this response, and identify all documents which relate to or support your response to this Interrogatory.

        **ANSWER:**  See Interrogatory 8.

18.    Other than your attorneys, identify all of the non-parties to this litigation (persons and/or entities) with whom you have ever discussed the account and/or communicated with (orally or in writing) regarding the Ocwen account, in particular

persons with whom you have discussed your contention that the Ocwen account was reported inaccurately, as well as persons with whom you have discussed your contention that you have suffered actual damages. In your response, identify all persons with knowledge of the facts set forth in this response, and identify all documents which relate to or support your response to this Interrogatory.

ANSWER: See Interrogatory 14.

19.   Identify the facts and any documents or things in your possession that may refute your allegation that Ocwen violated the FCRA, including but not limited to facts and documents that may refute your allegation that Ocwen is the proximate cause of the actual damages you allege in your Complaint. In your response, identify all persons with knowledge of the facts set forth in your response, and identify all documents which relate to or support your response to this Interrogatory.

ANSWER:   Plaintiff will provide and has provided through Equifax's discovery requests all documents within his control that relate to this matter.

20.   Identify that each and every medical, psychiatric or mental health care practitioner, therapist, counselor or professional you have seen or any medical or mental health facility that you have been admitted to in the last five years.

ANSWER: None

21.     State the name, address and telephone number of every person or entity with which you have applied for credit, from which you have received credit, who has denied you credit, or that has other wise reviewed your consumer report or credit report since January 1, 2009. For each person or entity identified, state the date you applied for credit, the type of credit transaction involved, the terms of credit you applied for and/or was offered, the reason you applied for credit to each person or entity you identify, and the results of your application(s) for credit. In your response, identify all persons with knowledge of the facts set forth in your response, and identify all documents which relate to or support your response to this Interrogatory.

ANSWER: See Interrogatory 3-4. Plaintiff cannot recall any specific account applications besides these accounts. Hard pulls of Plaintiff's credit can be identified on his credit report provided by Equifax in discovery.


22.     With respect to each application or extension of credit identified in response to the Interrogatory No. 21, please state whether you allege that any action and/or inaction of Ocwen affected such application for or extension of credit in any way. If so, please specify what effect, if any, such action and/or inaction allegedly had and any variance in the terms of the transaction. In your response, identify all persons with knowledge of the facts set forth in your response, and identify all documents which relate to or support your response to this Interrogatory.

**ANSWER:** See Interrogatories 3-4.

23.    Identify the date on which you first discovered and/or learned of the existence of the Ocwen account on your credit file and the circumstances concerning same, including how you learned of the account, and all of the acts, steps, etc. you took prior to this suit to obtain the correction of how the account is appearing in your credit file. In your response, identify all persons with knowledge of such response and/or the facts set forth in this response, and identify all documents which relate to or support your response to this Interrogatory.

**ANSWER:** See Interrogatory 8. Plaintiff recalls first finding the inaccurate Ocwen report when he was planning to apply to refinance his home.

24.    With respect to your dispute regarding the alleged inaccuracies of the account, identify what you told the credit reporting agencies (verbally and/or in writing), what you told Ocwen (verbally and/or in writing), and what response you received from each (verbally and/or in writing). In your response, identify all persons with knowledge of such response and/or the facts set forth in this response, and identify all documents which relate to or support your response to this Interrogatory.

**ANSWER:** Plaintiff searched online for help repairing credit and found Lorin Hanks. Plaintiff called Lorin Hanks and agreed to sign up with Mr. Hanks. Mr. Hanks

advised that he could increase Plaintiff's credit score to near 700 by seeking to have Plaintiff's bad credit history removed and by advising Plaintiff that he needed to pay certain accounts.  While working with Mr. Hanks, Plaintiff identified a negative report from Ocwen.  Plaintiff directed Mr. Hanks to remove the incorrect negative report. Plaintiff never received copies of the dispute(s) from Mr. Hanks.  Plaintiff mailed a letter in March 2014 and sent in a dispute through the CFPB.

25.    With respect to your dispute of the alleged inaccuracies of the account, identify what actions you took to obtain the correction of the account on your credit file after receiving a response (verbally and/or in writing) from the credit reporting agencies and/or Ocwen regarding your dispute of the account. In your response, identify all persons with knowledge of such response and/or the facts set forth in this response, and identify all documents which relate to or support your response to this Interrogatory.

ANSWER:  After Plaintiff's call, online dispute, and letter went unanswered by Ocwen, Plaintiff had no choice but to file a lawsuit to prevent the needless loss of his home.

HAMILTON, BURGESS, YOUNG
    & POLLARD, *pllc*

BY: _____
    Ralph C. Young *(W. Va. Bar #4176)*
        ryoung@hamiltonburgess.com
    Christopher B. Frost *(W. Va. Bar #9411)*
        cfrost@hamiltonburgess.com
    Steven R. Broadwater, Jr. *(W. Va. Bar #11355)*
        sbroadwater@hamiltonburgess.com
    Jed R. Nolan *(W. Va. Bar #10833)*
        jnolan@hamiltonburgess.com
    *Counsel for Plaintiff*
    P. O. Box 959
    Fayetteville, WV 25840
    304-574-2727



Quicken Loans Inc.
1050 Woodward Ave
Detroit, MI 48226-1906
(800) 863-4332, Option 8
Company NMLS#: 3030

