## HAMILTON, BURGESS, YOUNG & POLLARD, *pllc*

*A Professional Limited Liability Company*
*Engaged in the Practice of Law*

KEVIN B. BURGESS
RALPH C. YOUNG
LYNN B. POLLARD
CHRISTOPHER B. FROST
STEVEN R. BROADWATER, JR.
JED R. NOLAN

5493 Maple Lane
Fayetteville, West Virginia 25840

(304) 574-2727

PAT R. HAMILTON
*Retired*

P.O. Box 959
Fax 304 574-3709

F:\CM\21352\21352AT LynchManning Good Faith Ltr.WPD

March 2, 2015

John C. Lynch, Esq.
Jason E. Manning, Esq.
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462

Dear Mr. Lynch and Mr. Manning:

Re: **David M. Daugherty v. Equifax Information Services LLC and Ocwen Loan Servicing, LLC**
**Civil Action No. 14-C-679 (K)**

Based upon a thorough review of all of the Defendant's discovery responses and the Rule 26(a)(1) disclosures received, it has become abundantly clear that these discovery responses are in many aspects inadequate and in need of immediate supplementation under the Rules. At present, Plaintiff cannot adequately engage an expert or conduct a deposition of Ocwen's witness given the state of Ocwen's inadequate discovery disclosures and responses. Unless the situation changes, Plaintiff may be forced to move to compel discovery of the matters discussed more fully herein.

Therefore, pursuant to F.R.Civ.P. 37, the Court's pretrial orders in this case, and the Local Rules for the Southern District of West Virginia, the Plaintiff herein respectfully requests that Ocwen make immediate supplementation to the following discovery areas in this matter.

### Deficient Rule 26(a)(1) Disclosures

This is my attempt to meet, confer and otherwise try to resolve the discovery dispute pursuant to the Federal Rules of Civil Procedure and the Local Rules for the Southern District of West Virginia. We believe the Rule 26(a)(1) disclosures are so deficient that they can be viewed as no disclosure whatsoever.

John C. Lynch, Esq.
Jason E. Manning, Esq.
March 2, 2015
Page 2

Your response to Rule 26(a)(1)(i) merely listed the Plaintiff and a "representative" from Ocwen Loan Servicing, LLC. We are entitled to know the name, address, and telephone number of each individual likely to have discoverable information, along with the subjects of that information that the disclosing party may use to support its defenses. Obviously you must identify persons who have information to support your client's defenses, other than "a representative" of your client. You have not disclosed <u>anyone</u> other than the Plaintiff.

The response to Rule 26(a)(1)(ii) mentions only a deed of trust and note. However, "other loan documents, as well as correspondence to the plaintiff and servicing records", are not an adequate description by category and location of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control. Nor can you merely refer us generically to "other documents" which your client "may" possess.

The Rule 26(a)(1) disclosures do not come anywhere close to what is contemplated by the rules designed to encourage the free exchange of information at the onset of litigation and to eliminate issues which are not in controversy while exchanging factual background information necessary for trial preparation. Your client's Rule 26(a)(1) disclosures are a mockery of these concepts.

### Deficient Interrogatory Responses

Your objections repeatedly object "to the extent Plaintiff seeks the mental impressions of counsel and/or information protected from discovery by the attorney-client privilege..." Please identify the specific language in each interrogatory that seeks this protected information or remove the objection from each interrogatory.

In Interrogatory 2, we requested all individuals who witnessed events in this action. Ocwen did not provide a list of these witnesses in its initial disclosure. We need the identity of the persons that received and processed Mr. Daugherty's disputes, including whether these are employees of Ocwen, or outsourced to a consumer dispute resolution company. The subparts do not seek discrete information; rather, the subparts seek information of a particular type, i.e., the identity and relationship of the witness to the lawsuit. Please identify these persons pursuant to this interrogatory as opposed to the identification of "[a] corporate representative of Ocwen Loan Servicing, LLC."

John C. Lynch, Esq.
Jason E. Manning, Esq.
March 2, 2015
Page 3

In Interrogatories 3, 7 and 15, we requested that Ocwen list, explain and describe documents known to you or believed by you to exist concerning any of the events described in Plaintiff's complaint. You responded by submitting 601 documents with a reference to Rule 33(d). However, these 601 pages provided no key to decipher any codes that appear regularly throughout the documents. For example, on Bates DD/OLS 594-601, "account status" is listed as "71" and "account type" is listed as "26." Plaintiff has no ability to decipher these records, and the burden for deriving or ascertaining the meaning of these and other codes is not substantially the same for either party. Further, this request should have been provided already in Ocwen's Rule 26 initial disclosures, but again, no reference, description, or production of any document was handled at that time. Please fully respond to these interrogatories.

Interrogatory 5, like Interrogatory 2, seeks the identity of witnesses and the witnesses' knowledge of this case. These are not discrete subparts. Please respond with the names of all persons within or employed by Ocwen who have any knowledge regarding Mr. Daugherty's account instead of merely parroting back witnesses disclosed by Mr. Daugherty to Ocwen.

Interrogatory 6 can be limited as Ocwen requested to those statements pertaining to claims in the Complaint or Mr. Daugherty's loan. Please specifically identify which statements are made "regarding third parties that are protected by the third parties' rights of privacy."

