## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
**Beckley Division**

**DAVID M. DAUGHERTY,**

        **Plaintiff,**

        **v.**                            **Civil Action No. 5:14-cv-24506**

**OCWEN LOAN SERVICING, LLC,**

        **Defendant.**

### PROPOSED INTEGRATED PRETRIAL ORDER

Plaintiff David M. Daugherty ("Plaintiff"), by counsel, and Defendant Ocwen Loan Servicing, LLC, ("Ocwen") by counsel, pursuant to L.R. Civ. P. 16.7(b) and this Court's October 10, 2014 Scheduling Order, submit this Proposed Integrated Pretrial Order.

### 1.      PRE-TRIAL DISCLOSURES AND OBJECTIONS THERETO

**A.**    **Plaintiff's Submissions and Objections to Defendant Ocwen Loan Servicing, LLC's Rule 26(a)(3) Disclosures.**

Plaintiff submitted his rule 26(a)(3) disclosures previously to Defendant as follows:

26(a)(3)(a)(i)  Expected Witnesses: The Plaintiff, Plaintiff's wife Tina Daugherty, Ocwen's Corporate Representative Sandra Lyew, and any other witnesses disclosed or called by Defendant Ocwen Loan Servicing, LLC.

                    Potential Witnesses:   Steven Napier, Corporate Representative of One Community Federal Credit Union, Evan Hendricks, Expert Witness, Corporate Representative of Equifax Information Services, LLC

26(a)(3)(a)(ii)  Steven Napier may be presented via deposition transcript.

26(a)(3)(a)(iii)  Plaintiff's expected exhibits:

Plaintiff's Deed of Trust
Plaintiff's Deposition Transcript and Exhibits

Defendant's Corporate Representative Deposition Transcript and Exhibits
Steven Napier Deposition Transcript and Exhibits
Defendant Ocwen Loan Servicing, LLC's file Notes produced through discovery.  (Bates OLS 1635-1746)
Ocwen letters reminding Plaintiff of impending balloon note maturation (Bates OLS 34, 163)  Collection letters mailed post-filing of Plaintiff's lawsuit (Bates OLS 1470-1485)
Plaintiff's payment history (Bates OLS 228-231)
Plaintiff's dispute letter March 14, 2013 (Bates OLS 576-577)
Ocwen's response to Plaintiff's March 2013 dispute (Bates OLS 225-226)
Ocwen's receipt of Plaintiff's Credit Reporting Agency dispute dated March 20, 2013 (Bates OLS 183)
ACDV from Plaintiff's March 2013 Dispute (Defendant Deposition Exhibit 7)
ACDV from Plaintiff's April 2014 Dispute (Bates OLS 1341-1344)
ACDV from Plaintiff's June 2014 Dispute (Bates OLS 1357-1358)
ACDV from Plaintiff's July 2014 Dispute (Bates OLS 319)
ACDV from Plaintiff's August 2014 Dispute (Bates OLS 1363-1364)
Plaintiff's dispute letter March 17, 2014 (Bates OLS 566-568, 570-575)
Ocwen's response to Plaintiff's March 2014 dispute (OLS 159, 223-224)
Ocwen's receipt of to Plaintiff's March 2014 dispute to CFPB (OLS 569)
CFPB Correspondence with Defendant re Plaintiff's Dispute (Pl.'s Initial 26(a)(1))
AUDF from Ocwen to Equifax dated July 2, 2014 (OLS 310)
All documents produced by Plaintiff in discovery
Report of Evan Hendricks (Plaintiff's Rule 26(a)(2) Disclosure)
Plaintiff may use other discovery answers, pleadings, and all other documents exchanged in discovery and any and all exhibits listed by Defendant if the need arises.

Plaintiff objects to the following witnesses and exhibits proposed by Defendant Ocwen Loan Servicing, LLC in its 26(a)(3) disclosures:

Defendant Ocwen proposes that Lorin Hanks be called as a fact witness regarding this matter and that dispute letters prepared by Lorin Hanks, as Aggressive Credit Repair, and Plaintiff's payments to Aggressive Credit Repair be introduced as exhibits.  Lorin Hanks never had any contact with Ocwen, and Ocwen never saw the content of any disputes prepared by Mr. Hanks obo Aggressive Credit Repair.  Ocwen testified that it never received any documentation from Equifax regarding any disputes; instead, Ocwen only received the dispute code.  [Def. Deposition 20-21:1-10]  Regardless of the content of Lorin Hanks's disputes, Ocwen claims it investigated each dispute and never disregarded a dispute as frivolous.  [Def. Deposition 30-

31:22-6]  Ocwen cannot claim Lorin Hanks had any impact on its reinvestigations, which is the sole issue presented to this Court.

Ocwen's duty under 15 U.S.C. 1681s-2(b) is to conduct a reasonable investigation of any consumer dispute referred by a credit reporting agency, using all available information.  *See Johnson v. MBNA Am. Bank*, 357 F.3d 426, 431 (4th Cir. 2004); *Saunders v. Equifax Info. Servs., L.L.C.*,  2006 WL 2850647, at *7 (E.D. Va. Oct. 3, 2006) *aff'd sub nom. Saunders v. Branch Banking and Trust Co. Of VA*, 526 F.3d 142 (4th Cir. 2008); *Alabran v. Capital One Bank,*  2005 WL 3338663, at *7 (E.D.Va.Dec.2005).  Any reference to Lorin Hanks will only distract the jury from the issue of whether Ocwen, upon receiving the dispute code from Equifax, conducted a reasonable reinvestigation of its reportings by looking at all the information that was available to Ocwen at that time.  Ocwen never received the disputes prepared by Aggressive Credit Repair. Ocwen cannot imply to the jury that it relied on information contained in disputes that it never received.

