IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

DAVID M. DAUGHERTY,                          PLAINTIFF

V.                                          CIVIL ACTION NO. 5:14-24506

OCWEN LOAN SERVICING, LLC,                   DEFENDANT

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

COMES NOW the Plaintiff, by counsel, and within the time and in the manner ordered by this Court, hereby submits to this Court and Defendant the attached list of proposed jury instructions.  Plaintiff respectfully reserves the right to supplement or modify these instructions as may be required by events at trial or rulings by this Court.

RESPECTFULLY SUBMITTED,
**DAVID DAUGHERTY**

BY COUNSEL

HAMILTON, BURGESS, YOUNG
& POLLARD, *pllc*

BY:  ___/s/ Jed R. Nolan_____
Ralph C. Young  *(W. Va. Bar #4176)*
Christopher B. Frost  *(W. Va. Bar #9411)*
Steven R. Broadwater, Jr. *(W. Va. Bar #11355)*
Jed R. Nolan *(W. Va. Bar #10833)*
*Counsel for Plaintiff*
P. O. Box 959
Fayetteville, WV 25840
304-574-2727

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

DAVID M. DAUGHERTY,                          PLAINTIFF

V.                                           CIVIL ACTION NO. 5:14-24506

OCWEN LOAN SERVICING, LLC,                   DEFENDANT

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 1**

With specific reference to this case, Congress amended the Fair Credit Reporting Act effective in 1997 to impose certain obligations on creditors who furnish information to the credit bureaus which will be used in others' credit decisions.

15 U.S.C. §1681b.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

DAVID M. DAUGHERTY,                          PLAINTIFF

V.                                           CIVIL ACTION NO. 5:14-24506

OCWEN LOAN SERVICING, LLC,                   DEFENDANT

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 2

In order to recover under the Fair Credit Reporting Act on his claim that Ocwen did not conduct a reasonable investigation, Mr. Daugherty must show that the Ocwen tradeline was not accurate, and after he complained to the credit bureaus, and Ocwen investigated, Ocwen confirmed that the tradeline was his. Then the burden shifts to Ocwen to show it conducted an adequate investigation.

Guimond v. Trans Union Credit Corporation, 45 F.3d 1329, 1333 (9th Cir. 1995); Philbin v. Trans Union Corp., 101 F.3d 957, 964-66, 968 (3d Cir. 1996); Cahlin v. GMAC, 936 F.2d 1151, 1156 (11th Cir. 1991); Stewart v. Credit Bureau, Inc., 734 F.2d 47, 53 & n.7 (D.C. Cir. 1984); Barron v. Trans Union Corp., 82 F. Supp. 2d 1288 (M.D. Ala. 2000).

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

DAVID M. DAUGHERTY,                              PLAINTIFF

V.                                              CIVIL ACTION NO. 5:14-24506

OCWEN LOAN SERVICING, LLC,                      DEFENDANT

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 3**

  The Fair Credit Reporting Act imposes certain responsibilities on businesses like Ocwen so that credit bureaus can carry out their duties to assure maximum possible accuracy of the information they report about individuals. For instance, when Ocwen provides information about an individual to the credit bureaus, the information must be both complete and accurate. After Ocwen learns that the consumer disputes the completeness or accuracy of any information, Ocwen must include the consumer's dispute when it gives the credit bureaus information about the account.

    §1681e(b) mandates maximum possible accuracy for the reporting agency.
    §1681s-2(a) mandates the furnishers to provide accurate and complete information to the credit bureaus.
    §1681s-2(a)(3) mandates the furnishers to include notice of the consumer's dispute in its reports to the credit bureaus.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

DAVID M. DAUGHERTY,                         PLAINTIFF

V.                                          CIVIL ACTION NO. 5:14-24506

OCWEN LOAN SERVICING, LLC,                  DEFENDANT

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 4

Mr. Daugherty notified the credit bureaus that the Ocwen account tradelines appearing on his report were not accurately reflecting his payment status. After the credit bureaus notified Ocwen of that specific dispute, the law required Ocwen: First, to conduct an investigation with respect to the disputed information; Second, to review all relevant information provided to Ocwen by the credit bureau; Third, to review all other information available to it, including earlier complaints or other communications received from the consumer; Fourth, to report the results of the investigation to the credit bureau; and Fifth, to report any change to all three major credit bureaus if its investigation finds that the information is incomplete or inaccurate.

