IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

DAVID M. DAUGHERTY,                              PLAINTIFF

V.                                               CIVIL ACTION NO. 5:14-24506

EQUIFAX INFORMATION SERVICES
LLC and OCWEN LOAN SERVICING, LLC,               DEFENDANTS

**PLAINTIFF'S OBJECTION TO DEFENDANT OCWEN LOAN SERVICING, LLC'S MOTION FOR LEAVE TO FILE RENEWED MOTION FOR SUMMARY JUDGMENT**

Ocwen continues to misstate the legal standard applicable in this matter in its Motion for Leave to file a renewed Motion for Summary Judgment on the issues of willfulness and damages. Ocwen's insistence that it complied with the Fair Credit Reporting Act and Fourth Circuit case law underpins Plaintiff's claim that Ocwen's violations are willful. Ocwen's only duty in this case arises from its failure to conduct a reasonable investigation of Plaintiff's disputes. 15 U.S.C. § 1681s-2(b)(1) requires that after receiving notice from a Credit Reporting Agency (herein "CRA") that information provided by the furnisher has been disputed, the furnisher must review the information provided by the CRA *and* conduct its own investigation of the accuracy and completeness of the disputed information.

For over ten years, the Fourth Circuit has adopted the "reasonable investigation" standard that requires the furnisher to conduct a substantive inquiry "to determine whether the disputed information can be verified." *Johnson v. MBNA Am. Bank*, 357 F.3d 426, 431 (4th Cir. 2004). Willful violations can be proven by showing not only knowing, intentional violations, but also violations in reckless disregard of the law. *Safeco Ins. Co. v. Burr*, 551 U.S. 47, 127 S.Ct. 2201 (2007). Ocwen attempts to limit the 'willfulness' inquiry into whether Ocwen reported accurate tradelines. However, Ocwen's only duty in this matter was to conduct a reasonable investigation of Plaintiff's disputes. 15 U.S.C. § 1681s-2(b)(1). 'Willfulness' was appropriately determined to be a question of fact for the jury in this matter.

Further, Ocwen's claim regarding damages is also unsupported by Fourth Circuit case law. The

Fourth Circuit has explicitly allowed damages for mental anguish, humiliation, embarrassment, and mental distress over an inaccurate credit report.  *See Robinson v. Equifax*, 560 F.3d 235, 241 (4th Cir. 2009); *Sloane v. Equifax Info. Serv., LLC*, 510 F.3d 495, 507 (4th Cir. 2007); *Dalton v. Capital Assoc. Indus.*, 257 F.3d 409 (4th Cir. 2001) (damages for emotional distress are available under the FCRA).  In addition to these damages, Plaintiff also illustrated the loss of credit caused by Ocwen.  There is ample evidence to submit to a jury on damages under Fourth Circuit case law.

    Ocwen's motion for leave to file a renewed summary judgment is not based on any new facts or case law that has recently been issued.  Its motion for leave must be denied.

**DAVID M. DAUGHERTY**

BY COUNSEL

HAMILTON, BURGESS, YOUNG
    & POLLARD, *pllc*

BY:   /s/   Jed R. Nolan
       Ralph C. Young  *(W. Va. Bar #4176)*
         ryoung@hamiltonburgess.com
       Christopher B. Frost  *(W. Va. Bar #9411)*
         cfrost@hamiltonburgess.com
       Steven R. Broadwater, Jr. (*W. Va. Bar #11355*)
         sbroadwater@hamiltonburgess.com
       Jed R. Nolan (*W. Va. Bar #10833*)
         jnolan@hamiltonburgess.com
       *Counsel for Plaintiff*
       P. O. Box 959
       Fayetteville, WV 25840
       304-574-2727

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

DAVID M. DAUGHERTY,                         PLAINTIFF

V.                                          CIVIL ACTION NO. 5:14-24506

EQUIFAX INFORMATION SERVICES LLC
and OCWEN LOAN SERVICING, LLC,              DEFENDANTS

## CERTIFICATE OF SERVICE

I, Jed R. Nolan, counsel for Plaintiff, hereby certify that the foregoing **PLAINTIFF'S OBJECTION TO DEFENDANT OCWEN LOAN SERVICING, LLC'S MOTION FOR LEAVE TO FILE RENEWED MOTION FOR SUMMARY JUDGMENT** was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants, on March 1, 2016:

John C. Lynch, Esq.
Jason E. Manning, Esq.
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA  23462
*Counsel for Defendant Ocwen Loan Servicing, LLC*
john.lynch@troutmansanders.com
jason.manning@troutmansanders.com

/s/ Jed R. Nolan
**JED R. NOLAN** *(WVSB #10833)*
jnolan@hamiltonburgess.com

[F:\CM\21352\21352Objection to Renewed Mtn Sum Judg.frm]