IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Beckley Division

DAVID M. DAUGHERTY,

      **Plaintiff,**

    v.                      Civil Action No. 5:14-cv-24506

EQUIFAX INFORMATION
SERVICES, LLC, and
OCWEN LOAN SERVICING, LLC,

      **Defendants.**

## DEFENDANT'S MOTION IN LIMINE #2 REGARDING EQUIFAX DOCUMENTS

Defendant Ocwen Loan Servicing, LLC ("Ocwen"), by counsel, moves *in limine* to prevent Plaintiff David M. Daugherty ("Plaintiff") from introducing any Equifax credit reports, Equifax Automated Credit Dispute Verifications (ACDVs), or other documents prepared or produced by Equifax.

### INTRODUCTION

Defendants expect that Plaintiff will seek to introduce various Equifax documents as exhibits at trial, including: an Equifax Credit Report; several ACDVs from Equifax's records, including one from March 2013; and other Equifax documents produced during the course of litigation (collectively, the "Equifax Documents"). The Court should exclude these documents from evidence at trial because they (1) are hearsay; (2) cannot be properly authenticated; and (3) are irrelevant.

**I.    The Equifax Documents are Inadmissible Hearsay and Should be Excluded**

Hearsay is defined as an out-of-court statement used in-court to prove the truth of the matter asserted. *See* Fed. R. Civ. P. 801(c).

The Equifax Credit Report, the Equifax ACDV's, and the other documents that originated with or were produced by Equifax all are hearsay documents because they are written documents made outside of court. Further, Plaintiff would offer these documents only to prove the truth of the matters stated therein, *i.e.*, to prove that Equifax and/or Ocwen reported inaccurate information regarding Plaintiff. Because these documents are hearsay, should Plaintiff wish to introduce them, he must prove that a hearsay exception applies.

II. **No Hearsay Exception Applies to the Equifax Documents**

Hearsay evidence is not admissible unless it falls into one of a limited number of exceptions defined in the Federal Rules of Evidence. *See* Fed. R. Evid. 802, 803, and 804. The Equifax Documents do not fall within any exception to the hearsay rule and the Court should exclude them. Even if Plaintiff argues that the Equifax documents fall under the business records exception, Plaintiff has not identified a witness in his pre-trial disclosures that could authenticate them. And, Plaintiff would still have to prove that each level of hearsay within the documents satisfies a hearsay exception.

Business records may be admissible under Fed. R. Evid. 803(6) if a custodian or qualified witness testifies that a record was made (1) at or near the time of the event; (2) by a person with knowledge; (3) if kept in the course of a regularly conducted business activity; and (4) if it was the regular practice of that business activity to make the particular record. A witness may only testify to a matter if he or she has personal knowledge. *See* Fed. R. Evid. 602.

As of this date, Plaintiff has not identified any witness who would be competent to authenticate the Equifax Documents. Plaintiff is not an employee or otherwise affiliated with Equifax, and he does not have personal knowledge of who prepared the Equifax Documents, when or why they were prepared, or how they were stored. Therefore, he is not competent to lay

2

a proper foundation to admit these documents into evidence or to interpret any portion of the documents. *See Cruz v. MRC Receivables Corp.*, 563 F. Supp. 2d 1092 (N.D. Cal. 2008); *Baker v. Capital One Bank*, Case No. 04-cv-1192, 2006 U.S. Dist. LEXIS 2625 (D. Ariz. Jan. 24, 2006) aff'd sub nom. *Baker v. Equifax Info. Servs., LLC*, 346 F. App'x 219 (9th Cir. 2009). Indeed, credit reports are not admissible under the business records exception unless there is testimony from someone at the credit bureau with knowledge of how the reports are compiled. *See Gannon v. IC Sys., Inc.*, Case No. 09-cv-60302, 2009 U.S. Dist. LEXIS, at *1 (S.D. Fla. Sept. 25, 2009).

