IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Beckley Division

**DAVID M. DAUGHERTY,**

  **Plaintiffs,**

 v.             Civil Action No. 5:14-cv-24506

**EQUIFAX INFORMATION
SERVICES, LLC, and
OCWEN LOAN SERVICING, LLC,**

  **Defendants.**

### DEFENDANT'S MOTION IN LIMINE #3
### REGARDING EMOTIONAL DISTRESS DAMAGES

  Defendant Ocwen Loan Servicing, LLC ("Ocwen"), by and through counsel, moves *in limine* to prevent Plaintiff David M. Daugherty ("Plaintiff") from presenting any testimony or argument about emotional distress damages. The record shows that Plaintiff has insufficient evidence to establish damages for emotional distress. Accordingly, any evidence in that regard would be prejudicial, misleading, confusing and should be excluded under Rule 403.

### ARGUMENT

  The Fourth Circuit has emphasized that "not only is emotional distress fraught with vagueness and speculation, it is easily susceptible to fictitious and trivial claims." *Price v. v. City of Charlotte*, 93 F.3d 1241, 1250 (4th Cir. 1996); *Ross v. Federal Deposit Ins. Corp.*, 625 F.3d 808, 818 (4th Cir. 2010) (presented only with Ross's conclusory assertions, no reasonable jury could find that WaMu's debt collection practices were the proximate cause of his emotional distress). For this reason, a plaintiff must "reasonably and sufficiently explain the circumstances of the injury and not resort to mere conclusory statements." *Id.* The factors to be considered include evidence corroborating the testimony of the plaintiff, the degree of emotional distress,

medical attention resulting from the emotional duress, and psychiatric or psychological treatment. *Sloane v. Equifax Info. Servs.*, 510 F.3d 495, 503 (4th Cir. 2007); *Cousin v. Trans Union Corp.*, 246 F.3d 359, 370-71 (5th Cir. 2001) (holding, in the context of the FCRA, that a claim for emotional distress must be supported by evidence of genuine injury requiring "a degree of specificity which may include corroborating testimony or medical or psychological evidence.")

Plaintiff here offers only conclusory statements that he was "stressed," and "tends to worry more" without any specifics, objective verification, or corroboration of his emotional distress. These statements are insufficient to create an issue of fact for a jury. *Davenport v. Sallie Mae, Inc.*, Case No. 12-cv-1475, 2015 U.S. Dist. LEXIS 73258, at *16 (D. Md. June 5, 2015) (plaintiff's conclusory allegations that he felt embarrassed, degraded and suffered a loss of self esteem were insufficient to create an issue of fact for the jury); *Matson v. EDFinancial Servs., LLC*, No. 14-cv-1052, 2015 U.S. Dist. LEXIS 111053, at *21–22 (E.D. Wis. Aug. 21, 2015) (plaintiff's testimony that, as a result of being unable to move, she suffered distress from a fear that her children would be accidentally shot in her neighborhood, was not sufficient to avoid summary judgment). Moreover, there is no evidence Plaintiff suffered any physical manifestation of stress, no evidence he saw a doctor or psychiatrist, no evidence that he had difficulty sleeping, no evidence that the stress otherwise strained his relationships, and no other corroborating evidence that he suffered emotional distress whatsoever.

As Plaintiff cannot point to any evidence of emotional distress damages, any testimony or argument regarding his emotional distress damages should be excluded under Rule 403 as prejudicial, confusing, and misleading.

## **CONCLUSION**

For the reasons stated above, the Court should grant Ocwen's Motion in Limine to exclude testimony, evidence, or argument regarding Plaintiff's emotional distress damages, and grant Ocwen such other and further relief as it deems just and proper.

Dated:  April 22, 2016                                     Respectfully submitted,

                                                          OCWEN LOAN SERVICING, LLC


                                                          By:     /s/ Jason E. Manning
                                                                        Of Counsel

Jason E. Manning (WV Bar No. 11277)
Jonathan M. Kenney (WV Bar No. 12458)
Counsel for Ocwen Loan Servicing, LLC
Troutman Sanders LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone:  (757) 687-7564
Facsimile:  (757) 687-1524
E-mail:  jason.manning@troutmansanders.com
E-mail: jon.kenney@troutmansanders.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### Beckley Division

**DAVID M. DAUGHERTY,**

    **Plaintiffs,**

    v.                                  Civil Action No. 5:14-cv-24506

**EQUIFAX INFORMATION SERVICES, LLC, and OCWEN LOAN SERVICING, LLC,**

    **Defendants.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of April, 2016, I electronically filed the foregoing *Motion in Limine #3* with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing (NEF) to the following:

**Counsel for Plaintiff**
Ralph C. Young, Esq.
Christopher B. Frost, Esq.
Steven R. Broadwater, Jr., Esq.
Jed R. Nolan, Esq.
HAMILTON, BURGESS, YOUNG & POLLARD, PLLC
P.O. Box 959
Fayetteville, WV 25840

          /s/ Jason E. Manning
          Jason E. Manning (WV Bar No. 11277)
          TROUTMAN SANDERS LLP
          222 Central Park Avenue, Suite 2000
          Virginia Beach, Virginia 23462
          Telephone: (757) 687-7564
          Facsimile: (757) 687-1510
          E-mail: jason.manning@troutmansanders.com
          *Counsel for Ocwen Loan Servicing, LLC*