IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Beckley Division

**DAVID M. DAUGHERTY,**

      **Plaintiffs,**

    v.                        Civil Action No. 5:14-cv-24506

**EQUIFAX INFORMATION**
**SERVICES, LLC, and**
**OCWEN LOAN SERVICING, LLC,**

      **Defendants.**

## DEFENDANT OCWEN LOAN SERVICING, LLC'S
## MOTION TO BIFURCATE THE PUNITIVE DAMAGES PHASE OF TRIAL

Defendant Ocwen Loan Servicing, LLC ("Ocwen"), by counsel, pursuant to Federal Rule of Civil Procedure 42(b), respectfully requests this Court bifurcate Plaintiff David M. Daugherty's claim for punitive damages from the other issues to be addressed at trial. Bifurcation is necessary in this case to avoid prejudice to Ocwen, prevent confusion to the jury, and to promote judicial economy and efficiency. For the reasons set forth below, Ocwen's motion to bifurcate should be granted.

### I.    INTRODUCTION

Plaintiff alleges that Ocwen willfully or negligently violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b)(1)(A), by failing to conduct a reasonable investigation. (Compl. ¶¶ 34-38.) Plaintiff demands actual damages, statutory damages, costs and attorneys fees, and punitive damages pursuant to 15 U.S.C. § 1681n and/or §1681o. (*Id.* ¶¶ 37-38.) Plaintiff may recover punitive damages only if he proves that Ocwen willfully violated the FCRA. *See* 15 U.S.C. § 1681n.

In the circumstances involved here, Ocwen is likely to be prejudiced unless Plaintiff's claim for punitive damages is bifurcated from the other issues at trial.  Further, if the jury finds for Ocwen on the issue of willfulness,[1] the presentation of evidence related to punitive damages will have been a waste of time and resources.  Plaintiff will suffer no prejudice as a result of bifurcation — he will similarly benefit from the efficiency and clarification resulting from bifurcation.  Therefore, the Court should bifurcate the punitive damages claim and try that claim separately, if necessary.

## II.     ARGUMENT

In this case, bifurcation of punitive damages would avoid prejudice and confusion, narrow the issues for the court, and is likely to save the Court, the jury, and the parties substantial time and resources.

**A.     Bifurcation is Commonplace and Proper where it Favors Fairness and Efficiency, Avoids Prejudice, and Maximizes Judicial Economy.**

Federal Rule of Civil Procedure 42(b) permits a trial court to order a separate trial "of any separate issue" when it will further convenience, avoid prejudice, expedite the proceedings, or promote judicial economy.  Fed. R. Civ. P. 42(b).  A trial court "has broad discretion in deciding whether to bifurcate claims for trial and the exercise of that discretion will be set aside only if clearly abused."  *Cann v. Balt. Cnty.*, Case No. 10-cv-2213, 2011 U.S. Dist. LEXIS at, *3 (D. Md. Feb. 9, 2011) (citing *Dixon v. CSX Transp., Inc.*, 990 F.2d 1440, 1443 (4th Cir. 1993)); *Bowie v. Sorrell*, 209 F.2d 49, 51 (4th Cir. 1953) (holding under Rule 42(b), "the granting of separate trials is within the sound discretion of the trial judge").

---

[1] By making this Motion to Bifurcate, Ocwen does not concede that the jury should hear *any* evidence of willfulness.  As set forth more fully in Ocwen's Motion in Limine #1 to Exclude  Evidence or Argument Concerning Willfulness, the issue of whether Ocwen's reading of the statute was objectively reasonable is a question of law to be decided by the Court and – given the complete lack of evidence that Ocwen's procedures are unreasonable – should be decided in Ocwen's favor.

2

The bifurcation of punitive damages claims is commonplace under Rule 42(b). *EEOC v. A.C. Widenhouse, Inc.*, 576 F. App'x 227, 232 (4th Cir. 2014) (trial court's bifurcation of punitive damages comported with the procedure followed in the Fourth Circuit and was correct); *Mattison v. Dallas Carrier Corp.*, 947 F.2d 95, 110 (4th Cir. 1991) ("[W]hen it is determined that the evidence relevant to the appropriate amount of punitive damages will be prejudicial to the jury's consideration of liability or compensatory damages, bifurcation of the trial under Fed. R. Civ. P. 42(b) remains an available solution"); *Kartman v. Markle*, Case No. 10-CV-106, 2015 U.S. Dist. LEXIS 83857, at *9 (N.D. W. Va. June 29, 2015) (bifurcating the issue of punitive damages); *Cline v. 7-Eleven, Inc.*, Case No. 11-CV-102, 2012 U.S. Dist. LEXIS 161191, at *14 (N.D. W. Va. Nov. 9, 2012) ("Bifurcating the punitive damages issue would avoid any risk of prejudice to the Defendant which might result from having evidence of the Defendant's financial condition introduced to a jury before that jury had considered the issue of entitlement to punitives in the first place"). When a district court orders a bifurcated trial, "the jury should be required, in the first phase, to determine whether punitive damages are to be awarded, and only if its verdict so determines, should it be presented in the second phase with the evidence relevant to the factors for finding the appropriate amount." *Mattison*, 947 F.2d at 110.

