**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Beckley Division**

**DAVID M. DAUGHERTY,**

    **Plaintiffs,**

    v.                                                 Civil Action No. 5:14-cv-24506

**EQUIFAX INFORMATION
SERVICES, LLC, and
OCWEN LOAN SERVICING, LLC,**

    **Defendants.**

## DEFENDANT OCWEN LOAN SERVICING, LLC'S
## MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

Defendant Ocwen Loan Servicing, LLC ("Ocwen"), by counsel, pursuant to Fed. R. Civ. P. 26(c), respectfully requests the Court enter a protective order prohibiting Plaintiff David Daugherty ("Plaintiff") from (1) taking the Rule 30(b)(6) deposition of Equifax Information Services ("Equifax"); and (2) precluding the topics set forth in Plaintiff's Amended Notice of Rule 30(b)(6) deposition.

## INTRODUCTION

Plaintiff has entirely disregarded this Court's Scheduling Order and Rules of Civil Procedure by filing a notice and amended notice (collectively, "Notices") for the Rule 30(b)(6) deposition *de bene esse* of Equifax to occur on Thursday, May 11, 2016 – nearly a year after the expiration of the deadline to take such a deposition and four days before the scheduled start of trial.

Pursuant to this Court's October 10, 2014 Scheduling Order, the deadline to complete depositions in this case was June 10, 2015 (ECF No. 12). Nevertheless, in an attempt to ambush Ocwen mere days before trial, on May 6, 2016, Plaintiff noticed the deposition of Equifax to

occur on May 13, 2016 at a location "to be determined" (ECF No. 134), and on May 9, 2016, filed an amended notice of the Equifax deposition (the "Deposition") to occur on May 12, 2016 (ECF No. 135).

The Court should grant Ocwen's request for a protective order and preclude the Deposition for the following independent reasons:

(1) The Deposition is noticed to occur nearly a year after expiration of the applicable deadline;

(2) Ocwen was not provided with "reasonable written notice" of the deposition as required by Fed. R. Civ. P. 30(b)(1);

(3) None of the documents identified in the Notices were disclosed to Ocwen pursuant to Fed. R. Civ. P. 26(a)(3) and therefore any testimony with respect to those documents is inadmissible at trial; and

(4) The Deposition, noticed to occur just four days before the scheduled start of trial, is severely prejudicial to Ocwen's defense of this case.

## **LEGAL STANDARD**

Pursuant to Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from … undue burden or expense, including … specifying … time and place[] for the disclosure or discovery." *Id.* The United States Court of Appeals for the Fourth Circuit has recognized that trial courts are given "wide discretion" in issuing such orders. *Thigpen v. United States*, 800 F.2d 393, 396-97 (4th Cir. 1986); *see also Hinkle v. City of Clarksburg*, 81 F.3d 416, 426 (4th Cir. 1996) (noting that district courts "enjoy nearly unfettered discretion to control the timing and scope of discovery").

Upon a good cause showing to limit discovery, the burden shifts to the party seeking the discovery to "establish that the information is sufficiently necessary and relevant to his case to outweigh the harm of disclosure." *In re Wilson*, 149 F.3d 249, 252 (4th Cir. 1998). Indeed,

2

doing so is consistent with the maxim that the federal rules are to be "administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

## ARGUMENT

**A.  Good Cause for a Protective Order Exists because Plaintiff's Notice of Deposition was Served After the Deposition Deadline.**

Plaintiff served his Notice of Rule 30(b)(6) deposition *de bene esse* on May 6, 2016 and Amended Notice of Rule 30(b)(6) deposition *de bene esse* on May 9, 2016. According to the amended notice, the Deposition is currently scheduled to occur on May 12, 2016 (ECF No. 135).

Pursuant to this Court's October 10, 2014 Scheduling Order, the parties were required to complete all depositions by June 10, 2015 (ECF No. 12). Both Notices were filed without seeking leave of Court.

