IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

DAVID M. DAUGHERTY,

        Plaintiff,

                                                                                                                 Civil Action: 5:14-cv-24506

OCWEN LOAN SERVICING, LLC,

        Defendant.

## ORDER CONFIRMING PRONOUNCED ORDER OF THE COURT

On May 10, 2016, Defendant filed a Motion For Protective Order requesting that the Court preclude Plaintiff from proceeding with a telephonic Rule 30(b)(6) deposition of Equifax Information Services, LLC scheduled for May 12, 2016, at 11:00 AM in Atlanta.[1] Based on the Court's reading of the pleadings filed in this motion and argument by the parties, the Court makes the following FACTUAL FINDINGS:

1) The telephonic deposition of the Equifax representative is not a discovery deposition.

2) The telephonic deposition of the Equifax representative is an evidentiary deposition.

3) Prior to May 6, 2016, Plaintiff gave no notice to Defendant that the evidentiary deposition of the Equifax representative would be taken.

4) Plaintiff did disclose in the Proposed Integrated Pretrial Order that a "Corporate Representative of Equifax Information Services, LLC would be "expected" to testify. (Document 105 at p. 1).[2]

5) The Equifax Services, LLC representative lives more than one hundred miles from the place of trial.

---

[1] Plaintiff first filed his Notice of Deposition on May 6, 2016, identifying Latonya Munson for May 13, 2016, at 1:30 PM (Document No. 134) however on May 9, 2016, Plaintiff filed an Amended Notice of Deposition of the Corporate Records Custodian of Equifax Information Services, LLC for Thursday, May 12, 2016, at 11:00 AM. (Document No. 135).

[2] The Court would also note that on page 5 of the Proposed Integrated Pretrial Order, the Defendant also lists as a potential witness a Corporate Representative of Equifax Information Services, LLC. (Document 105 at p. 5).

The Court makes the following CONCLUSIONS OF LAW:

1) Defendant's motion is governed by F.R.C.P. 32(a)(3)(B) which provides that a deposition of a witness is permissible where the witness lives more than one hundred miles from the place of trial.

2) The deposition of the Equifax Services, LLC representative is necessary to provide all facts to the jury for its decision.

Accordingly, Defendant's Motion (Document No. 139.), is **DENIED**.

The notice of the deposition is for a telephonic deposition. The undersigned may potentially award expenses to the Defendant for travel to Atlanta for the deposition should Defendant file a motion justifying the necessity to be at the deposition.

Filing of objections does not stay this Order.

**IT IS SO ORDERED**.

ENTER: May 11, 2016.

_____
Omar J. Aboulhosn
United States Magistrate Judge