**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Beckley Division**

DAVID M. DAUGHERTY,

      Plaintiffs,

      v.                                   Civil Action No. 5:14-cv-24506

EQUIFAX INFORMATION
SERVICES, LLC, and
OCWEN LOAN SERVICING, LLC,

      Defendants.

## DEFENDANT OCWEN LOAN SERVICING, LLC'S MEMORANDUM IN SUPPORT OF MOTION TO CONTINUE TRIAL AND AMEND SCHEDULING ORDER

Defendant Ocwen Loan Servicing, LLC ("Ocwen"), by counsel, respectfully moves this court to continue the trial of this matter currently scheduled to begin on May 16, 2016 for a period of ninety (90) days and amend its October 10, 2014 Scheduling Order (ECF No. 12) to allow Ocwen additional time to conduct discovery and file motions in limine.  Good cause exists for a continuance to avoid severe undue prejudice to Ocwen.

## BACKGROUND

1.      On or about July 8, 2014, Plaintiff filed a Complaint (the "Action") against Ocwen and Equifax Information Services, LLC ("Equifax") alleging violations of the Fair Credit Reporting Act ("FCRA") and other West Virginia state and common law.

2.      The Action was immediately removed to this Court.

3.      On February 17, 2015, Equifax responded to Plaintiff's discovery requests.  In doing so, Equifax produced over 500 pages of documents labeled as Bates EIS-Daugherty 1-510.

4.     On October 10, 2014, the Court entered a Scheduling Order setting forth a depositions deadline of June 10, 2015, a Motions in Limine deadline of September 11, 2015 and setting trial to begin on November 2, 2015 (ECF No. 12).

5.     On June 23, 2015, the Court granted the parties Joint Motion to Extend Deposition and Dispositive Motions and ordered that the parties complete depositions by August 10, 2015 (ECF No. 74).

6.     On July 10, 2015, Plaintiff notified the Court that the case had been settled as to Equifax (ECF No. 80).

7.     On October 27, 2015, the Court entered an Amended Scheduling Order *sua sponte* setting forth a new trial date of May 16, 2016.

8.     On April 22, 2016, Ocwen filed three motions in limine.

9.     On April 26, 2016, this Court held a pretrial conference and denied Ocwen's motions in limine on the basis that they were untimely filed; citing the September 11, 2015 deadline in its Scheduling Order.

10.     On May 6, 2016, Plaintiff filed a Notice of Deposition *de bene esse* of Equifax, without leave of Court, regarding the authenticity of documents labeled Bates EIS-Daugherty 1-510.  The deposition was scheduled to occur on May 13, 2016 (ECF 134).

11.     On May 9, 2016, Plaintiff filed an Amended Notice of Deposition *de bene esse* of Equifax, without leave of Court, regarding the authenticity of documents labeled Bates EIS-Daugherty 1-510.  The deposition is scheduled to occur on May 12, 2016 – nine months after the depositions deadline and four days before the scheduled start of trial (ECF 135).

12.     On May 10, 2016, Ocwen filed a Motion for Protective Order requesting the Court to prohibit the deposition of Equifax on the grounds that (1) the notice was filed nearly 9

months after the depositions deadline; (2) Ocwen was not provided with reasonable notice of the deposition; (3) the topics in the amended notice of deposition are irrelevant and inadmissible at trial; and (4) Ocwen will be severely prejudiced by the deposition as Ocwen will be prevented from deposing Equifax on topics outside of those listed in the amended notice of deposition, and will invite additional inquiry into other credit reporting agencies (ECF No. 139).

      13.     On May 11, 2016, the Court held a hearing on Ocwen's Motion for Protective Order before Magistrate Judge Omar J. Aboulhosn.

      14.     Following the hearing, the Court entered an Order Confirming Pronounced Order of the Court denying Ocwen's Motion for Protective Order, finding that the deposition of Equifax is a "evidentiary deposition" and thus not subject to deposition deadline imposed by the Court's Scheduling Order (ECF No. 145).

      15.     Contemporaneously filed with the instant Motion, Ocwen filed objections to the Order Confirming Pronounced Order of the Court.

      16.     Should the Court ultimately permit Plaintiff to depose Equifax, a continuance of the trial date and motions in limine and discovery deadlines is essential to afford Ocwen the opportunity to conduct additional discovery, file motions in limine, and avoid significant undue prejudice to Ocwen.

## <u>ARGUMENT</u>

### A.    <u>Legal Standard on a Motion to Continue.</u>

Whether to grant a request for a continuance rests within the sound discretion of the trial court. *Shroades v. Food Lion, Inc.*, 207 W. Va. 195, 197, 530 S.E.2d 456, 448 (1999); *B.F. Specialty Co. v. Charles M. Sledd Co.*, 197 W. Va. 463, 466, 475 S.E.2d 555, 558 (1996).

The Court may continue the trial date upon a showing of good cause, extraordinary circumstances, or in the interests of justice. *Prekler v. Owens-Corning Fiberglas Corp.*, No. 94-

1550, 1995 U.S. App. LEXIS 16467, at *6 (4th Cir. July 6, 1995).  In considering whether to grant a continuance, the Court should assess the moving party's diligence in preparing its case for trial on the date set, whether a continuance would address the asserted need, whether a continuance would cause harm to the nonmoving party and/or witnesses, and whether a denial of the continuance will likely cause prejudice to the moving party.  *See In the Interest of: Tiffany Marie S.*, 196 W. Va. 223, 235, 470 S.E.2d 177, 189 (1996); *see also United States v. Flynt*, 756 F.2d 1352, 1358-59 (9th Cir. 1985); *Kaina v. County of Maui*, No. 04cv608, 2007 U.S. Dist. LEXIS 29226, at *9 (D. Haw. Apr. 17, 2007) (reversing magistrate judge's denial of motion to continue trial as clearly erroneous).

