IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

DAVID M. DAUGHERTY,

        Plaintiff,

v.                            CIVIL ACTION NO. 5:14-cv-24506

OCWEN LOAN SERVICING, LLC,

        Defendant.

**ORDER**

The Court has reviewed the *Defendant Ocwen Loan Servicing, LLC's Emergency Motion to Set Aside and Objections to Magistrate Judge's Order Denying Motion for Protective Order* (Document 146), and the *Defendant Ocwen Loan Servicing LLC's Memorandum in Support of Emergency Motion to Set Aside and Objections to Magistrate Judge's Order Denying Motion for Protective Order* (Document 147). The Defendant raises three specific objections to the *Order Confirming Pronounced Order of the Court* (Document 145), entered by Magistrate Judge Omar J. Aboulhosn on May 11, 2016. Therein, the Magistrate Judge denied *Defendant Ocwen Loan Servicing LLC's Motion for Protective Order* (Document 139), which sought to prevent the Plaintiff from taking the deposition of a corporate representative of Equifax Financial Services, LLC, on Thursday, May 12, 2016. In so ruling, the Magistrate Judge found that the deposition was "necessary to provide all facts to the jury for its decision," and that the deposition was permissible under Federal Rule of Civil Procedure 32(a)(3)(B). (Order, at 2.)

The assignment of non-dispositive discovery matters to a Magistrate Judge is governed by Rule 72 of the Federal Rules of Civil Procedure. Rule 72 stipulates that:

> "When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."

Federal Rule of Civil Procedure 72(a). In the Fourth Circuit, a magistrate judge's finding is "clearly erroneous" where "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Clark v. Milam*, 155 F.R.D. 546, 547 (S.D.W.Va. 1994). The standard of review for "contrary to law," however, is different. "[F]or questions of law, there is no practical difference between review under Rule 72(a)'s 'contrary to law' standard and [a] de novo standard." *HSBC Bank USA, Nat. Ass'n v. Resh*, 2014 WL 317820, at *7 (S.D.W.Va. January 28, 2014) (Chambers, J.) (slip op.), quoting *Robinson v. Quicken Loans Inc.*, 2013 WL 1704839, at *3 (S.D.W.Va. Apr. 19, 2013). Thus, the Court will review the Magistrate Judge's legal conclusions to determine if they are contrary to law under a *de novo* standard. *Id*.

Here, the Defendant objects to the Magistrate Judge's finding on three grounds. The Defendant argues that (1) the deposition was noticed well after the discovery deadline set forth in the Court's *Scheduling Order* (Document 12); (2) the documents to be authenticated during the relevant deposition were not disclosed to Ocwen pursuant to Federal Rule of Civil Procedure 26(a)(3); and (3) that the deposition comes on the eve of trial, will be severely prejudicial to

2

Ocwen's defense of this action and will require additional discovery. (Def.'s Mem. in Supp. of Emer. Mot. to Set Aside and Objections, at 2.)

After careful review of the Magistrate Judge's *Order Confirming Pronounced Order of the Court* and the Defendant's objections thereto, the Court finds that the objections are without merit, and that the Magistrate Judge's findings are not clearly erroneous or contrary to law. In so ruling, the Court finds that despite the proximity of the relevant deposition to the trial date, the deposition will not unduly prejudice the Defendant, as the Plaintiff has acknowledged on the record and in filings with the Court that the sole purpose for the deposition will be to authenticate documents produced by Equifax for use by the Plaintiff at trial. (*See* Pl.'s Amended Not. of Dep., at 2.) (Document Further, the Court finds that the Defendant may raise objections based on the purported failure of the Plaintiff to properly disclose the relevant documents pursuant to Rule 26(a)(3) at trial.

Wherefore, after careful consideration, the Court **ORDERS** that the *Defendant Ocwen Loan Servicing, LLC's Emergency Motion to Set Aside* (Document 146) be **DENIED**, and that the *Defendant's Objections to Magistrate Judge's Order Denying Motion for Protective Order* (Document 146) be **OVERRULED**.

ENTER: May 12, 2016

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA