IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

DAVID M. DAUGHERTY,

          Plaintiff,

v.                                        CIVIL ACTION NO.   5:14-cv-24506

OCWEN LOAN SERVICING, LLC,

          Defendant.

**ORDER**

The Court has reviewed the *Defendant Ocwen Loan Servicing, LLC's Motion to Continue Trial and Amend Scheduling Order* (Document 149) and *Memorandum in Support of Motion to Continue Trial and Amend Scheduling Order* (Document 150). The Court has also reviewed the *Defendant Ocwen Loan Servicing, LLC's Motion for Emergency Hearing on Motion to Continue* (Document 152).

In these motions, the Defendant requests that this Court continue the trial date for the above-styled action, currently scheduled for May 16, 2016. (Def.'s Mem. in Supp. of Mot. to Cont. Trial, at 1-2.) The Defendant provides two bases for this motion. First, the Defendant cites the prejudicial impact of the Plaintiff's pending deposition of a representative of Equifax Information Services, LLC (Equifax), scheduled for May 12, 2016. This deposition was the subject of *Defendant Ocwen Loan Servicing, LLC's Motion for Protective Order* (Document 139). After a hearing on the motion on May 11, 2016, Magistrate Judge Omar J. Aboulhosn issued an *Order Confirming Pronounced Order of the Court* (Document 145), wherein the Magistrate Judge

denied Ocwen's motion for a protective order, finding that the relevant deposition was narrowly circumscribed to the authentication of documents produced to the Plaintiff by Equifax, that the deposition was permissible under Federal Rule of Civil Procedure 32(a)(3)(B), and that the deposition was "necessary to provide all facts to the jury for its decision." (Order Confirming Pronounced Order of the Court, at 1-2.)  Now, the Defendant argues that the Plaintiff has "never disclosed that he intended to use the documents" which will be the subject of the deposition, and failed to identify the documents in the disclosures required by Federal Rule of Civil Procedure 26(a)(3). (Def.'s Mem. in Supp. of Mot. to Cont., at 4.)  The Defendant therefore argues that absent a continuance, it will be "precluded from cross-examining Equifax" on issues relating to these documents, and will also forfeit "the opportunity to depose other entities that may rebut Equifax's testimony." (*Id*. at 4-5.)  Second, the Defendant argues that because the deposition is scheduled to take place "nearly eight months after the Motions in Limine deadline" and "four days before the scheduled start of trial," it will be prejudiced without a continuance, because it will be unable to prepare motions in limine based on the transcript and video recording of the relevant deposition. (*Id*. at 5-6.)

      The decision as to whether to continue a trial date or otherwise modify a scheduling order is vested in the sound discretion of the trial court. *Lathan v. Crofters, Inc.,* 492 F.2d 913 (4th Cir. 1974). In determining whether to grant a continuance, courts consider whether the party seeking the continuance has shown good cause. *NKR, Inc. v. Forestland Group, LLC*, 2005 WL 1123629, at *3 (W.D.Va. May 11, 2005) (Jones, C.J.).  The trial court's decision will not be overturned absent a showing of abuse of discretion. *Lathan*, 492 F.2d at 913.

2

Here, the Court finds that the Defendant has failed to provide good cause for a continuance of the trial date. The Defendant retains the right to object at trial to the admissibility of the Equifax documents, and any deposition testimony relevant thereto, based on the purported failure of the Plaintiff to comply with the requirements of Rule 26(a)(3). Further, both the Defendant and the Plaintiff in this case listed a corporate representative of Equifax as a potential witness at trial. (*See* Proposed Integrated Pretrial Order, at 2-5) (Document 105). Because each party advised the Court about the possibility of calling as a witness a corporate representative of Equifax, the Court finds it unlikely that the deposition in question, and the documents relevant thereto, represent such a significant change to the nature of this litigation as to merit a continuance of the trial date.[1] This is particularly true in light of the Plaintiff's representations, on the record and in filings with this Court, that the purpose of the deposition is merely to authenticate documents produced by Equifax. (*See* Amended Notice of Deposition, at 1-2) (Document 135).

The Court finds the Defendant's arguments concerning potential motions *in limine* to be similarly unavailing. While motions *in limine* provide a convenient procedural vehicle for parties to resolve evidentiary issues with the Court prior to trial, they are not the exclusive means for a party to object to the introduction of purportedly inadmissible evidence.

Wherefore, after careful consideration, the Court **ORDERS** that the *Defendant Ocwen Loan Servicing, LLC's Motion to Continue Trial and Amend Scheduling Order* (Document 149)

---

[1] While neither party in this case requested a transcript of the hearing held on May 11, 2016, before the Honorable Omar J. Aboulhosn, Magistrate Judge for the Southern District of West Virginia, on the Defendant's motion for a protective order, the Court has reviewed the audio recording of that hearing. Therein, lead counsel for the Defendant repeatedly acknowledges placing a corporate representative from Equifax on the list of potential witnesses for trial, and admits to having "taken the risk" of not deposing Equifax prior to trial. The Court finds that this strategic litigation decision by the Defendant further cuts against a need to continue the trial. Both parties were clearly aware that a corporate representative of Equifax could appear at trial, and the Court assumes that both parties prepared accordingly. The fact that the Plaintiff will use a deposition, rather than a direct examination at trial, to authenticate documents, does not prejudice the Defendant in any material way.

3

be **DENIED**, and that the *Defendant Ocwen Loan Servicing, LLC's Motion for Emergency Hearing on Motion to Continue* (Document 152) be **TERMINATED AS MOOT**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:   May 12, 2016

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA