**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Beckley Division**

**DAVID M. DAUGHERTY,**

> **Plaintiff,**

> **v.**                                                                     **Civil Action No. 5:14-cv-24506**

**EQUIFAX INFORMATION
SERVICES, LLC, and
OCWEN LOAN SERVICING, LLC,**

> **Defendants.**

**DEFENDANT'S MEMORANDUM IN SUPPORT OF
RENEWED MOTION IN LIMINE
TO EXCLUDE EQUIFAX DOCUMENTS**

Defendant Ocwen Loan Servicing, LLC ("Ocwen"), by counsel, files this Memorandum in Support of its Renewed Motion *in Limine* to prevent Plaintiff David M. Daugherty ("Plaintiff") from introducing the Equifax Automated Dispute Resolution Verification forms (ACDVs) identified as Exhibits 1-10, 12-13 to the deposition of Equifax taken by Plaintiff on May 12, 2016, as well as the Equifax documents identified as Exhibit 11 and 14 to the same deposition (collectively, the "Equifax Documents").

## I.    INTRODUCTION

Now that the Equifax Documents that Plaintiff intends to use at trial actually have been identified with the proper specificity – more than *six months* after Plaintiff served his Rule 26(a)(3) disclosures and mere days before trial – Ocwen moves again *in limine* to exclude them on the grounds that they are inadmissible hearsay.  Plaintiff has not cured his hearsay problem by taking the deposition of an Equifax representative on the eve of trial.  Explaining its decision to overrule Ocwen's objections to the late deposition, this Court held that Plaintiff had represented

that "sole purpose for the deposition will be to authenticate documents." Certainly, had that been the only purpose, the deposition might have been unobjectionable. But of course, it was not the "sole purpose" for which Plaintiff sought the deposition. Instead, he made an effort to have the witness not only to authenticate the documents but to lay the grounds for establishing them as business records under Federal Rule of Evidence 803(6). Pursuant to this Court's Order, the deposition should have been limited to the issue of authenticity. For that reason alone, this Court should disregard the Equifax representative's testimony about anything other than the authenticity of the documents. Authenticity alone is insufficient to demonstrate that the documents are admissible business records.

Even if the Court considers the deposition testimony (to which Ocwen objects) the Equifax Documents remain inadmissible hearsay. Plaintiff did not lay a proper foundation for their introduction as business records. Moreover, the witness was unable to testify about the circumstances of their creation or the source of the information contained therein, rendering them inherently untrustworthy and inadmissible. Accordingly, the Equifax Documents, with the exception of Exhibit 15, should be excluded as inadmissible hearsay.

## II.   BACKGROUND

This sole remaining claim in this case is Plaintiff David M. Daugherty's allegation that Ocwen violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681s-2(b)(1)(A), by failing to conduct a reasonable investigation of his disputes to Equifax Information Services, LLC ("Equifax"). Plaintiff filed his Complaint nearly two years ago, on July 8, 2014. After the case was removed to this Court, the Court entered a Scheduling Order on October 10, 2014, setting the deadline to complete depositions as June 10, 2015. [ECF No. 12.] By agreement of the parties, that deadline was extended to August 10, 2015. [ECF No. 74.]

On February 17, 2015, Equifax responded to Plaintiff's discovery requests, producing more than 500 pages of documents labeled as Bates EIS-Daugherty 1-510. Plaintiff failed to notice the deposition of any Equifax representative prior to the deadline to take depositions. On July 10, 2015, Plaintiff notified the Court that the case had been settled as to Equifax [ECF No. 80]. On September 21, 2015, Plaintiff filed his Rule 26(a)(3) disclosures. Plaintiff identified as exhibits a March 2013 ACDV, attached as Exhibit 7 to the deposition transcript of Ocwen's corporate representative. He also identified "all other documents exchanged in discovery." Plaintiff identified an unnamed "Corporate Representative of Equifax" as a witness. On October 5, 2015, Ocwen filed its Objections to Plaintiff's pretrial disclosures, objecting to the documents and witness as insufficiently and improperly identified, and also objected on the grounds that the documents were inadmissible hearsay.[1] Despite his clear knowledge since at least October 5, 2015 that Ocwen objected to the Equifax documents as inadmissible hearsay, Plaintiff made no effort to notice the deposition of an Equifax representative.[2]

On April 22, 2016, Ocwen filed three motions *in limine*, including its Motion *in Limine* #2 as to Equifax Documents, seeking to exclude any Equifax documents Plaintiff might seek to introduce during the trial on the grounds that they are inadmissible hearsay and irrelevant in any

---

[1] On the same day, Ocwen filed its Reply Memorandum in Support of Summary Judgment again flagging the March 2013 Equifax ACDV as inadmissible hearsay. [ECF No. 103.]