**Quicken Loans®**

q03327288082 0284 012 0102

Page 1 of 2

Date: May 2, 2014
Loan Number: 3327288082

David M. Daugherty
35 Valley View Drive
Vienna, WV 26105

Dear David M. Daugherty and Tina M. Daugherty,

Thank you for giving Quicken Loans Inc. the opportunity to help with your home loan. Unfortunately, we are unable to offer you financing at this time. We made every effort to help you with your unique financial situation, and wanted to remind you of the reasons why we are currently unable to help you with your loan:

 * Credit History: Current/previous slow payments, judgments, liens or BK

It is important to note that this denial for home financing is confidential and not reported to any credit bureau. Our decision was made partially or completely on information we found in a credit report from the consumer reporting agency listed below.  Though we used their report, they did not play any part in our decision, and will not be able to give you specific reasons why we denied your request for a home loan.  You should know that under the Fair Credit Reporting Act you have the right to request a free copy of your credit report within 60 days of receiving this letter. If you get your report and discover that any information is inaccurate or incomplete, you have the right to dispute the information with the agency:

Consumer Reporting Agency: CredStar
Address: 12395 First American Way, Poway, CA  92064
Toll Free: (800) 767-8569

Please see the following page for information related to your individual credit score.

Our sister company, Quizzle, is a great place to get a complete understanding of your credit. Quizzle provides you with important information about your credit - starting with a free look at your credit report and credit score - as well as the tools you need to monitor and understand your credit. You can sign up for free today at Quizzle.com!

You should have already had a conversation with your Mortgage Banker about our inability to provide you with financing at this time. However, if this is the first you've heard about this or if you have any additional questions or concerns, please contact our Client Relations team at (800) 863-4332, Option 8 between 8:30AM to 9:00PM ET Monday-Friday and 10:00AM to 4:00PM ET Saturday or email us at help@quickenloans.com.

Thank you again for giving us the chance to help with your financing.  We're sorry we couldn't help you this time.  We'll keep in touch with you and when you're ready to look at home financing options again, we hope that you'll give us the same opportunity to earn your business and your trust.

Sincerely,

Gurpreet Gill - NMLS#: 1076669
Power Banker
Phone: (800)226-6308 Ext. 68148
Fax: (855)455-0955  Email: GurpreetGill@quickenloans.com

The federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is:  Federal Trade Commission - Equal Credit Opportunity, Washington, D.C. 20580.

2836014673

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

DAVID M. DAUGHERTY,                                    PLAINTIFF

V.                                                     CIVIL ACTION NO. 5:14-245060

EQUIFAX INFORMATION SERVICES LLC
and OCWEN LOAN SERVICING, LLC,           DEFENDANTS

## VERIFICATION

STATE OF WEST VIRGINIA
COUNTY OF FAYETTE, TO-WIT:

DAVID M. DAUGHERTY, having been first duly sworn, upon his oath, states that he is a party in the foregoing styled civil action, that he has read the same and knows the contents thereof, and that the statements and allegations contained in the foregoing PLAINTIFF'S RESPONSES TO DEFENDANT OCWEN LOAN SERVICING, LLC'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS are true, except insofar as the same are therein stated to be on information and belief, and insofar as the same are therein so stated, he believes them to be true.

_____
DAVID M. DAUGHERTY

Taken, subscribed and sworn to by DAVID M. DAUGHERTY before the undersigned authority on this the ___20___ day of ___MAY___, ___2015___.

_____
NOTARY PUBLIC

My commission expires:                    ___1/19/20___



OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
SANDRA GREATHOUSE
AAA East Central
1100 9th St. Suite D, Vienna, WV 26105
My Commission Expires January 19, 2020

F:\CM\21352\21352Verification DavidDaugherty Ocwen.wpd

Case 5:14-cv-24506   Document 60   Filed 05/21/15   Page 1 of 1 PageID #: 236

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

DAVID M. DAUGHERTY,                                    PLAINTIFF

V.                                                     CIVIL ACTION NO. 5:14-24506

EQUIFAX INFORMATION SERVICES LLC
and OCWEN LOAN SERVICING, LLC,                         DEFENDANTS

## CERTIFICATE OF SERVICE

I, Jed R. Nolan, counsel for Plaintiff, hereby certify that I have filed this CERTIFICATE OF
SERVICE for PLAINTIFF'S RESPONSES TO DEFENDANT OCWEN LOAN SERVICING, LLC'S FIRST
SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS with the Clerk of
the Court using the CM/ECF system which will send notification of such filing to the following
CM/ECF participants, and that I served a true and accurate copy of the entire document via
electronic mail and via United States mail, postage prepaid, to each of the following on May 21,
2015:

John C. Lynch, Esq.                         Vincent M. Roskovensky, Esq.
Jason E. Manning, Esq.                      CLARK HILL PLC
TROUTMAN SANDERS LLP                        1233 Main Street, Suite 1700
222 Central Park Avenue, Suite 2000         Wheeling, WV  26003
Virginia Beach, VA  23462                   *Counsel for Defendant Equifax Information Services LLC*
*Counsel for Defendant Ocwen Loan Servicing, LLC*   vroskovensky@clarkhill.com
john.lynch@troutmansanders.com
jason.manning@troutmansanders.com


                                            /s/ Jed R. Nolan
                                            JED R. NOLAN *(WVSB #10833)*
                                            jnolan@hamiltonburgess.com


                                            [F:\CM\21352\21352Cert RESP IntReqProd-1 Ocwen.frm]