In Interrogatory 9, we are seeking the information that Ocwen relies upon when reporting information regarding Mr. Daugherty to the CRAs, which is the crux of Mr. Daugherty's complaint. We are agreeable to limiting the interrogatory, as requested, to Mr. Daugherty's loans. Ocwen's reporting and investigation process is based on the data accrued and archived. This response comprises the basis of any error, or lack thereof, committed by Ocwen in this case and needs to be disclosed. Further, this question does not contain discrete subparts, as the entire question is geared to ascertain how Ocwen gathers, reports, and archives information relating to Mr. Daugherty.

In Interrogatories 10 and 20, we are seeking information regarding Ocwen's relationship to Equifax, including correspondence with Equifax, billing records sent to Ocwen detailing the volume of reporting and credit report purchases involved, and any training tools or documents from Equifax to Ocwen. Further, this question does not contain discrete subparts, as the entire question is geared to ascertain Ocwen's

John C. Lynch, Esq.
Jason E. Manning, Esq.
March 2, 2015
Page 4

relationship to Equifax.

In Interrogatory 12, Mr. Daugherty asks the basic question of the case: state all reportings made regarding Mr. Daugherty. To state that this interrogatory "is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence" is absurd. The Complaint was filed alleging improprieties by Ocwen when reporting Mr. Daugherty's credit. Further, Ocwen's 601 page production of business records did not contain a single copy of reports made regarding Mr. Daugherty, nor did Ocwen's initial disclosures in this matter. Please promptly provide the response to this interrogatory.

In Interrogatory 13, Ocwen objects to detailing credit report disputes and Ocwen's investigation thereof because the disputes contain potentially irrelevant disputes. Ocwen failed to provide even a privilege log of such irrelevant disputes. This is another unreasonable objection to a straightforward question that impacts directly on the ultimate issue: what did Ocwen do when alerted that Mr. Daugherty's credit report was inaccurate? Further, this question does not contain discrete subparts, as the entire question is geared to ascertain Ocwen's response to disputes.

In Interrogatory 14, your objection states "to the extent Plaintiff seeks the mental impressions of counsel and/or information protected from discovery by the attorney-client privilege..." Please identify the specific language that seeks this protected information or remove the baseless objection from each interrogatory. Mr. Daugherty did not request an audit trail of credit reports; Mr. Daugherty requested the audits completed by Ocwen following each credit reporting to Equifax. This question directly impacts the reasonableness of Ocwen's reports and reinvestigation procedures when confronted with a dispute by Mr. Daugherty or on his behalf.

Interrogatory 16 is seeking the information Ocwen provided to Equifax regarding Mr. Daugherty which allowed Equifax to process information from Ocwen regarding Mr. Daugherty. Any information transmitted between Ocwen and Equifax regarding Mr. Daugherty is relevant to this cause of action.

In Interrogatory 17, Ocwen claims to have disclosed communications from Equifax in its 601 page document dump. However, none of the 601 pages is identified as being responsive to this request, which seeks the information Ocwen received from Equifax when it was asked to reinvestigate Mr. Daugherty's account. Ocwen has no

John C. Lynch, Esq.
Jason E. Manning, Esq.
March 2, 2015
Page 5

basis for refusing to identify and provide documents which form the basis of Mr. Daugherty's claim.

Rather than hire a 'grammarian' on Interrogatory 18, Ocwen could simply provide the negative reports relating to Mr. Daugherty made in the two years prior to the filing of the lawsuit and any made thereafter. This is a direct question regarding the information Ocwen reported regarding Mr. Daugherty.

Interrogatory 19 requests that Ocwen describe the basis for any denials to Mr. Daugherty's complaint. Ocwen's defense is wholly relevant and discoverable. Please respond to this interrogatory or admit that Ocwen does not dispute that it reported false information to Equifax.

Interrogatory 21 is again a very basic request that seeks information relating to gthe central issue in this case: how did Ocwen reinvestigate Mr. Daugherty's disputes? This information and these witnesses are crucial to Mr. Daugherty's ability to ascertain what happened with his credit report. Ocwen must create a privilege log regarding all allegedly privileged documents and information. Otherwise, Ocwen must answer this interrogatory.

Interrogatory 22 goes to the issue of willfulness and whether Ocwen has faced similar issues in the past. If Ocwen cannot list all of the lawsuits filed against it on this issue as requested because the list is too numerous and Ocwen simply has not fixed its procedures, then please admit as much. Otherwise, please answer this interrogatory which goes to a basic allegation of Mr. Daugherty's complaint.

Interrogatories 23 and 24 seek information relating to Mr. Daugherty's social security number and home address and must be disclosed. Ocwen cannot maintain that documents are irrelevant and refuse to disclose such documents when they have been specifically requested in a narrowly tailored discovery request.

Consider this letter a demand to meet and confer in good faith in order to narrow the issues of dispute under F.R.Civ.P. 37. I would like to engage you in a full, fair, and constructive conversation with the intention of reaching agreement on all of the above areas of insufficient production and/or dispute. We are not inflexible. We seek to resolve these areas of contention in a civil and constructive way to achieve the ends of justice, and in conformity with the spirit and intention of the discovery rules under the

John C. Lynch, Esq.
Jason E. Manning, Esq.
March 2, 2015
Page 6

F.R.Civ.P. and the Local Rules.

Please confer with your client on their position on these matters before we meet and confer so that we might have a more productive discussion and, hopefully, full resolution. If we are unable to reach agreement on any of the above-enumerated matters, Plaintiff will seek fees and costs as a sanction for the necessity of bringing this motion.

Your immediate attention to these matters and professional courtesies are appreciated.

Yours truly,

Jed R. Nolan

JRN:bg