Further, Ocwen cannot claim that Plaintiff relied on the information Lorin Hanks provided.  Plaintiff testified that he was not aware of the contents of the disputes sent by Lorin Hanks.  [Pl. Deposition, 23:1-8]  Because neither party's actions were impacted by the content of Lorin Hanks's disputes, any testimony from Lorin Hanks is irrelevant, misleading, and prejudicial.  Any exhibits regarding these disputes or payments made by Plaintiff to Aggressive Credit Repair will have no probative value  This Court has the inherent power to exclude evidence under the *Federal Rules of Evidence.*  Any reference by Ocwen to the content of Lorin Hanks's disputes should be excluded because Ocwen had no knowledge of the contents of these disputes, will mislead the jury, and confuse the issues.

Ocwen seeks to introduce evidence regarding payment defaults from 2004 through

October 2011.  Any default prior to the loan transfer from Litton Loan Servicing to Defendant is irrelevant and will not aid the jury in determining liability in this matter.  On the contrary, such evidence would only serve to prejudice the jury against Plaintiff for a perceived inability to make timely payments.  The relevant time period is when Ocwen assumed loan servicing duties in November 2011 through present.  Plaintiff's claims do not relate to any conduct from before this time period, and the Defendant should be barred from presenting such evidence that has no probative value.

**B.**      **Defendant's Submissions and Objections to Plaintiff David Daugherty's Rule 26(a)(3) Disclosures.**

Defendant submitted its Rule 26(a)(3) disclosures to Plaintiff as follows:

Defendant <u>expects</u> to present the following witnesses:

|  | WITNESS NAME AND ADDRESS | PURPOSE |
|---|---|---|
| 1. | David M. Daugherty<br>c/o Jed R. Nolan, Esq.<br>Hamilton, Burgess, Young and Pollard, PLLC<br>5493 Maple Lane<br>Fayetteville, WV 25840 | Fact Witness |
| 2. | Corporate Representative<br>Ocwen Loan Servicing, LLC<br>c/o Jason Manning, Esq.<br>Troutman Sanders LLP<br>222 Central Park Avenue, Suite 2000<br>Virginia Beach, Virginia 23462 | Fact Witness /<br>Corporate Representative |
| 3. | Lorin Hanks, Corporate Representative of Aggressive Credit Repair, LLC<br>c/o Jon H. Rogers, Esq.<br>825 North 300 West, Suite N144<br>Northgate Park Business Center<br>Salt Lake City, UT 84103 | Fact Witness/<br>Corporate Representative |

| | | |
|---|---|---|
| 4. | Steven Napier, Corporate Representative of One Community Federal Credit Union c/o Andrew C. Woofter, III, Esq. Andrew C. Woofter, III, PLLC 429 Market Street, Suite 201 Parkersburg, WV 26102 | Fact Witness/ Corporate Representative |
| 5. | John Ulzheimer The Ulzheimer Group, LLC c/o Jason E. Manning Troutman Sanders LLP 222 Central Park Avenue, Suite 2000 Virginia Beach, VA 23462 | Expert Witness |

Defendant <u>may</u> call the following witnesses if the need arises:

| | WITNESS NAME AND ADDRESS | PURPOSE |
|---|---|---|
| 1. | Tina Daugherty c/o Jed R. Nolan, Esq. Hamilton, Burgess, Young and Pollard, PLLC 5493 Maple Lane Fayetteville, WV 25840 | Fact Witness |
| 2. | Corporate Representative of Equifax Information Services, LLC c/o Vincent M. Roskovensky, Esq. Clark Hill PLC 1233 Main Street, Suite 1700 Wheeling, WV 26003 | Fact Witness/ Corporate Representative |

Defendant may present testimony of Plaintiff, Lorin Hanks and Steve Napier by way of Deposition Transcripts.

Defendants may offer the following documents:

| TRIAL EXHIBIT NUMBER | DOCUMENT DATE | DESCRIPTION |
|---|---|---|
| 1. | 07/20/99 | Deed and Note in the amount of $100,860.00 in favor of Equifirst Corporation (DD/OLS 346 – 361) |
| 2. | 11/30/2011 - 05/31/14 | Ocwen's CRA Data List (DD/OLS 000322) |
| 3. | 07/11/05 | Notice of Default from Litton Loan Servicing, LLC (DD/OLS 481 – 482) |