§1681s-2(b)(1) imposes these duties. Since there is no claim that the investigations were untimely, an instruction for §1681s-2(b)(2) is not included. *Saunders v. Equifax Info. Servs., L.L.C.*, 2006 WL 2850647, at *7 (E.D. Va. Oct. 3, 2006) *aff'd sub nom. Saunders v. Branch Banking and Trust Co. Of VA*, 526 F.3d 142 (4th Cir. 2008)

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

DAVID M. DAUGHERTY,                          PLAINTIFF

V.                                           CIVIL ACTION NO. 5:14-24506

OCWEN LOAN SERVICING, LLC,                   DEFENDANT

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 5**

Ocwen was required to conduct a reasonable investigation.  Factors to be considered in determining whether Ocwen has conducted a reasonable investigation include (1.) Whether the consumer has alerted Ocwen that its information may be unreliable, and (2) the cost of verifying the accuracy of the information versus the possible harm of reporting inaccurate information. The standard for such investigation is what a reasonably prudent person would do under the circumstances.  Evaluating the reasonableness of Ocwen's investigations involves weighing the potential harm from inaccuracy against the burden of safeguarding against such inaccuracy.

Bruce v. First U.S.A. Bank, Nat. Ass'n, 103 F. Supp. 2d 1135, 1143 (E.D. Mo. 2000);  .Thompson v. San Antonio Retail Merchants Association, 682 F2d. 509, 513 (5th Cir. 1982). Barron v. Trans Union Corp., 82 F.Supp. 2d 1288, 1295 (N.D. Ala. 2000); Stewart v. Credit Bureau, Inc., 734 F.2d 47, 51-52 (D.C. Cir. 1984)

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

DAVID M. DAUGHERTY,                    PLAINTIFF

V.                                     CIVIL ACTION NO. 5:14-24506

OCWEN LOAN SERVICING, LLC,             DEFENDANT

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 6**

To determine whether Ocwen conducted a reasonable investigation, you must consider each of the steps it took, and what steps it might have taken but did not. The law says that any information Ocwen furnishes to a credit bureau must be complete and accurate. Therefore, you must determine whether its investigation was at least sufficient to ensure that any information Ocwen verified about David Daugherty was both complete and accurate.   A reasonable investigation is one which could have discovered an error or factual deficiency.   Ocwen's investigations were not reasonable of the factual deficiency or error could have been remedied by uncovering additional facts that are more accurate.

§1682s-2(a)(2);  Johnson v. MBNA Am. Bank, 357 F.3d 426, 431 (4th Cir. 2004); Cahlin v. General Motors Acceptance Corp., 936 F.2d 1151, 1160 (11th Cir. 1991).

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

DAVID M. DAUGHERTY,                          PLAINTIFF

V.                                           CIVIL ACTION NO. 5:14-24506

OCWEN LOAN SERVICING, LLC,                   DEFENDANT

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 7**

Ocwen may not furnish any information to a credit bureau relating to a consumer if Ocwen consciously avoids knowing that the information is inaccurate. In other words, it is not reasonable for Ocwen to conduct a casual, hasty, or superficial investigation which would not be adequate to discover the validity of Mr. Daugherty's dispute that the tradeline was not his.

§1681s-2(a)(1)(A); Johnson v. MBNA Am. Bank, 357 F.3d 426, 431 (4th Cir. 2004); Cushman v. Trans Union Corp., 115 F.3d 220, 224-25 (3d Cir. 1997) (perfunctory investigation improper once a claimed inaccuracy is pinpointed) (before 1996 amendments)

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

DAVID M. DAUGHERTY,                          PLAINTIFF

V.                                           CIVIL ACTION NO. 5:14-24506

OCWEN LOAN SERVICING, LLC,                   DEFENDANT

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 8**

The investigation must be a good faith effort to determine the accuracy of the dispute. Because of the nature of the dispute in this case, Ocwen, at a minimum, should have consulted its own original underlying documents.