With less than two months until trial and with discovery closed, even if Plaintiff identified a qualified witness, the Court should not permit that witnesses' testimony at trial. If the Court allowed such late testimony, Ocwen would be severely prejudiced as it would be unable to depose that witness or otherwise adequately prepare for trial. Accordingly, as Plaintiff has not identified a witness who could lay a foundation for the introduction of the Equifax Documents, and cannot do so now, the business records exception does not apply and the Equifax Documents constitute inadmissible hearsay that should be excluded.

### III.     The Equifax Documents are not Relevant

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. In addition to being hearsay, the Equifax Documents are also not relevant to Plaintiff's claims in this lawsuit. Plaintiff's remaining claim against Ocwen is for failure to investigate pursuant to 15 U.S.C. §1681s-2(b)(1)(A). This claim is entirely based on the actions of Ocwen, a *furnisher* of credit information, and not Equifax, which is a *reporter* of information. In other words, this case does not turn on what Equifax reported about Plaintiff, but instead is focused on Ocwen's investigation and what Ocwen furnished to Equifax.

The Equifax Credit Report is irrelevant because Ocwen did not prepare the report or have a copy of the report during its investigation. Similarly, the only relevant evidence as to the contents of the Equifax ACDVs is found in *Ocwen's* detail transaction history log, and screen prints from *Ocwen's system* of ACDVs from April and June 2014. In addition, the March 2013 ACDV is independently irrelevant as it is not mentioned in the Complaint and nothing in the record indicates that Plaintiff had an issue with Ocwen's March 2013 investigation. Lastly, Plaintiff does not identify which other specific Equifax documents he intends to use at trial, but rather states that he may use "all other documents exchanged in discovery."[1] However, for the same reasons stated above, any other documents that Equifax created are irrelevant to the investigation that Ocwen conducted and the information that Ocwen furnished to Equifax.

Accordingly, the Court should exclude the Equifax Credit Report, Equifax ACDV's, and all other documents prepared by Equifax as irrelevant.

## CONCLUSION

For the reasons stated above, the Court should grant Ocwen's Motion in Limine to exclude documents, testimony, or argument that relates to the Equifax Documents; and for such other and further relief as this Court deems just and proper.

Dated:  April 22, 2016                                    Respectfully submitted,

                                                          OCWEN LOAN SERVICING, LLC


                                                          By:    /s/ Jason E. Manning
                                                                      Of Counsel

---

[1] Fed. R. Civ. P. 26(a)(3)(A)(iii) requires identification of "each document or other exhibit" to prevent trial by ambush and the obvious prejudice that would result from failure to disclose particular exhibits in advance.

Jason E. Manning (WV Bar No. 11277)
Jonathan M. Kenney (WV Bar No. 12458)
Counsel for Ocwen Loan Servicing, LLC
Troutman Sanders LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone:  (757) 687-7564
Facsimile:  (757) 687-1524
E-mail:  jason.manning@troutmansanders.com
E-mail:  jon.kenney@troutmansanders.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Beckley Division**

**DAVID M. DAUGHERTY,**

    **Plaintiffs,**

    v.                              Civil Action No. 5:14-cv-24506

**EQUIFAX INFORMATION
SERVICES, LLC, and OCWEN
LOAN SERVICING, LLC,**

    **Defendants.**

### CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of April, 2016, I electronically filed the foregoing *Motion in Limine #2* with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing (NEF) to the following:

**Counsel for Plaintiff**
Ralph C. Young, Esq.
Christopher B. Frost, Esq.
Steven R. Broadwater, Jr., Esq.
Jed R. Nolan, Esq.
HAMILTON, BURGESS, YOUNG & POLLARD, PLLC
P.O. Box 959
Fayetteville, WV 25840

              /s/  Jason E. Manning
              Jason E. Manning (WV Bar No. 11277)
              TROUTMAN SANDERS LLP
              222 Central Park Avenue, Suite 2000
              Virginia Beach, Virginia 23462
              Telephone:  (757) 687-7564
              Facsimile: (757) 687-1510
              E-mail: jason.manning@troutmansanders.com
              *Counsel for Ocwen Loan Servicing, LLC*