If the jury hears evidence on the amount of punitive damages at trial, Ocwen will be prejudiced for the simple reason that introduction of such evidence could taint the jury's determination of liability. Evidence that is admissible for the purposes of determining punitive damages — *e.g.,* Ocwen's finances and ability to pay — simply is not relevant to the rest of the case and its introduction during the liability phase could easily be construed by the jury as an admission of liability. Bifurcation of trial into separate phases would obviate any danger that the jury's decision on liability for willfulness would be affected by evidence of Ocwen's financial

status or based on its confusion of the issues, rather than on the facts of the case in accordance with the law. Accordingly, to avoid substantial prejudice to Ocwen, the Court should grant this motion to bifurcate the issue of punitive damages.

Further, bifurcation of punitive damages will allow for a simplified trial. Plaintiff seeks to recover actual damages and reasonable attorneys' fees and costs under the FCRA's provision for negligent noncompliance. For willful noncompliance, Plaintiffs seek to recover actual damages, statutory damages, attorneys' fees and costs, and punitive damages. Plaintiffs have a high burden to meet in demonstrating willfulness.[2] Absent bifurcation, a significant portion of the trial will be spent by both parties on the issue of punitive damages, even though it is unlikely that the jury will find Ocwen acted willfully. A determination that Ocwen did not willfully violate the FCRA will circumvent the need for a lengthy punitive damages phase. Neither the jury, nor the Court, should be required to hear testimony on punitive damages if there is no finding of willfulness. Further, if the trial is bifurcated and the jury returns a verdict for the Plaintiffs on liability for willfulness, the likelihood of settlement substantially increases before any more time and expense are incurred on the presentation of evidence concerning punitive damages.

Therefore, the trial of this matter should be bifurcated as follows: in the first phase of the trial, the jury should hear evidence to determine: (1) whether Ocwen is liable at all to the Plaintiff; (2) if so, the amount of actual damages and statutory damages to be awarded; and (3) if so, whether the misconduct attributed to Ocwen was willful such that Ocwen would be liable for punitive damages. Only if the third inquiry is answered in the affirmative should the trial enter a

---

[2] To prove a claim for willfulness, Plaintiff must show that (1) Ocwen's procedures were objectively unreasonable and that (2) Ocwen acted knowingly and intentionally in conscious disregard of Plaintiff's rights or ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007). As set forth in Ocwen's Motion in Limine #1, Plaintiff cannot make any such showing.

second phase, in which the same jury will hear evidence regarding the amount of punitive damages to be awarded, which would potentially include evidence of Ocwen's financial position.

Bifurcation of punitive damages furthers the interests of avoiding prejudice and confusion, and promotes fairness, judicial economy, and efficiency. For these reasons, the Court should order a bifurcated trial on the punitive damages issue.

### B. Ocwen has a Due Process Right to Bifurcation.

Ocwen has a due process right to have the punitive damages phase of this case bifurcated. The United States Supreme Court has established a three-part test for resolving due process issues. Under this test, courts must consider (i) the private interest that will be affected by providing the defendant with the procedural safeguard; (ii) the risk of erroneous deprivation through the procedures under attack and the probable value of additional safeguards; and (iii) the interest of the party seeking the procedure, with due regard for any ancillary interest the government may have. *See Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976); *Connecticut v. Doehr*, 501 U.S. 1, 11 (1991).

The first factor is satisfied, as punitive damages involve a substantial property interest of Ocwen. Likewise, the second factor is satisfied because without bifurcation, there is a risk that the jury will examine Ocwen's financial condition in their deliberations in such a way that they will improperly combine the liability issues with the improper financial evidence. Whereas the additional safeguard of bifurcation would provide assurances that Ocwen is not unfairly prejudiced. Finally, the third factor is satisfied by a bifurcation procedure that allows only a short break between the first and second phases and employs the same jury. Accordingly, this Court should bifurcate the liability phase from the punitive damages phase.

### III.  CONCLUSION

For the reasons stated above, Ocwen respectfully moves for bifurcation of the punitive damages phase of trial, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated:  April 22, 2016                                              OCWEN LOAN SERVICING, LLC

By:    /s/ Jason E. Manning
Partner

Jason E. Manning (WV Bar No. 11277)
Jonathan M. Kenney (WV Bar No. 12458)
Counsel for Ocwen Loan Servicing, LLC
Troutman Sanders LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone:  (757) 687-7564
Facsimile:  (757) 687-1524
E-mail:  jason.manning@troutmansanders.com
E-mail: jon.kenney@troutmansanders.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Beckley Division

**DAVID M. DAUGHERTY,**

      **Plaintiffs,**

      v.                                          Civil Action No. 5:14-cv-24506

**EQUIFAX INFORMATION
SERVICES, LLC, and OCWEN
LOAN SERVICING, LLC,**

      **Defendants.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of April, 2016, I electronically filed the foregoing *Motion to Bifurcate Punitive Damages* with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing (NEF) to the following:

**Counsel for Plaintiff**
Ralph C. Young, Esq.
Christopher B. Frost, Esq.
Steven R. Broadwater, Jr., Esq.
Jed R. Nolan, Esq.
HAMILTON, BURGESS, YOUNG & POLLARD, PLLC
P.O. Box 959
Fayetteville, WV 25840

                    /s/ Jason E. Manning
                    Jason E. Manning (WV Bar No. 11277)
                    TROUTMAN SANDERS LLP
                    222 Central Park Avenue, Suite 2000
                    Virginia Beach, Virginia 23462
                    Telephone:  (757) 687-7564
                    Facsimile: (757) 687-1510
                    E-mail: jason.manning@troutmansanders.com
                    *Counsel for Ocwen Loan Servicing, LLC*

28218798