Rule 16 of the Federal Rules of Civil Procedure requires the Court to issue a scheduling order defining deadlines for joining additional parties, amending pleadings, completing discovery, and filing motions. Fed. R. Civ. P. 16(b)(3). Such orders can be modified after entry "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). *Lovejoy v. CAMC Teays Valley Hosp., Inc.*, 2014 U.S. Dist. LEXIS 160515, 2-3 (S.D. W. Va. Nov. 7, 2014). The law is clear in holding that when a scheduling order establishes cutoff dates, including discovery, "[i]f a party cannot meet a scheduling order deadline, Rule 16(b) specifically requires leave of court to modify the scheduling order." Cleckley, Litigation Handbook § 16(b), at 356. *See Lovejoy,* 2014 U.S. Dist. LEXIS 160515, 3 (plaintiff failed to seek leave of court to modify scheduling order). Moreover, "trial courts should not permit the parties to obtain extensions absent a showing of good cause." Cleckley, Litigation Handbook § 16(b)(3), at 360. See 3 Moore's Federal Practice, § 16.14 ("A trial court may modify or amend a scheduling order only when 'good cause' is shown and the court grants leave to modify."). Consistent with the

deadlines imposed by the Scheduling Order, this Court previously denied Ocwen's Motions in Limine on the basis that they were untimely filed.

Here, Plaintiff seeks to depose Equifax exclusively on documents previously produced by Equifax in this litigation, specifically, documents "labeled as Bates EIS-Daugherty 1-510" (ECF No. 135). These documents were served by Equifax upon the parties in the normal course of discovery on February 17, 2015. Accordingly, Plaintiff has been in possession of these documents for nearly 15 months, but is only now seeking to depose Equifax regarding the documents just four days before trial. The delay in deposing Equifax flows from Plaintiff's own course of action, or inaction, and cannot serve as good cause to unsettle the extant deadlines. Accordingly, the Deposition must be precluded.

**B.  Good Cause for a Protective Order Exists because Ocwen was Not Provided with Reasonable Written Notice as Required by Fed. R. Civ. P. 30(b)(1).**

Plaintiff served his Amended Notice of Rule 30(b)(6) deposition *de bene esse* in the afternoon on May 9, 2016. Pursuant to the amended notice, the Deposition is currently scheduled to occur on the morning of May 12, 2016 (ECF No. 135). Plaintiff's Notice of Deposition provided less than four days notice to Ocwen and therefore does not constitute "reasonable written notice" as required by Fed. R. Civ. P. 30(b)(1).

Fed. R. Civ. P. 30(b)(1) states in relevant part: "A party who wants to depose a person by oral questions must give reasonable written notice to every other party." By providing Ocwen less than four days notice of the Deposition, Plaintiff failed to comply with the reasonable written notice requirement of Rule 30(b)(1). *See Kolon Indus. v. E.I. Dupont De Nemours & Co.*, 748 F.3d 160, 173 (4th Cir. Va. 2014) (affirming 5 days is not reasonable notice); *In re Stratosphere Corp. Sec. Litig.*, 183 F.R.D. 684, 687 (D. Nev. 1999) (holding six days notice is unreasonably short.)

4

Accordingly, good cause exists for entry of a protective order precluding the deposition.

C. **Good Cause for a Protective Order Exists because the Topics in Plaintiff's Amended Notice of Deposition are Irrelevant and Inadmissible at Trial.**

Plaintiff's Amended Notice of Rule 30(b)(6) deposition *de bene esse* asks the deponent to testify as to the following matters:

a. The authenticity of the business records produced by Equifax labeled as Bates EIS-Daugherty 1-510 as true, accurate, and correct copies of Equifax business records.

b. That the business records identified above are records made in the ordinary course of business of Equifax Information Services, LLC.

c. Regarding the regular practice of Equifax Information Services, LLC to make and keep such records, which records were made at or about the time of the events to which they relate by persons having knowledge of the information set forth in the records.

(ECF No. 135).

The topics and documents Plaintiff seeks to have Equifax testify about are inadmissible at trial because they were not identified in Plaintiff's Rule 26(a)(3) disclosures. Pursuant to Fed. R. Civ. P. 26(a)(3)(iii), Plaintiff is required to disclose "each document or other exhibit, including summaries of other evidence—separately identifying those items the party expects to offer and those it may offer if the need arises." None of the documents Plaintiff seeks Equifax to testify about, specifically the records produced by Equifax labeled as Bates EIS-Daugherty 1-510, were properly disclosed to Ocwen (*See* Plaintiff's Rule 26(a)(3) Disclosures attached hereto as **Exhibit 1**).

Further, pursuant to Fed. R. Evid. 402, irrelevant evidence is not admissible. Plaintiff's remaining claim against Ocwen is for failure to investigate pursuant to 15 U.S.C. §1681s-2(b)(1)(A). This claim is entirely based on the actions of Ocwen, a *furnisher* of credit information, and not Equifax, which is a *reporter* of information. In other words, this case does

not turn on what Equifax reported about Plaintiff, but instead is focused on Ocwen's investigation and what Ocwen furnished to Equifax.