For the reasons stated below, good cause exists to continue the trial and motions in limine deadline, and the interests of justice will be served by granting such continuance.

**B.**    **If Plaintiff is Permitted to Depose Equifax, Ocwen Will Need Additional Discovery to Avoid Prejudice.**

Plaintiff has never disclosed that he intended to use the documents obtained from Equifax at trial in the nearly two years since this matter's inception.  Indeed, Plaintiff failed to identify these documents in his Rule 26(a)(3) disclosures and the proposed integrated pre-trial order (ECF No. 105).  Had Plaintiff identified these documents as being intended for use at trial, Ocwen would have entirely altered its trial strategy, including by taking the deposition of Equifax's corporate representative.  Now, Plaintiff intends to depose Equifax exclusively on the authenticity of the documents, presumably for use at trial, which severely prejudices Ocwen's defense of this case as it will not be afforded the opportunity to effectively cross-examine Equifax.

The topics listed in Plaintiff's Amended Notice of Deposition include the following:

a. The authenticity of the business records produced by Equifax labeled as Bates EIS-Daugherty 1-510 as true, accurate, and correct copies of Equifax business records.

b. That the business records identified above are records made in the ordinary course of business of Equifax Information Services, LLC.

c. Regarding the regular practice of Equifax Information Services, LLC to make and keep such records, which records were made at or about the time of the events to which they relate by persons having knowledge of the information set forth in the records.

(ECF No. 135).

Notably, without an extension of the trial date and deposition deadline, Ocwen will be precluded from cross-examining Equifax on issues relating to documents labeled as Bates EIS-Daugherty 1-510 including but not limited to (1) who created the records; (2) the chain of custody; (3) when the records were created; (4) where the documents were maintained; (5) how employees are trained with respect to creating records; and (6) Equifax's policies and procedures with respect to record keeping.

Moreover, should Plaintiff be permitted to depose Equifax and use that testimony and related documents at trial despite never identifying these documents in his pre-trial disclosures, Ocwen will be prejudiced if it is not afforded the opportunity to depose other entities that may rebut Equifax's testimony such as the other credit bureaus.

C.     **Amendments to the Scheduling Order Are Necessary to Afford Ocwen the Opportunity to File Motions in Limine Pertaining to the Equifax Deposition.**

Plaintiff seeks to depose Equifax **four days before the scheduled start of trial.**  Further the deposition is scheduled to occur nearly eight months after the Motions in Limine Deadline. Accordingly, Ocwen is prejudiced by not having the opportunity to timely file Motions in Limine pertaining to the Equifax deposition.[1]  Even if the Court were to permit Ocwen to file Motions in Limine pertaining to the Equifax deposition prior to the current start of trial, Ocwen

---

[1] The Court has already denied three of Ocwen's Motions in Limine for being untimely filed.

will be unable to obtain the deposition transcript and/or related videotape and adequately prepare its motions in the four days Plaintiff has allowed before trial begins.

Furthermore, one of the three Motions in Limine this Court denied for being untimely filed pertained to the precise documents Plaintiff is seeking to authenticate in his deposition of Equifax.  Equities heavily favor a continuance of the motions in limine deadline if the Court ultimately permits Plaintiff to untimely depose Equifax.  Accordingly, the Motions in Limine deadline and the trial must be continued to avoid undue prejudice to Ocwen.

## **CONCLUSION**

WHEREFORE, Ocwen Loan Servicing, LLC respectfully requests the Court grant its Motion, continue the trial for a period of 90 days, and amend its Order to permit Ocwen additional time to conduct additional discovery and file motions in limine.

Dated:  May 11, 2016                                        Respectfully submitted,


OCWEN LOAN SERVICING, LLC


By:  ___/s/ Jason E. Manning_____
                                    Of Counsel

Jason E. Manning (W. Va. Bar No. 11277)
Jonathan M. Kenney (W. Va. Bar No. 12458)
Counsel for Ocwen Loan Servicing, LLC
Troutman Sanders LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone:  (757) 687-7564
Facsimile:  (757) 687-1524
E-mail:  jason.manning@troutmansanders.com
E-mail: jon.kenney@troutmansanders.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Beckley Division**

**DAVID M. DAUGHERTY,**

        **Plaintiffs,**

        **v.**                           **Civil Action No. 5:14-cv-24506**

**EQUIFAX INFORMATION
SERVICES, LLC, and
OCWEN LOAN SERVICING, LLC,**

        **Defendants.**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 11th day of May, 2016, I electronically filed the foregoing *Memorandum in Support of Motion to Continue Trial and Amend Scheduling Order* with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to the following CM/ECF participants:

**<u>Counsel for Plaintiff</u>**
Ralph C. Young, Esq.
Christopher B. Frost, Esq.
Steven R. Broadwater, Jr., Esq.
Jed R. Nolan, Esq.
HAMILTON, BURGESS, YOUNG & POLLARD, PLLC
P.O. Box 959
Fayetteville, WV 25840
E-mail: ryoung@hamiltonburgess.com
E-mail: cfrost@hamiltonburgess.com
E-mail: sbroadwater@hamiltonburgess.com
E-mail: jnolan@hamiltonburgess.com

/s/ Jason E. Manning
Jason E. Manning (W. Va. Bar No. 12458)
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone:  (757) 687-7562
Facsimile: (757) 687-1524
E-mail: jason.manning@troutmansanders.com
*Counsel for Ocwen Loan Servicing, LLC*