[2] Ocwen had no need – or any obligation – to take a deposition of Equifax. It was and is Plaintiff's burden to overcome the hearsay problem, a problem he knew existed at the very least as of the date he settled with Equifax in July 2010. Moreover, given Plaintiffs' failure to identify the Equifax Documents in his Rule 26(a)(3) disclosures, Ocwen was justified in believing that Plaintiff would not be able to use them at trial and, therefore, had no reason to depose anyone form Equifax. Ocwen could not have foreseen that Plaintiff would be permitted to identify the specific documents he actually wanted to use at trial and then take a deposition on the eve of the jury trial.

case.[3]  On April 26, 2016, this Court held a pretrial conference and denied Ocwen's Motion *in Limine* as untimely filed, citing the September 11, 2015 deadline in its Scheduling Order.

On May 6, 2016, ten days before trial,[4] Plaintiff noticed the deposition of Equifax for May 13, 2016 [ECF No. 134], and on May 9, 2016, filed an amended notice of the Equifax deposition (the "Deposition") for May 12, 2016 [ECF No. 135].  The deposition notice identified as topics:  "the authenticity of the documents," that the documents were "made in the ordinary course of business" and are documents "made at or about the time of the events to which they relate by persons having knowledge of the information set forth in the records."  On May 10, 2016, Ocwen filed a Motion for Protective Order requesting that the Court prohibit the deposition of Equifax on the grounds, inter alia, that (1) the notice was filed nearly 9 months after the depositions deadline and (2) Ocwen would be severely prejudiced by the deposition, set to occur on three days notice and less than a week before trial.  [ECF No. 139].

On May 11, 2016, the Court held a hearing on Ocwen's Motion for Protective Order before Magistrate Judge Omar J. Aboulhosn.  Following the hearing, the Court entered an Order denying Ocwen's Motion for Protective Order. [ECF No. 145].  The same day, Ocwen filed its Rule 72(a) Objections to the Order, together with its Motion to Continue Trial and Amend Scheduling Order, seeking a continuance of the trial date.  [ECF No. 146.]  The Court denied Ocwen's Rule 72(a) Objections, holding that "the deposition will not unduly prejudice the Defendant, as the Plaintiff has acknowledged on the record and in filings with the Court that the

---

[3] At the time, Ocwen had no idea which Equifax documents – if any – Plaintiff intended to introduce at trial because he had identified only "all documents exchanged in discovery." Despite Ocwen's objections to this designation, and despite the fact that he has had more than six months to identify the documents, he made no effort to supplement his Rule 26(a)(3) disclosures.

[4] On October 27, 2015, the Court entered an Amended Scheduling Order setting a new trial date of May 16, 2016.

sole purpose for the deposition will be to *authenticate* documents produced by Equifax." [ECF No. 153.]  The Court also denied as moot Ocwen's Motion seeking a continuance of the trial date.  The Court again observed that the Plaintiff had represented that the "purpose of the deposition was merely to *authenticate* documents." [ECF No. 154.]

On May 12, 2016, Plaintiff's counsel took the *de bene esse* deposition of Latonya Muson, the identified Equifax representative.  During questioning, he not only sought to authenticate the Equifax Documents but also to lay the grounds to overcome Ocwen's hearsay objections. (Transcript of Munson Dep., 12-28; **Exhibit A**.)  Given this fact, counsel for Ocwen attempted to question the witness as to her knowledge about the circumstances of preparation of the records and the source of the records.  As set forth below, the witness was unable to respond on numerous occasions.  As a result, even if her testimony is considered, it is in sufficient to lay the grounds for establishing the Equifax Documents as business records.[5]

### III.   ARGUMENT

The Equifax Documents all are hearsay documents because they are written statements made outside of court.  Further, Plaintiff intends to offer these documents only to prove the truth of the matters stated therein, *i.e.*, to prove that Ocwen responded to ACDVs with inaccurate information regarding Plaintiff's account.  Because these documents are hearsay, Plaintiff cannot introduce them unless he can prove that a hearsay exception applies.  Hearsay evidence is not admissible unless it falls into one of a limited number of exceptions defined in the Federal Rules of Evidence.  *See* Fed. R. Evid. 802, 803, and 804.  The Equifax Documents do not fall within any exception to the hearsay rule and the Court should exclude them.