| TRIAL EXHIBIT NUMBER | DOCUMENT DATE | DESCRIPTION |
|---|---|---|
| 4. | 06/12/06 | Notice of Default from Litton Loan Servicing, LLC (DD/OLS 501 – 502) |
| 5. | 07/12/06 | Notice of Default from Litton Loan Servicing, LLC (DD/OLS 509 – 510) |
| 6. | 4/30/2012 | Credit Reporting Data Tape (DD/OLS 602-645) |
| 7. | 08/26/13 | Ocwen's Letter Regarding Missed Mortgage Payment (DD/OLS 160-161) |
| 8. | 03/19/14 | Plaintiff's Letters to Ocwen (DD/OLS 566 – 568 and 570 – 577) |
| 9. | 04/08/2014 | Ocwen's Response to Plaintiff's CFPB Complaint (PP. 21- 26 of Plaintiff's responses to Ocwen's Requests for Production of Documents). |
| 10. | 04/19/14 | Ocwen's Response Letter to Plaintiff (DD/OLS 223 – 224) |
| 11. | 04/24/14 | Ocwen's ACDV Response (DD/OLS 1341 – 1342) |
| 12. | 05/05/14 | Ocwen's ACDV Response (DD/OLS 1347 – 1348) |
| 13. | 05/08/14 | Chase Credit Denial Letter (Plaintiff's Rule 26(a)(1) Initial Disclosures) |
| 14. | 05/09/2014 | Ocwen's ACDV Response (DD/OLS 1315 – 1316) |
| 15. | 05/21/14 | Comenity Denial Letter (Plaintiff's Rule 26(a)(1) Initial Disclosures) |
| 16. | 06/20/14 | Ocwen's ACDV Response (DD/OLS 1317 – 1318) |
| 17. | 07/02/14 | Ocwen's AUD Response (DD/OLS 310) |
| 18. | 08/08/14 | Detail Transaction History/Ocwen's Monthly Reporting Data (DD/OLS 1635- 1746) |
| 19. | 08/12/14 | Ocwen's ACDV Response (DD/OLS 1321 – 1322) |
| 20. | 09/12/14 | Ocwen's ACDV Response (DD/OLS 1323 – 1324) |
| 21. | 09/19/14 | Ocwen's ACDV Response (DD/OLS 1365 – 1366) |
| 22. | 10/11/14 | Ocwen's ACDV Response (DD/OLS 316) |
| 23. | 10/20/14 | Ocwen's ACDV Response (DD/OLS 1329 – 1330) |
| 24. | 11/13/14 | Ocwen's ACDV Response (DD/OLS 1333 – 1334) |
| 25. | 02/02/15 | Ocwen's ACDV Response (DD/OLS 1335 – 1336) |
| 26. | 02/21/15 | Quicken Loan Approval Letter (Plaintiff's Rule 26(a)(1) Initial Disclosures) |
| 27. | 03/07/13 – 03/10/15 | Aggressive Credit Repair Dispute Letter (ACRLLC 000001) |

| TRIAL EXHIBIT NUMBER | DOCUMENT DATE | DESCRIPTION |
|---|---|---|
| 28. | 04/24/15 | Ocwen's ACDV Response (DD/OLS 1341 – 1342) |
| 29. | 05/9/15 | Plaintiff's Payments to Aggressive Credit Repair and Disputes Identification (Produced by ACR at deposition) |
| 30. | 05/13/15 | Report of John Ulzheimer (Ocwen Loan Servicing, LLC's Rule 26(a)(2) Disclosures) |

Pursuant to Fed. R. Evid. 802, 803, and 804, Ocwen objects to Plaintiff presenting any testimony or evidence that pertains, refers, or relates to any documents obtained from Equifax Information Services, LLC ("Equifax") or third parties, including but not limited alleged credit reports of Plaintiff, the information allegedly contained within the same, and the information the Plaintiff allegedly received from the various credit reporting agencies. All such documents are inadmissible hearsay. Plaintiff lacks foundation to interpret any portion of the alleged credit reports that he has produced in this case, nor is he competent to lay a proper foundation for its admission into evidence. *See Cruz v. MRC Receivables Corp.*, 563 F. Supp. 2d 1092 (N.D. Cal. 2008); *Baker v. Capital One Bank*, No. CV 04-1192-PHX-NVW, 2006 WL 173668 (D. Ariz. Jan. 24, 2006) *aff'd sub nom., Baker v. Equifax Info. Servs., LLC*, 346 F. App'x 219 (9th Cir. 2009). Nor is he qualified to authenticate said documents.

Specifically, Ocwen's objections are as follows:

Plaintiff's Expected Witnesses

| # | WITNESS NAME | OBJECTION |
|---|---|---|
| 1 | Plaintiff David Daugherty | No objection |
| 2 | Tina Daugherty | FRE 402, 403, 702 |
| 3 | Ocwen's Corporate Representative | No objection |
| 4 | Witnesses Called By Ocwen | No objection |

Plaintiff's Potential Witnesses

| # | WITNESS NAME | OBJECTION |
|---|---|---|

| | 1 | Steve Napier, Corporate Representative of One Community Federal Credit Union | FRE 402; 602 |
|---|---|---|---|
| | 2 | Evan Hendricks, Expert Witness | FRE 402, 403, 702 |
| | 3 | Corporate Representative of Equifax Information Services, LLC | FRE 402, 403; Ocwen objects to Plaintiff's unnamed designation. Plaintiff's failure to name the potential witness prejudices Ocwen's right and ability to adequately prepare for trial. |

Designations of witnesses whose testimony Plaintiff expects to present by deposition.

| # | WITNESS NAME | OBJECTION |
|---|---|---|
| 1 | Steve Napier | FRE 402; 602 |