"In order to comply with Section 623(b) when a consumer disputes the accuracy of information reported by the defendant to a consumer reporting agency, defendant shall        either verify the information with the original account records within the time period set forth in the Fair Credit Reporting Act or take all necessary steps to delete the information from the files of all consumer reporting agencies to which the information was reported. In any situation where the defendant either knows that no original records exist, or is informed by the original creditor that no records exist, the defendant shall, within five business days after receiving the consumer dispute, notify all consumer reporting agencies to which the information has been provided that the information is to be deleted from the file of the consumer who has disputed the account."

United States of America v. Performance Capital Management, Inc. (C. D. Cal. Aug. 2000), *reprinted at* http://www.ftc.gov/os/2000/08/performconsent.htm; see also http://www.ftc.gov/opa/2000/08/performance.htm

The following authority provides standards for credit bureau investigation before furnisher creditors had the new obligations imposed by the 1996 amendments. Plaintiff could find no post-amendment cases other than the FTC's position set forth above. Federal Trade Commission Official Staff Commentary on the Fair Credit Reporting Act, 16 C.F.R. Part 600 §611 item 2 (1990); Cushman v. Trans Union Corp., 115 F.3d 220, 224-25 (3d Cir. 1997) (perfunctory investigation improper once a claimed inaccuracy is pinpointed); Henson v. CSC Credit Services, 29 F.3d 280, 286-87 (7th Cir. 1994) (must verify accuracy of initial information); Cahlin v. General Motors Acceptance Corp., 936 F.2d 1151, 1160 (11th Cir. 1991) (whether error could have been remedied by uncovering additional facts); Dynes v. TRW Credit Data, 652 F.2d 35-36 (9th Cir. 1981)(single effort to investigate inadequate); Bryant v. TRW, Inc., 689 F.2d 72,

79 (6th Cir. 1982) (two phone calls to the creditors insufficient; <u>Swoager v. Credit Bureau</u>, 608 F. Supp. 972, 976 (D.C. Fla. 1985) (merely reporting whatever information a creditor furnished not reasonable; <u>In re MIB, Inc</u>., 101 FTC 415, 423 (1983) (FTC ordered the credit reporting agency to include as  part of such reinvestigation a reasonable effort to contact original sources); <u>In re Credit  Data Northwest</u>, 86 FTC 389, 396 (1975) (FTC ordered a credit reporting  agency to "request[] examination by the creditor, where relevant, of any original documentation relating to the dispute in addition to its own records).

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

DAVID M. DAUGHERTY,                          PLAINTIFF

V.                                           CIVIL ACTION NO. 5:14-24506

OCWEN LOAN SERVICING, LLC,                   DEFENDANT

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 9

If the investigation procedures established by Ocwen resulted in Ocwen confirming to the credit bureaus that both tradelines belonged to Mr. Daugherty even though the tradeline was inaccurate, you must find that the investigations were not reasonable.

> Johnson v. MBNA Am. Bank, 357 F.3d 426, 431 (4th Cir. 2004); Barron v. Trans Union Corp., 82 F.Supp. 2d 1288, 1295 (N.D. Ala. 2000); Stewart v. Credit Bureau, Inc., 734 F.2d 47, 51-52 (D.C.Cir. 1984); Teel v. Thorp Credit Inc., 609 F.2d 1268, 1270 (7th Cir. 1979) (TILA) (system "almost invited this variety of error"). Cf. Turner v. Firestone Tire and Rubber Co., 537 F.2d 1296, 1298 (8th Cir. 1976) (TILA) (the error was easy to commit and to detect, yet no procedures had been adopted to detect the error); Pedro v. Pacific Plan, 393 F. Supp. 315, 322 (N.D. Cal. 1975) (TILA) (the error was built into the form, so defendant couldn't claim procedures reasonably adapted to avoid it)

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

DAVID M. DAUGHERTY,                          PLAINTIFF

V.                                           CIVIL ACTION NO. 5:14-24506

OCWEN LOAN SERVICING, LLC,                   DEFENDANT

### PLAINTIFF'S PROPOSED INSTRUCTION NO. 10

"Compliance with the consumer disclosure, reinvestigation and correction provisions of the statute is fundamental to achievement of Congress' goal of assuring 'maximum possible accuracy' in consumer reports."   In re Equifax, 96 FTC 1045, 1066 (1980), rev'd in part on other grounds, 678 F.2d 1047, 1052 (11th Cir. 1982) (whether procedures followed posed an unreasonable risk of producing error).