The Equifax Credit Report is irrelevant because Ocwen did not prepare the report or have a copy of the report during its investigation. Similarly, the only relevant evidence as to the contents of the Equifax Automated Credit Dispute Verifications ("ACDVs") is found in *Ocwen's* detail transaction history log, and screen prints from *Ocwen's system* of ACDVs from April and June 2014. In addition, the March 2013 ACDV is independently irrelevant as it is not mentioned in the Complaint and nothing in the record indicates that Plaintiff had an issue with Ocwen's March 2013 investigation. Lastly, Plaintiff does not identify which other specific Equifax documents he intends to use at trial, but rather states that he may use "all other documents exchanged in discovery."[1] However, for the same reasons stated above, any other documents that Equifax created are irrelevant to the investigation that Ocwen conducted and the information that Ocwen furnished to Equifax.

Accordingly, additional good cause exists for entry of a protective order.

**D. Good Cause for a Protective Order Exists because Ocwen will be Severely Prejudiced Should Plaintiff be Permitted to Depose Equifax Just Four Days Prior to Trial.**

It is flatly unreasonable and prejudicial to notice a deposition on such short notice only four days prior to the start of trial. Even if the deposition topics were proper (and they are not), the deposition of Equifax would open the door to a vast need for further discovery. To avoid prejudice, Ocwen would need to depose Equifax on a multitude of additional topics and inquire into credit reporting by other credit reporting agencies, such as TransUnion and Experian. Such

---

[1] Fed. R. Civ. P. 26(a)(3)(A)(iii) requires identification of "each document or other exhibit" to prevent trial by ambush and the obvious prejudice that would result from failure to disclose particular exhibits in advance.

6

additional discovery would require, at minimum, a three to four month continuance of the trial date.

At best, Plaintiff's attempt to depose Equifax is an effort to distract Ocwen from trial preparation, which is improper. At worst, Plaintiff seeks to ambush Ocwen by introducing hundreds of documents – previously undisclosed in Rule 26(a)(3) disclosures – at trial. Entry of a protective order precluding Plaintiff from deposing Equifax is in the interests of justice and necessary to prevent undue prejudice to Ocwen.

## **CONCLUSION**

WHEREFORE, Ocwen Loan Servicing, LLC respectfully requests the Court grant its Motion for Protective Order.

Dated:  May 10, 2016                                      Respectfully submitted,


OCWEN LOAN SERVICING, LLC


By:      /s/ Jason E. Manning
                    Of Counsel

Jason E. Manning (W. Va. Bar No. 11277)
Jonathan M. Kenney (W. Va. Bar No. 12458)
Counsel for Ocwen Loan Servicing, LLC
Troutman Sanders LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone:  (757) 687-7564
Facsimile:  (757) 687-1524
E-mail:  jason.manning@troutmansanders.com
E-mail: jon.kenney@troutmansanders.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## Beckley Division

**DAVID M. DAUGHERTY,**

    **Plaintiffs,**

    v.                                                                                                Civil Action No. 5:14-cv-24506

**EQUIFAX INFORMATION**
**SERVICES, LLC, and**
**OCWEN LOAN SERVICING, LLC,**

    **Defendants.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of May, 2016, I electronically filed the foregoing *Memorandum in Support of Motion for Protective Order* with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to the following CM/ECF participants:

**Counsel for Plaintiff**
Ralph C. Young, Esq.
Christopher B. Frost, Esq.
Steven R. Broadwater, Jr., Esq.
Jed R. Nolan, Esq.
HAMILTON, BURGESS, YOUNG & POLLARD, PLLC
P.O. Box 959
Fayetteville, WV 25840
E-mail: ryoung@hamiltonburgess.com
E-mail: cfrost@hamiltonburgess.com
E-mail: sbroadwater@hamiltonburgess.com
E-mail: jnolan@hamiltonburgess.com

                                          /s/ Jason E. Manning
                                          Jason E. Manning (W. Va. Bar No. 12458)
                                          TROUTMAN SANDERS LLP
                                          222 Central Park Avenue, Suite 2000
                                          Virginia Beach, Virginia 23462
                                          Telephone: (757) 687-7562
                                          Facsimile: (757) 687-1524
                                          E-mail: jason.manning@troutmansanders.com
                                          *Counsel for Ocwen Loan Servicing, LLC*