---

[5] The only possible exception is Exhibit 15, a document with respect to which the witness had personal knowledge.

**A.** **The Equifax Witness' Testimony Concerning the Nature of the Documents Cannot be Considered and without it, Plaintiff cannot Show an Exception to the Hearsay Rule.**

As set forth above, and in Ocwen's other recent filings in support of its contention that the Equifax deposition should not be allowed, Plaintiff has known for months now that he needed to authenticate the Equifax Documents and establish that they are business records of Equifax. He failed to identify them in his Rule 26(a)(3) disclosures, despite the fact that it would have been simple to do so. Only on the eve of trial did Plaintiff finally decide actually identify the documents and attempt to cure the hearsay problem identified by Ocwen *seven months* ago. Ocwen argued that it would be prejudiced if Plaintiff were permitted to take the deposition of an Equifax representative on three days notice and without the opportunity to fully explore the method and circumstances surrounding the creation of the documents. The Court overruled Ocwen's objections, holding that "the deposition will not unduly prejudice the Defendant, as the Plaintiff has acknowledged on the record and in filings with the Court that the sole purpose for the deposition will be to *authenticate* documents produced by Equifax." [ECF No. 153.] To be sure, if Plaintiff had sought only to authenticate the documents, Ocwen would not have suffered such severe prejudice. But that is not what happened.

During the deposition, Plaintiff did more than merely seek to establish that the Equifax Documents are what they purport to be. Fed. R. Evid. 901(a), (b)(1) (documents may be authenticated by testimony that they are what they are claimed to be). He sought also to establish that the documents are Equifax business records and therefore not hearsay pursuant to Federal Rule of Evidence 803(6). (Muson Dep., 2-27) (repeatedly asking the witness to confirm that the records were made and kept in the course of Equifax's business activities). As a result, Ocwen's counsel questioned the witness about the circumstances and manner in which the

documents were created.  *See* Fed. R. Evid. 803(6)(E).  But she was unable to answer many of the questions, thereby prejudicing Ocwen in its ability to obtain discovery to support its claim that he documents are inadmissible hearsay.  (*See*, *e.g.*, Munson Dep. 68 (no knowledge as to the source of the information), 70 (no knowledge whether information is accurate), 93 (no knowledge as to whether information processed by an agent or electronically), 99, 102 (no knowledge as to images attached to documents and why they are missing)).  This is the sort of prejudice that Ocwen argued would occur if Plaintiff were permitted to proceed with the deposition.

Having assured Ocwen that there would be no prejudice because Plaintiff sought only to authenticate the Equifax Documents, the Court should not permit Plaintiff now to also use the deposition to establish a hearsay exception.  Authentication of documents is different from establishing an exception to the hearsay rule.  Simply authenticating documents "does not foreordain a result concerning hearsay."  *Uniden Am. Corp. v. Ericcson, Inc.*, 181 F.R.D. 302, 304 n.5 (M.D. N.C. 1998).  Rule 803(6) requires much more than mere authentication of a document in order to fall within its hearsay exception.  *Id.*  Thus, even assuming that the Equifax Documents are authenticated and that Plaintiff established as much through the Equifax representative's testimony that does not make them admissible.  Because Plaintiff is precluded from relying on any deposition testimony other than that necessary to authenticate the documents, he cannot establish that the Equifax Documents are business records.  They must be excluded from evidence in this case as hearsay, not subject to any exception that Plaintiff has – or can – establish.

**B.** **Even Accepting the Equifax Representative's Testimony, Plaintiff has not Established an Exception to the Hearsay Rule.**

Business records may be admissible under Fed. R. Evid. 803(6) if a custodian or qualified witness testifies that a record was made (1) at or near the time of the event; (2) by a person with knowledge; (3) if kept in the course of a regularly conducted business activity; and (4) if it was the regular practice of that business activity to make the particular record.   Fed. R. Evid. 803(6)(A)-(C).   Moreover, the opposing party has the opportunity to show that "the source of the information or the method or circumstances of preparation indicate a lack of trustworthiness." *Id.* R. 803(6)(E).   A witness may only testify to a matter if he or she has personal knowledge. *See* Fed. R. Evid. 602.   Here, even accepting Ms. Munson's testimony, Plaintiff has failed to establish that the Equifax Documents fall within the business records exception to the hearsay rule.