Exhibits Plaintiff Expects to Use

| # | DESCRIPTION | OBJECTION |
|---|---|---|
| 1 | Defendant Ocwen's file records produced through discovery (OLS 1635-1746) | FRE 402, 403; FRCP 26(a)(3)(A)(iii). Ocwen objects because Plaintiff includes multiple documents in this one exhibit. Each documents should be separately listed. Plaintiff's failure to properly list the exhibits separately prejudices Ocwen's right and ability to prepare for trial. |
| 2 | Ocwen letters reminding Plaintiff of impending balloon note maturation (OLS 34,163) | FRE 402, 403 |
| 3 | Collection letters mailed post-filing of Plaintiff's lawsuit (OLS 1470-1485) | FRE 402, 403 |
| 4 | Plaintiff's payment history (OLS 228-231) | No objection |
| 5 | Plaintiff's dispute letter March 14, 2013 (OLS 576-577) | FRE 402, 403 |

| 6 | Ocwen's receipt of Plaintiff's Credit Reporting Agency dispute dated March 20, 2013 (OLS 183) | FRE 402, 403, 602, 701, 802, 805 |
|---|---|---|
| 7 | ACDV from Plaintiff's March 2013 Dispute (Deposition Exhibit 7) | FRE 402, 403, 602, 701, 802, 805 |
| 8 | ACDV from Plaintiff's April 2014 Dispute (OLS 1341-1344) | No objection |
| 9 | ACDV from Plaintiff's June 2014 Dispute (OLS 1357-1358) | No objection |
| 10 | ACDV from Plaintiff's July 2014 Dispute (OLS 319) | FRE 402, 403, 602, 701, 802, 805 |
| 11 | ACDV from Plaintiff's August 2014 Dispute (OLS 1363-1364) | FRE 402, 403, 602, 701, 802, 805 |
| 12 | Plaintiff's dispute Letter March 17, 2014 (OLS 566-568) | FRE 402, 403 |
| 13 | Ocwen's response to Plaintiff's March 2014 dispute (OLS 159, 223,224) | FRE 402, 403 |
| 14 | Ocwen's receipt of to [*sic*] Plaintiff's March 2014 dispute to CFPB (OLS 569) | FRE 402, 403 |
| 15 | All documents produced by Plaintiff in discovery | FRE 402, 403, 602, 701, 703, 802, 805; FRCP 26(a)(3)(A)(iii). Ocwen objects because Plaintiff includes multiple documents in this one exhibit. Each documents should be separately listed. Plaintiff's failure to properly list the exhibits separately prejudices Ocwen's right and ability to prepare for trial. Ocwen objects to Plaintiff's designation of *any* exhibits obtained from Equifax and third parties as such exhibits are hearsay and Plaintiff cannot lay a foundation for or authenticate said documents. |

| 16 | Report of Evan Hendricks (Plaintiff's Rule 26(a)(2) Disclosure) | FRE 402, 403, 602, 703, 802, 805 |
|---|---|---|
| 17 | Plaintiff may use other discovery answers, pleadings, and all other documents exchanged in discovery and any and all exhibits listed by Defendant if the need arises. | FRE 402, 403, 602, 701, 703, 802, 805; FRCP 26(a)(3)(A)(iii). Ocwen objects to Plaintiff's designation of *any* exhibits obtained from Equifax and third parties as such exhibits are hearsay and Plaintiff cannot lay a foundation for or authenticate said documents. |

## 2. CONTESTED ISSUES OF LAW REQUIRING A RULING BEFORE TRIAL

### A. Plaintiff's Statement of Contested Issues of Law Requiring a Ruling Before Trial

Defendant Ocwen Loan Servicing, LLC's filed a Motion for Summary Judgment, asking the Court to find that its reinvestigations of Plaintiff's disputes were, as a matter of law, reasonable under 15 U.S.C. 1681s-2(b), that Plaintiff suffered no damages as a result of Ocwen's repeated verification of its inaccurate tradeline, that Ocwen was not negligent, and that Ocwen did not commit the tort of outrage.  Plaintiff has opposed each of these grounds for summary judgment by demonstrating a factual issue that must be determined by a jury.

### B. Defendant's Statement of Contested Issues of Law Requiring a Ruling Before Trial

On September 11, 2015, Ocwen filed a Motion for Summary Judgment (ECF No. 95). In its Motion, Ocwen argued that: (1) Plaintiff cannot demonstrate that Ocwen negligently violated the FCRA; (2) Ocwen conducted a reasonable investigation; (3) Plaintiff cannot show that he suffered damages as a result of Ocwen's actions; (4) Plaintiff cannot demonstrate willfulness; (5) Ocwen's actions were not objectively unreasonable; (6) There is no evidence that Ocwen acted with reckless disregard for Plaintiff's rights; (7) Plaintiff's claim pursuant to the West Virginia Consumer Credit and Protection Act is preempted; (8) Plaintiff's negligence claim lacks merit;

(9) Ocwen's actions were not outrageous; and (10) Plaintiff's equitable claim must be dismissed.

Ocwen's Motion for Summary Judgment has been fully brief and is ripe for ruling in favor of Defendant as a matter of law.