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

DAVID M. DAUGHERTY,                          PLAINTIFF

V.                                           CIVIL ACTION NO. 5:14-24506

OCWEN LOAN SERVICING, LLC,                   DEFENDANT

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 11**

The Act specifically permits damages to be awarded to the plaintiff for either willful or negligent noncompliance with the Act by defendant.


15 U.S.C. s1681n, -o

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

DAVID M. DAUGHERTY,                          PLAINTIFF

V.                                           CIVIL ACTION NO. 5:14-24506

OCWEN LOAN SERVICING, LLC,                   DEFENDANT

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 12**

Because the procedures used by Ocwen to investigate did not comply with its obligations under the FCRA, I direct you to find that the procedures were at least negligent. You may also find them willful, as I will instruct you later.


<u>Carroll v. Exxon Co., U.S.A.,</u> 434 F. Supp 557, 561 (E.D. La. 1977)

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

DAVID M. DAUGHERTY,                          PLAINTIFF

V.                                           CIVIL ACTION NO. 5:14-24506

OCWEN LOAN SERVICING, LLC,                   DEFENDANT

## PLAINTIFF'S PROPOSED INSTRUCTION NO.  13

If you find that Ocwen violated the Act and Mr. Daugherty was harmed by such violation, then you may award damages for:

> Out-of-pocket expenses (if any)
> Fischl v. GMAC, 708 F.2d 143, 151 (5th Cir. 1983).
>
> Humiliation.
>
> Casella v. Equifax Credit Information Serv., 56 F.3d 469, 474 (2d Cir. 1995); Guimond v. Trans Union Credit Corporation, 45 F.3d 1329, 1333 (9th Cir. 1995); Fischl v. GMAC, 708 F.2d 143 (5th Cir. 1983); Jones v. Credit Bureau of Huntington, 399 S.E.2d 694, 699 (W. Va. 1990) (surveying cases); *Robinson v. Equifax*, 560 F.3d 235, 241 (4th Cir. 2009); *Sloane v. Equifax Info. Serv., LLC*, 510 F.3d 495, 507 (4th Cir. 2007)
>
> Mental Distress.
>
> Guimond v. Trans Union Credit Corporation, 45 F.3d 1329, 1333 (9th Cir. 1995); Fischl v. GMAC, 708 F.2d 143 (5th Cir. 1983); Jones v. Credit Bureau of Huntington, 399 S.E.2d 694, 699 (W. Va. 1990); Johnson v. Dept. of Treasury, I.R.S., 700 F.2d 971, 977 (5th Cir. 1983); *Robinson v. Equifax*, 560 F.3d 235, 241 (4th Cir. 2009); *Sloane v. Equifax Info. Serv., LLC*, 510 F.3d 495, 507 (4th Cir. 2007)
>
> Emotional Distress.
>
> Casella v. Equifax Credit Information Serv., 56 F.3d 469, 474 (2d Cir. 1995); Dalton v. Capital Assoc., 257 F.3d 409, 418-19 (4th Cir. 2001); Guimond v. Trans Union Credit Corporation, 45 F.3d 1329, 1333 (9th Cir. 1995); Bryant v. TRW, Inc., 487 F. Supp. 1234, 1238-39 (D. Mich. 1980), aff'd, 689 F.2d 72 (6th Cir. 1982); Johnson v. Dept. of Treasury, I.R.S., 700 F.2d 971, 977 (5th Cir. 1983).

Injury to Plaintiff's Reputation.