First, as noted above, Rule 803(6) requires that the proponent show that the records were made by or from information provided by "someone with knowledge."   Plaintiff attempted to elicit this testimony from the witness with respect to Deposition Exhibit 1.   (Munson Dep., 12.) The witness testified that she "didn't know" whether the documents were made by someone with knowledge.   She thought they were prepared by an agent or live person, but she was not sure. (*Id.*, 12.)   Indeed, she had no knowledge as to whether the information was processed through an agent or electronically, but "that could be determined."[6]   (*Id.*, 102.)   Even if this response could save Plaintiff with respect to Exhibit 1, Plaintiff's counsel never inquired about any of the other ACDVs (Exhibits 2-10, 12, 13.)   Instead, the only testimony was that the witness did not know.

---

[6] Of course, it cannot be determined in the one day left before this case goes to trial and Ocwen has no opportunity whatsoever to inquire about the process given Plaintiff's failure to conduct a timely deposition.

The witness also did not know whether the letters identified as Exhibit 11 were ever attached to the ACDVs sent to Ocwen.  (Munson Dep., 102.)

Second, as revealed by the testimony above, Ms. Munson was unclear on the circumstances under or manner in which the documents were created.  Accordingly, Ocwen had no opportunity to inquire about those circumstances – who made the documents; how were they created; what was the source of the information; if created electronically, how does the process work?  It is not even clear that Ms. Munson is a person qualified to testify about the ACDVs. She indicated that she is familiar with how "Equifax compiles and maintains records of credit histories of consumers." (Munson Dep., 6.)  But that is not what this case is about.  Instead, her testimony made it clear that she is not qualified to talk about the process by which the ACDVs were created or the accuracy of the information contained therein.  (*Id.*, 7 (witness deals with post-litigation disputes)).  In short, Plaintiff failed to establish that the witness was qualified or that the documents were made by a person with knowledge.  Indeed, the circumstances surrounding the process are so unclear that it is impossible to determine, without more discovery, whether the documents are trustworthy.  Because Plaintiff has failed to establish that the Equifax Records are business records under Rule 803(6), they are inadmissible hearsay and should be excluded.

## CONCLUSION

For the reasons stated above, the Court should grant Ocwen's Renewed Motion *in Limine* to exclude the Equifax Documents, and any testimony, or argument that relates to the Equifax Documents; and for such other and further relief as this Court deems just and proper.

Dated:  May 13, 2016                          Respectfully submitted,

                                              OCWEN LOAN SERVICING, LLC


                                              By:  ___/s/ Jason E. Manning_____
                                                          Of Counsel

Jason E. Manning (WV Bar No. 11277)
Jonathan M. Kenney (WV Bar No. 12458)
Counsel for Ocwen Loan Servicing, LLC
Troutman Sanders LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone:  (757) 687-7564
Facsimile:  (757) 687-1524
E-mail:  jason.manning@troutmansanders.com
E-mail: jon.kenney@troutmansanders.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Beckley Division**

**DAVID M. DAUGHERTY,**

      **Plaintiffs,**

      **v.**                      **Civil Action No. 5:14-cv-24506**

**EQUIFAX INFORMATION
SERVICES, LLC, and OCWEN
LOAN SERVICING, LLC,**

      **Defendants.**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 13th day of May, 2016, I electronically filed the foregoing

*Renewed Motion in Limine to Exclude Equifax Documents* with the Clerk of the Court using the

CM/ECF System which will then send a notification of such filing (NEF) to the following:

<u>**Counsel for Plaintiff**</u>
Ralph C. Young, Esq.
Christopher B. Frost, Esq.
Steven R. Broadwater, Jr., Esq.
Jed R. Nolan, Esq.
HAMILTON, BURGESS, YOUNG & POLLARD, PLLC
P.O. Box 959
Fayetteville, WV 25840


/s/__Jason E. Manning_____ _____
Jason E. Manning (WV Bar No. 11277)
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone:  (757) 687-7564
Facsimile: (757) 687-1510
E-mail: jason.manning@troutmansanders.com
*Counsel for Ocwen Loan Servicing, LLC*

28131904