### 3.  PARTIES' STATEMENT OF ELEMENTS FOR CLAIMS AND DEFENSES

**A.  Plaintiff's Statement of Essential Elements Which Must Be Proved To Establish Any Meritorious Defenses.**

Under Plaintiff's FCRA claim, Plaintiff must prove that Ocwen failed to conduct a reasonable investigation into his disputes, considering all information available to it, and that he was damaged by Ocwen's failure to conduct a reasonable investigation. *Johnson v. MBNA Am. Bank*, 357 F.3d 426, 431 (4th Cir. 2004); *Saunders v. Equifax Info. Servs., L.L.C.*, 2006 WL 2850647, at *7 (E.D. Va. Oct. 3, 2006) *aff'd sub nom. Saunders v. Branch Banking and Trust Co. Of VA*, 526 F.3d 142 (4th Cir. 2008). In order to prove his claim that Ocwen acted willfully, Plaintiff needs to show that Ocwen's reading of the FCRA was objectively unreasonable and that Ocwen ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless. *Safeco Ins. Co. v. Burr*, 551 U.S. 47, 127 S.Ct. 2201 (2007).

Under Plaintiff's negligence claim, Plaintiff must prove that Ocwen assumed a duty of care to Plaintiff beyond the contractual relationship, that Ocwen breached that duty of care by failing to diligently investigate and respond to Plaintiff's direct disputes, that Ocwen's responses to Plaintiff's disputes were so deficient as to be characterized as reckless, and that Plaintiff was damaged by Ocwen's failure and refusal to conduct even a minimal investigation into Plaintiff's disputes. Under Plaintiff's Tort of Outrage claim, Plaintiff must show that Ocwen's deficient investigations and continued verification of obviously inaccurate tradelines were so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and be

regarded as atrocious and utterly intolerable in a civilized community.  *See Tanner v. Rite Aid of West Virginia, Inc*., 194 W.Va. 643, 461 S.E.2d 149 (1995).

Under Plaintiff's claim of Equity Abhors a Forfeiture, Plaintiff must establish that he forfeit substantial equity in his home based solely on Ocwen's unlawful conduct, and that Ocwen is the beneficiary of its misdeeds.

**B.** **Defendant's Statement of Essential Elements Which Must Be Proved To Establish Any Meritorious Defenses.**

Ocwen does not bear the burden of proof to establish elements of its defenses. It is Plaintiff's burden to prove the essential elements of his claims. Nevertheless, Ocwen states that Plaintiff's claims fail because Ocwen conducted a reasonable investigation of Plaintiff's dispute and was not required to investigate the subject account beyond the scope of the dispute. *See Westra v. Credit Control of Pinellas,* 409 F.3d at 825, 827 (7th Cir. 2005) (furnisher's investigation was reasonable given the scant information it received regarding the nature of Westra's dispute, which indicated only that the consumer asserted only that the account did not belong to him); *Malm v. Houshold Bank (SB), N.A.,* 2004 U.S. Dist. LEXIS 12981, *14-15 (D. Minn. July 7, 2004) (when ACDV indicated only cursory dispute that the account was "not his/hers," furnisher reasonably investigated by verifying that plaintiff's personal information matched its records).

Plaintiff is unable to prove willfulness as Ocwen's interpretation of the FCRA did not involve "an unjustifiably high risk of violating the statute" *Safeco Insurance Co. of America v. Burr,* 551 U.S. 47, 70 (2007), nor did Ocwen knowingly and intentionally commit an act "in conscious disregard for the rights of others." *Stevenson v. TRW, Inc.,* 987 F.2d 288, 293 (5th Cir. 1993).

Moreover, without damages, a FCRA claim cannot go forward. "The FCRA does not presume damages; instead . . . the consumer must affirmatively prove that [he] is entitled to damages." *Ruffin-Thompkins v. Experian Info. Solutions, Inc.,* 422 F.3d 603, 610 (7th Cir. 2005).

### 4.      SUMMARY OF FACTS AND THEORIES OF DEFENSE

**A.      Plaintiff's Summary of Facts and Theories of Liability**

In March 2013, Plaintiff discovered that his Equifax credit report showed two tradelines for Ocwen with the same account number:  one tradeline accurately reflecting that he was current, one tradeline inaccurately reflecting he was 120 days past due and in foreclosure. Plaintiff mailed direct disputes to Ocwen in March 2013 and March 2014.  Ocwen responded directly to Plaintiff by confirming that Plaintiff was not delinquent.  Each of these disputes was sent at the same time that Plaintiff submitted a dispute through Equifax.

In addition, Plaintiff submitted a complaint to the Consumer Financial Protection Bureau in March 2014.  The CFPB communicated Plaintiff's dispute to Ocwen, and it followed up with Ocwen in June 2014.  Plaintiff submitted two more disputes to Equifax regarding his payment history in June 2014 and August 2014.  In all four disputes submitted through Equifax, Ocwen verified the tradeline which stated Plaintiff was in foreclosure.

Plaintiff had a balloon payment provision in his loan with Defendant.  In July 2014, Plaintiff was required to payoff the remaining $80,000.00 due on his mortgage.  Plaintiff was unable to obtain refinancing through Quicken Loans or One Community Federal Credit Union due to the foreclosure tradeline.  After the foreclosure tradeline was removed from Plaintiff's credit report, Quicken Loans pre-approved Plaintiff for a home secured loan.