Dalton v. Capital Assoc., 257 F.3d 409, 418019 (4th Cir. 2001); Jones v. Credit Bureau of Huntington, Inc., 399 S.E.2d 694, 699 (W. Va. 1990); Fischl v. GMAC, 708 F.2d 143, 151 (5th Cir. 1983).

Injury to Plaintiff's Credit Rating

Jones v. Credit Bureau of Huntington, Inc., 399 S.E.2d 694, 699 (W. Va. 1990); Fischl v. GMAC, 708 F.2d 143, 151 (5th Cir. 1983).

Anxiety

Bryant v. TRW, Inc., 487 F. Supp. 1234, 1238-39 (D. Mich. 1980), aff'd, 689 F.2d 72 (6th Cir. 1982)

Embarrassment

Bryant v. TRW, Inc., 487 F. Supp. 1234, 1238-39 (D. Mich. 1980), aff'd, 689 F.2d 72 (6th Cir. 1982); *Robinson v. Equifax*, 560 F.3d 235, 241 (4th Cir. 2009); *Sloane v. Equifax Info. Serv., LLC*, 510 F.3d 495, 507 (4th Cir. 2007)

Frustration

Millstone v. O'Hanlon Reports, Inc., 529 F.2d 829, 834-35 (8th Cir. 1976)

Being accused of owing a debt which one does not owe

Cox v. Sears, Roebuck & Co., 647 A.2d 454, 464 (N.J. 1994); Sorge v. Transworld Systems, Inc., Civil No. 3:94CV71 (JBA) (D. Conn. Sept. 19, 1996)

Harm to plaintiff's interest in privacy

TRW's Reply Brief in TRW Inc. v. Andrews, __ U.S. __, No. 00-1045, citing Restatement (Second) of Torts sec. 652H (1977).

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

DAVID M. DAUGHERTY,                          PLAINTIFF

V.                                           CIVIL ACTION NO. 5:14-24506

OCWEN LOAN SERVICING, LLC,                   DEFENDANT

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 14**

There is no fixed standard or measure in the case of intangible items such as anxiety, humiliation, embarrassment, mental anguish and emotional distress.  You must determine a fair and adequate award for these items, both the distress and embarrassment to date and any continuing distress, using your judgment and experience in the affairs of the world after considering all the facts and circumstances presented during the trial of this case. A person may recover for emotional distress based on his own subjective testimony about his feelings. He does not have to introduce medical or other testimony.

Smith v. Law Office of Mitchell N. Kay, 124 B.R. 182, 187-88 (D. Del. 1990); Johnson v. Dept. of Treasury, I.R.S., 700 F.2d 971, 985 n. 39 (5th Cir. 1983); Bryant v. TRW, Inc., 487 F.Supp. 1234, 1239 n. 7 (E.D.Mich. 1980), aff'd. 689 F.2d 72 (6th Cir. 1982); Jones v. Credit Bureau of Huntington, Inc., 399 S.E.2d 694, 699 fn. 5 (1990); Giordano v. Giordano, 39 Conn. App. 183, 207-08, 664 A.2d 1136 (1995); Oakes v. New England Dairies, Inc., 219 Conn. 1, 13, 591 A.2d 1261 (1991); Berry v. Loiseau, 223 Conn. 786, 811, 614 A.2d 414 (1992).

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

DAVID M. DAUGHERTY,                          PLAINTIFF

V.                                          CIVIL ACTION NO. 5:14-24506

OCWEN LOAN SERVICING, LLC,                   DEFENDANT


### PLAINTIFF'S PROPOSED INSTRUCTION NO. 15


If you find there were no actual damages, you must award at least nominal damages.

> Guccione v. Hustler Magazine, Inc., 800 F. 2d 298, 303 (2d Cir. 1986);
> Auwood v. Harry Brandt Booking Office, Inc., 647 F. Supp 1551, 1553
> (D. Conn. 1986); Boule v. Hulton, 138 F. Supp. 2d 491, 506 (S.D.N.Y.
> 2001); Beckford v. Irvin, 49 F. Supp. 2d 170 (W.D.N.Y. 1999); Russell v.
> Shelter Fin. Services, 604 F.Supp. 201, 203 (W.D. Mo. 1984); Creem v.
> Cicero, 12 Conn. App. 607, 610-11, 533 A.2d 234 (1987) ($100 nominal
> damages); Patalano v. Chabot, 139 Conn. 356, 362, 94 A.2d 15 (1952)
> ($25 nominal damages).