Plaintiff asserts four theories of liability:  (1) Ocwen failed to conduct a reasonable investigation of credit reporting disputes submitted through Equifax in violation of 15 U.S.C. 1681s-2(b) and

*Johnson v. MBNA*, 357 F.3d 426 (4th Cir. 2004), causing damages to Plaintiff; (2) common law negligence for Ocwen's breach of its assumed duty to adequately and thoroughly investigate Plaintiff's disputes regarding his account status submitted directly to Ocwen, causing damages to Plaintiff; (3) common law Tort of Outrage for Ocwen's deficient investigations and continued verification of obviously inaccurate tradelines when it knew that Plaintiff was required to refinance a balloon note were so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and be regarded as atrocious and utterly intolerable in a civilized community pursuant to *Tanner v. Rite Aid of West Virginia, Inc*., 194 W.Va. 643, 461 S.E.2d 149 (1995); and (4) a claim in equity that Ocwen should not benefit from its misdeeds by getting title to a home while requiring Plaintiff to forfeit significant equity in the home.

**B.      Defendant's Summary of Facts and Theories of Defense**

On July 20, 1999, Plaintiff and his wife executed a promissory Note (the "Note") in the original principal amount of $100,860.00. The Note was secured by a deed of trust on certain residential property. The Note called for monthly payments of principal and interest, with a balloon payment of $82,666.36 due July 26, 2014. In 2011 the Note and deed of trust (collectively, the "Loan") was transferred to Ocwen for servicing.

It is undisputed that Plaintiff was delinquent on the Loan in December 2011, January 2012 and February 2012 for a total delinquency of $6,128.39. As a result of the delinquency, foreclosure proceedings were commenced in April 2012. Prior to the foreclosure, Plaintiff redeemed the Property and foreclosure proceedings were stopped.

Shortly after the Loan was reinstated, Ocwen discovered the Loan had been boarded to its account management system with an incorrect opening date. Accordingly, Ocwen corrected the opening date on Ocwen's tradeline with the three major credit reporting agencies ("CRAs"). At

the time it corrected this information, the most recent credit reporting correctly reflected the account as past due 120 days.

For reasons unknown, instead of correcting the opening date on the Ocwen tradeline, Equifax added a completely new, second tradeline. The second tradeline correctly reflected the account as current, however the original tradeline continued to reflect 120 days past due. None of the other CRAs reported a duplicate tradeline, and Ocwen never reported a duplicate tradeline. Due to the impending balloon payment, Plaintiff sought to refinance the Loan, but was allegedly unable to be approved for financing due to the tradeline showing him as delinquent. Despite these allegations, it is undisputed that Plaintiff had multiple other derogatory accounts appearing in his credit report as well as multiple tax liens on his property which were imposed by the State. In an attempt to repair his credit, Plaintiff sought the assistance of a credit repair agency who sent letters to Equifax disputing the Ocwen tradeline as well as the other derogatory accounts.

With regard to the Ocwen tradeline, the dispute repeatedly stated "not mine" and "never late." Neither is dispute is valid. At no time did Plaintiff or his credit repair agency inform Ocwen that two separate Ocwen tradelines were appearing in his Equifax Report. As a result of these disputes, Equifax sent multiple Automated Consumer Dispute Verification forms ("ACDV") to Ocwen. Ocwen investigated the disputes and determined that the account it was reporting did belong to Plaintiff and that he had been late on his payments.

As of September 23, 2014, Equifax had removed the incorrect tradeline and was no longer reporting the Loan as delinquent or in foreclosure. Equifax has settled the claims against it for an undisclosed amount.

Plaintiff's claims fail because Plaintiff cannot demonstrate a willful violation of the FCRA, Plaintiff cannot demonstrate a negligent violation of the FCRA, Plaintiff cannot establish

a violation of West Virginia common law, and Plaintiff cannot prove Ocwen's actions caused him actual damages.

## 5.  CONTESTED ISSUES OF FACT AND LAW

### A.    Plaintiff's Listing of Contested Issues of Fact and Law

Although Ocwen has submitted a motion for summary judgment in this matter, Plaintiff believes that all of Plaintiff's claims are questions of fact:

Whether Ocwen's investigation of Plaintiff's disputes submitted via Equifax in March 2013, March 2014, June 2014, and August 2014 were reasonable under 15 U.S.C. 1681s-2(b) and *Johnson v. MBNA*, 357 F.3d 426 (4th Cir. 2004).

Whether Ocwen's inadequate investigation of Plaintiff's disputes submitted via Equifax in March 2013, March 2014, June 2014, and August 2014 were willful under 15 U.S.C. 1681s-2(b) and *Johnson v. MBNA*, 357 F.3d 426 (4th Cir. 2004).

Whether Ocwen's inadequate investigation of Plaintiff's disputes submitted via Equifax in March 2013, March 2014, June 2014, and August 2014 caused damages to Plaintiff under 15 U.S.C. 1681s-2(b) and *Johnson v. MBNA*, 357 F.3d 426 (4th Cir. 2004).

Whether Ocwen assumed a duty to Plaintiff to adequately research and respond to his disputes submitted directly to Ocwen.

Whether Ocwen breached its assumed duty to Plaintiff to adequately research and respond to his disputes submitted directly to Ocwen.