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

DAVID M. DAUGHERTY,                              PLAINTIFF

V.                                               CIVIL ACTION NO. 5:14-24506

OCWEN LOAN SERVICING, LLC,                       DEFENDANT


**PLAINTIFF'S PROPOSED INSTRUCTION NO. 16**

Denial of credit to David Daugherty is not necessary in order for you to award actual or punitive damages under the Act.  Damages may be awarded if you find Ocwen's inaccuracy was, at the very least, a substantial factor in Plaintiff's credit denials.


Casella v. Equifax Credit Information Serv., 56 F.3d 469 (2d Cir. 1995); Guimond v. Trans Union Credit Corporation, 45 F.3d 1329, 1333 (9th Cir. 1995); McMillan v. MBNA Financial Services, Inc., 2001 US Dist LEXIS 17973 (D. Conn. Oct. 19, 2001); *See Philbin v. TransUnion Corp.*, 101 F.3d 957 (3rd 1997); *Guimond v. TransUnion Credit Info. Co.*, 45 F.3d 1329 (9th Cir. 1995); *Dixon-Rollins v. Experian Info. Solutions, Inc.*, 753 F.Supp.2d 452 (E.D.Pa. 2010) (actual damages based in part on damages plaintiff incurred in connection with her efforts to correct the error in TransUnion's credit report); *Bradshaw v. BAC Home Loan Serv., Ltd.*, 816 F.Supp.2d 1066, 1075 (D. Or. 2011) (letters from prospective creditors listing CRA they obtained information on plaintiff's creditworthiness were sufficient to create a triable issue of fact).

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

DAVID M. DAUGHERTY,                                PLAINTIFF

V.                                                 CIVIL ACTION NO. 5:14-24506

OCWEN LOAN SERVICING, LLC,                         DEFENDANT

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 17**

You may award punitive damages if you find that the defendant was on notice of the error and then disregarded it.  Dalton v. Capital MBNA Industries, Inc., 257 F.3d 409, 418 (4th Cir.2001).

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

DAVID M. DAUGHERTY,                        PLAINTIFF

V.                                         CIVIL ACTION NO. 5:14-24506

OCWEN LOAN SERVICING, LLC,                 DEFENDANT

### PLAINTIFF'S PROPOSED INSTRUCTION NO. 18

If you find that Ocwen did not correct an admitted error in Plaintiff's credit file, then its conduct was in reckless disregard of its legal duties owed to the Plaintiff to correct errors and entitles Plaintiff to an award of punitive damages.

Nitti v. Credit Bureau of Rochester, Inc., 84 Misc.2d 277, 375 N.Y.S.2d 817 (1975);
Sayers v. GMAC, 522 F.Supp. 835, 842 (D. Mo. 1981).

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

DAVID M. DAUGHERTY,                        PLAINTIFF

V.                                         CIVIL ACTION NO. 5:14-24506

OCWEN LOAN SERVICING, LLC,                 DEFENDANT

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 19**

If you choose to award punitive damages, you should award punitive damages which, in your judgment, are necessary or appropriate, in light of the factors provided to you.

Jones v. Credit Bureau of Huntington, Inc., 399 S.E.2d 694, 702 (W. Va. 1990).

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

DAVID M. DAUGHERTY,                    PLAINTIFF

V.                                     CIVIL ACTION NO. 5:14-24506

OCWEN LOAN SERVICING, LLC,             DEFENDANT

**PLAINTIFF'S PROPOSED INSTRUCTION NO.  20**

In awarding punitive damages under the Fair Credit Reporting Act, you may award punitive damages even if you believe Plaintiff proved no actual damages or just nominal actual damages.