Whether Ocwen's breach of its assumed duty to Plaintiff to adequately research and respond to his disputes submitted directly to Ocwen caused Plaintiff damages.

Whether Ocwen's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and be regarded as atrocious and utterly intolerable in a civilized community pursuant to *Tanner v. Rite Aid of West Virginia, Inc*., 194 W.Va. 643, 461 S.E.2d 149 (1995).

Whether Ocwen should be allowed to effect a forfeiture of Plaintiff's home and equity.

**B.     Defendant's Listing of Contested Issues of Fact and Law**

For the reasons stated in Ocwen's Motion for Summary Judgment and Memoranda in Support, Ocwen is entitled to judgment as a matter of law based on the material facts in the record for which there is no genuine dispute.

Equifax is responsible for duplicate Ocwen tradelines appearing on Plaintiff's credit report.

Ocwen's investigation of Plaintiff's dispute was reasonable pursuant to 15 U.S.C. 1681s-2(b), *Westra*, 409 F.3d, and *Malm*, 2004 U.S. Dist. 12981.

The inaccuracy in Plaintiff's Equifax credit report occurred despite Ocwen's accurate reporting and reasonable procedures to ensure maximum possible accuracy. *Spitzer v. Trans Union LLC,* 140 F. Supp.2d 562, 564 (E.D.N.C. 2000), *aff'd* 3 Fed. Appx. 54 (4th Cir. 2001).

Plaintiff suffered no injury. *Id.*

Any credit reporting error or injury was caused by Equifax's inclusion of an inaccurate entry in Plaintiff's credit report. *Id.*

Ocwen reasonably investigated Plaintiff's disputes and there is no evidence of willful neglect pursuant to 1581 U.S.C. 1681s-2(b) and *Safeco*, 551 U.S. 47.

Ocwen, as a loan servicer, did not owe a duty to Plaintiff beyond those normally extant in a borrower-servicer relationship. *Carter v. National City Mortg., Inc.,* 2015 U.S. Dist. LEXIS 25766, *18 (N.D. W.Va. March 3, 2015).

Ocwen's conduct was not atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency" and Ocwen never "acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would

result from [its] conduct." Syl. Pt. 3, *Travis v. Alcon Labs., Inc.,* 202 W. Va. 369, 504 S.E.2d 419

(W.Va. 1998).

Plaintiff cannot prove a risk of forfeiture. *Headley v. Hoopengarner,* 60 W.Va. 626, 646,

55 S.E. 744.

## 6. STIPULATIONS

**A. Plaintiff's Proposed Stipulations of Fact**

- Plaintiff had a home secured loan serviced by Ocwen Loan Servicing, LLC.

- Plaintiff's home secured loan serviced by Ocwen was not in foreclosure at any point in the years 2013-2014.
- Plaintiff was 30 days late in March 2013.

- Plaintiff was in foreclosure in March 2012.

- Plaintiff avoided default by paying $6,128.00 in April 2012.

- Ocwen received disputes regarding Plaintiff's payment history in March 2013, March 2014, June 2014, and August 2014.

- Plaintiff hired a credit repair company named Aggressive Credit Repair.
Neither Plaintiff nor Ocwen received a copy of any dispute ever submitted by Aggressive Credit Repair prior to this lawsuit.

**B. Defendant's Proposed Stipulations of Fact**

- Plaintiff had a series of tax liens on his credit report as a result of his wife cashing in a 401K.

- As a result of Plaintiff's admitted default, foreclosure proceedings were intiated.

- Plaintiff was delinquent on his loan in December 2011, January 2012 and February 2012 for a total delinquency of $6,128.39.

- Ocwen began servicing the loan in November 2011.

- At the time the loan was boarded with Ocwen, the account contained an inaccurate opening date.

- Ocwen corrected the account opening date with the credit bureaus.

- Equifax was the only credit bureau reporting two Ocwen accounts on Plaintiff's credit report.

- At all times, Plaintiff's credit report contained one accurate Ocwen tradeline.

- None of Plaintiff's disputes or the ACDVs received by Ocwen indicated that Equifax was reporting two Ocwen tradelines.

**C.      Agreed Stipulations of Fact**

- Plaintiff had a home secured loan serviced by Ocwen Loan Servicing, LLC.

- Plaintiff was 30 days late on his loan payments in March 2013.

- Plaintiff was in foreclosure in March 2012.

- Plaintiff avoided foreclosure by paying $6,128.00 in April 2012.

- Plaintiff hired a credit repair company named Aggressive Credit Repair.

- Neither Plaintiff nor Ocwen received a copy of any dispute submitted by Aggressive Credit Repair prior to this lawsuit.


### 7.      SUGGESTIONS FOR THE AVOIDANCE OF UNNECESSARY PROOF AND CUMULATIVE EVIDENCE


**A.      Plaintiff's Suggestions**

Plaintiff proposes that all automated consumer dispute verification (ACDV) forms be admitted, regardless of whether Equifax or Ocwen generated the form. Ocwen testified that it relied on the e-Oscar standardized system of investigating consumer disputes initiated through credit reporting agencies. [Def. Dep. 19:7-25; 21:7-10] Because the ACDV system is standardized, and because Ocwen did not produce any ACDV responses from March 2013, Plaintiff should be allowed to present ACDV's disclosed by Equifax via discovery in this matter without requiring Equifax to travel in to testify regarding the forms.  Of course, Ocwen would not be required to translate any codes that are idiosyncratic to Equifax.