> 15 U.S.C. §1681n; <u>Yohay v. City of Alexandria Employees Credit Union</u>, 827 F.2d 967, 972 (4th Cir. 1987); <u>Cush-Crawford v Adchem Corp.</u>, __ F.3d __ (2d Cir. Nov. 16, 2001); <u>Casella v. Equifax Credit Information Serv.</u>, 56 F.3d 469, 476 (2d Cir. 1995); <u>Bakker v. McKinnon</u>, 152 F.3d 1007, 1013 (8th Cir. 1998); <u>Guimond v. Trans Union Corp.</u>, 45 F.3d 1329, 1333 (9th Cir. 1995).

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

DAVID M. DAUGHERTY,                          PLAINTIFF

V.                                           CIVIL ACTION NO. 5:14-24506

OCWEN LOAN SERVICING, LLC,                   DEFENDANT

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 21**

In determining whether to award punitive damages, you may consider the following factors:

The remedial purpose of the Act;

The harm to other consumers that might have been caused by MBNA' failure to have adequate investigation procedures;

The manner in which the defendant conducted its business;

The profitability of defendant's conduct;

The manner in which agency dealt with plaintiff;

The defendant's income and net worth;

The reprehensibility of defendant's acts;  and

The amount needed to punish the defendant, to affect MBNA' future conduct and to deter the defendant and others like it from violating the FCRA.

TXO Prod. Corp. v. Alliance Resources Corp., 509 U.S. 443, 460-61 (1993); Jones v. Credit Bureau of Huntington, Inc., 399 S.E.2d 694, 702, 704 (W. Va. 1990); Pinner v. Schmidt, 805 F.2d 1258 (5th Cir. 1986); Collins v. Retail Credit Co., 410 F. Supp. 924 (D. Mich. 1976).  Fury Imports, Inc. v. Shakespeare Co., 554 F.2d 1376, 1389 (5th Cir. 1977; Continental Trend Resources v. OXY USA Inc., 44 F.3d 1465, 1476 (10th Cir. 1995); Dunn v. HOVIC, 1 F.3d 1371, 1380 (3d Cir. 1993); ); Jones v. Credit Bureau of Huntington, Inc., 399 S.E.2d 694, 702 (W. Va. 1990); Nitti v. Credit Bureau of Rochester, Inc., 84 Misc.2d 277, 375 N.Y.S.2d 817, 821 (1975); 15 U.S.C. 1681n.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

DAVID M. DAUGHERTY,                          PLAINTIFF

V.                                           CIVIL ACTION NO. 5:14-24506

OCWEN LOAN SERVICING, LLC,                   DEFENDANT

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 22**

Each investigation by Ocwen which did not comply with its obligations under the FCRA is a separate and distinct violation.

Hyde v. Hibernia Nat. Bank in Jefferson Parish, 861 F.2d 446, 450 (5th Cir. 1988).

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

DAVID M. DAUGHERTY,                          PLAINTIFF

V.                                           CIVIL ACTION NO. 5:14-24506

OCWEN LOAN SERVICING, LLC,                   DEFENDANT

### PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 23

If you find that the Defendant violated the Fair Credit Reporting Act, you must find that such violation was negligent, willful or both.  If you find that the defendant violated the Fair Credit Reporting Act and such act was negligent but not willful, you may not assess punitive damages against the Defendant.  If you find that the defendant violated the Fair Credit Reporting Act and such act was willful, you may assess punitive damages against the Defendant.  You may award punitive damages only if you find that the defendant's actions were willful.


15 U.S.C. 1681(n) and (o); Yohay v. City of Alexandria Employees Credit Union, Inc., 827 F.2d 967 (4th Cir. 1987); *Safeco Ins. Co. v. Burr*, 551 U.S. 47, 127 S.Ct. 2201 (2007)

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

DAVID M. DAUGHERTY,                         PLAINTIFF

V.                                          CIVIL ACTION NO. 5:14-24506

OCWEN LOAN SERVICING, LLC,                  DEFENDANT

### PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 24

If you find that the Defendant's violation of the Fair Credit Reporting Act was willful, you may award punitive damages to punish the defendant for its willful noncompliance.  Willful violations can be proven by showing not only knowing, intentional violations, but also violations in reckless disregard of the law.  Actual knowledge or malicious intent is not required to show willfulness.  Plaintiff needs only show that Defendant's reading of the FCRA was objectively unreasonable and that Defendant ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.  Actual damages need not be awarded to Plaintiff for you to assess punitive damages against Defendant.  Malice or evil motive need not be found in order to assess punitive damages.