19

**B.     Defendant's Suggestions**

Defendant proposes that the Court exclude any testimony or evidence that pertains, refers, or relates to any documents obtained from Equifax Information Services, LLC ("Equifax" or third parties, including but not limited alleged credit reports of Plaintiff, the information allegedly contained within the same, and the information the Plaintiff allegedly received from the various credit reporting agencies. All such documents are inadmissible hearsay, confusing, and prejudicial pursuant to Fed. R. Evid. 802, 803, and 804. Plaintiff lacks foundation to interpret any portion of the alleged credit reports that he has produced in this case, nor is he competent to lay a proper foundation for its admission into evidence. *See Cruz v. MRC Receivables Corp.*, 563 F. Supp. 2d 1092 (N.D. Cal. 2008); *Baker v. Capital One Bank*, No. CV 04-1192-PHX-NVW, 2006 WL 173668 (D. Ariz. Jan. 24, 2006) *aff'd sub nom., Baker v. Equifax Info. Servs., LLC*, 346 F. App'x 219 (9th Cir. 2009). Nor is he qualified to authenticate said documents.

## 8.     SUGGESTIONS CONCERNING ANY NEED FOR ADOPTING SPECIAL PROCEDURES FOR MANAGING POTENTIALLY DIFFICULT OR PROTRACTED ASPECTS OF THE TRIAL THAT MAY INVOLVE COMPLEX ISSUES, MULTIPLE PARTIES, DIFFICULT LEGAL QUESTIONS OR UNUSUAL PROOF PROBLEMS

The parties have no suggestions because it is likely that this matter can be resolved without adopting special procedures.

## 9.     SPECIAL VOIR DIRE QUESTIONS

**A.     Plaintiff**

Plaintiff does not propose any special voir dire at this time and requests that he be allowed to conduct voir dire of the jurors directly.

**B.     Defendant**

Defendant proposes the following questions be asked of the jury panel:

- Has you or any family member ever owned real estate?

- Have you or any family member ever gotten a loan to buy real estate?

- Have you or a family member ever had any interaction or relationship with a loan servicer?

- Have you or a family member ever had any interaction or relationship with a consumer reporting agency?

- Have you or a family member ever been denied a loan or credit that you (or they) should have been granted?

## 10. ESTIMATE OF NUMBER OF DAYS FOR TRIAL

The parties estimate that the trial will be completed in three (3) days.

## 11. COURTROOM TECHNOLOGY REQUESTED

The Parties request that an overhead projector/Elmo be available for use to publish exhibits to the jury, witness, and Court. The parties will contact the Court's technology staff more than 7 days before the scheduled commencement of trial.

## 12. OTHER RELEVANT MATTERS FOR PRETRIAL DISCUSSION OR DISPOSITION

Plaintiff and Defendant incorporate their objections from Section 1 of this proposed pretrial order, and Defendant incorporates its response to Section 2 of this proposed pretrial order to ensure expedited disposition of this matter and eliminate frivolous claims and defenses.

Dated:  October 12, 2015                                 Respectfully submitted,

                                                         DAVID M. DAUGHERTY


                                                         By: _____/s/ Jed R. Nolan_____

Jed R. Nolan (W.V. Bar No. 10833)
HAMILTON, BURGESS, YOUNG & POLLARD, PLLC
5493 Maple Lane

Fayetteville, WV 25840
Telephone: (304) 574-2727
E-mail: jnolan@hamiltonburgess.com

                                            OCWEN LOAN SERVICING, LLC


                                            By:     /s/ Jason E. Manning
                                                              Of Counsel

Jason E. Manning (WV Bar No. 11277)
Jonathan M. Kenney (WV Bar No. 12458)
Counsel for Ocwen Loan Servicing, LLC
Troutman Sanders LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone:  (757) 687-7564
Facsimile:  (757) 687-1524
E-mail:  jason.manning@troutmansanders.com
E-mail:  jon.kenney@troutmansanders.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Beckley Division**

DAVID M. DAUGHERTY,

   Plaintiff,

  v.            Civil Action No. 5:14-cv-24506

OCWEN LOAN SERVICING, LLC,

   Defendant.

**<u>CERTIFICATE OF SERVICE</u>**

  I hereby certify that on the 12th day of October, 2015, I electronically filed the foregoing

*Proposed Pretrial Order* with the Clerk of the Court using the CM/ECF system, which will send

notice of such filing to the following CM/ECF participants:

**<u>Counsel for Plaintiff</u>**
Jed R. Nolan, Esq.
HAMILTON, BURGESS, YOUNG & POLLARD, PLLC
5493 Maple Lane
Fayetteville, WV 25840
E-mail: jnolan@hamiltonburgess.com

         /s/ Jason E. Manning
         Jonathan M. Kenney (WV Bar No. 11277)
         TROUTMAN SANDERS LLP
         222 Central Park Avenue, Suite 2000
         Virginia Beach, Virginia 23462
         Telephone:  (757) 687-7564
         Facsimile: (757) 687-1510
         E-mail: jason.manning@troutmansanders.com
         *Counsel for Ocwen Loan Servicing, LLC*

27288975