*Safeco Ins. Co. v. Burr*, 551 U.S. 47, 127 S.Ct. 2201 (2007); Yohav v. City of Alexandria Employees Credit Union, Inc., 827 F.2d 967, 970 and 972 (4th Cir. 1987); Dalton v. Capital Associated Industries, Inc., 257 F.3d 409, 418 (4th Cir. 2001). Jones v. Credit Bureau of Huntington, Inc., 399 S.E.2d 694, 703 (W. Va. 1990).

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

DAVID M. DAUGHERTY,                            PLAINTIFF

V.                                             CIVIL ACTION NO. 5:14-24506

OCWEN LOAN SERVICING, LLC,                     DEFENDANT

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 25**

If you find that Defendant provided services beyond those normally extant in a borrower-servicer relationship, then Defendant had a duty to Plaintiff.

　　Carter v. National City Mortg. Inc., 2015 U.S. Dist. LEXIS 25766 *18 (N.D.W.Va. March 3, 2015)

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

DAVID M. DAUGHERTY,                          PLAINTIFF

V.                                           CIVIL ACTION NO. 5:14-24506

OCWEN LOAN SERVICING, LLC,                   DEFENDANT

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 26

If you find that Defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency and that the Defendant acted recklessly when it was certain or substantially certain emotional distress would result from his conduct, you must find that Defendant has committed the Tort of Outrage.

Travis v. Alcon Labs, Inc., 202 W.Va. 369 (W.Va. 1998)

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

DAVID M. DAUGHERTY,                          PLAINTIFF

V.                                           CIVIL ACTION NO. 5:14-24506

OCWEN LOAN SERVICING, LLC,                   DEFENDANT

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 27**

If you find that equity dictates that Plaintiff not forfeit his home and equity in his home due to Defendant's actions, then you must find for the Plaintiff.

*Headley v. Hoopengarner*, 55 S.E. 744.

**DAVID DAUGHERTY**

BY COUNSEL

HAMILTON, BURGESS, YOUNG
    & POLLARD, *pllc*


BY:   /s/ Jed R. Nolan
      Ralph C. Young *(W. Va. Bar #4176)*
ryoung@hamiltonburgess.com
      Christopher B. Frost *(W. Va. Bar #9411)*
cfrost@hamiltonburgess.com
      Steven R. Broadwater, Jr. (*W. Va. Bar #11355*)
sbroadwater@hamiltonburgess.com
      Jed R. Nolan *(W. Va. Bar #10833)*
jnolan@hamiltonburgess.com
      *Counsel for Plaintiff*
      P. O. Box 959
      Fayetteville, WV 25840
      304-574-2727

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

DAVID M. DAUGHERTY,                           PLAINTIFF

V.                                            CIVIL ACTION NO. 5:14-24506

EQUIFAX INFORMATION SERVICES LLC
and OCWEN LOAN SERVICING, LLC,                DEFENDANTS

## CERTIFICATE OF SERVICE

I, Jed R. Nolan, counsel for Plaintiff, hereby certify that I have filed this **CERTIFICATE OF SERVICE** for **PLAINTIFF'S PROPOSED JURY INSTRUCTIONS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants, and that I served a true and accurate copy of the entire document via United States mail, postage prepaid, to each of the following on October 26, 2015:

John C. Lynch, Esq.
Jason E. Manning, Esq.
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA  23462
*Counsel for Defendant Ocwen Loan Servicing, LLC*
john.lynch@troutmansanders.com
jason.manning@troutmansanders.com


/s/ Jed R. Nolan
**JED R. NOLAN** *(WVSB #10833)*
jnolan@hamiltonburgess.com