IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

| | |
|---|---|
| DAVID M. DAUGHERTY, | PLAINTIFF |
| V. | CIVIL ACTION NO. 5:14-24506 |
| EQUIFAX INFORMATION SERVICES LLC and OCWEN LOAN SERVICING, LLC, | DEFENDANTS |

**PLAINTIFF'S OBJECTION TO DEFENDANT OCWEN LOAN SERVICING, LLC'S MOTION TO EXCLUDE EQUIFAX DOCUMENTS**

Ocwen's instant motion is an effort to prevent the trier of fact from receiving evidence concerning Ocwen's "investigation" of Plaintiff's credit disputes. Perhaps the best analogy would be "smoke and mirrors," as Equifax's records mirror the Ocwen records. The accompanying chart illustrates how this is a false flag raised by counsel for Ocwen. (Exhibit 1)

There were 24 separate "Automated Consumer Dispute Verifications" (ACDV's) sent by Equifax to Ocwen, to which Ocwen responded by either verifying the data or modifying the data. The ACDVs came in 12 sets of two ACDV's, each pair transmitted by Equifax and received by Ocwen within minutes of the other. The ACDVs are sent by credit reporting agencies to creditors electronically by the e-Oscar system. (Exhibit 2, Ocwen's Rule 30(b)(6) Deponent Lyew 19:11-25); (Exhibit 3, Equifax's Records Custodian Latonya Munson, 71-72: 25:3). There are no paper ACDV forms. *Id*. Either the credit reporting agency or the creditor can "print out" this identical data. A completed ACDV investigation consists of the electronic data transmitted by the credit reporting agency to the creditor, and the creditor's response either verifying the disputed information or modifying the disputed information. Each ACDV is assigned a discrete 16 digit control number by the credit reporting agency at the time the disputed information is transmitted to the creditor.

In fact, Ocwen admits that "the ACDV is basically a screen through [Equifax's] system," and that Ocwen's response "mirrors and matches" the credit agency ACDV through this system. (Exhibit 2, Ocwen's Rule 30(b)(6) Deponent Lyew, 26:5-17; 46:15-25).

When Ocwen was examined regarding the specific ACDV forms, Ocwen confirmed the reliability of the Equifax productions:

> **Q**. Is this [Equifax produced ACDV] significantly different from what Ocwen uses?
> **A**. No. Again, it's used -- they use a system e-Oscar. That's how all the agencies report or send their disputes or verifications or consumer disputes to the consumer...**it mirrors and matches**."[1]
> (Exhibit 2, Ocwen's Rule 30(b)(6) Deponent Lyew, 46:15-25)

Equifax confirmed that Ocwen has direct access and edits content on the ACDV directly:

> **Q [by Attorney Manning]:** Let's make sure that is clear on the record. These are not responses from Ocwen. These are Equifax's ACDV requests for verification that went to Ocwen, correct?
> **A.** No. This captures Equifax's reinvestigation that was sent to Ocwen and Ocwen's response to the ACDV.
> **Q.** Can you identify where on here Ocwen provided a response to an ACDV request from Equifax?
> **A**:. Sure. On Exhibit 1, Ocwen was contacted and the responder's name, Raj Kumar, with a responder's phone number, date of the response, the method or response code which verifies correct as reported, is contained within

(Exhibit 3, Equifax's Records Custodian Latonya Munson, 87-88:20-10). Equifax continued to identify the information that Ocwen provided on this mirror image form:

> **A.** So if you look under the control number towards the middle of those fields, rather, the grantor name, Ocwen Loan Servicing, and followed by that is the responder name, and followed by that is the responder's phone number and response code from the responder.

(Exhibit 3, Equifax's Records Custodian Latonya Munson, 89:8-14). When asked if Equifax created the ACDV document, Equifax clarified that: "this is Equifax's memorialization of the ACDV process and so that that process because it is electronic, this is how Equifax captures Equifax -- sent out the ACDV and

---

[1] Ocwen suggested that Plaintiff use Ocwen's e-Oscar ACDV form. (Lyew, 46:22-25). When Plaintiff informed Ocwen that Ocwen's e-Oscar ACDV response forms were never provided, Ocwen responded, "It's there." (Ocwen's Rule 30(b)(6) Deponent Lyew, 47:4-10).

then how the response was received from the furnisher." (Exhibit 3, Equifax's Records Custodian Latonya Munson 91-92:24-7). Equifax was clear: "during the ACDV process Ocwen is the one who has completed the verification and determined what information should be verified, modified, deleted, or deleted as fraud." (Exhibit 3, Equifax's Records Custodian Latonya Munson, 92:15-18)

In the provided chart, the first column shows the 12 dates that the 24 "dual" ACDV's were received and responded to by Ocwen. (Exhibit 1) The second column (green) are the last four digits of the 16 digit ACDV Control Numbers. *Id*. The next column (yellow) are the completed ACDV dispute investigations, which include and incorporate the response by Ocwen to the ACDV. *Id*. (Each is a complete set of data including the information transmitted by Equifax to Ocwen for verification and Ocwen's response as verified or modified including the name of the Ocwen employee that investigated and responded to the original dispute.)

The next column (red) are the "mirror image" of the completed ACDV dispute investigations, which incorporate the response by Ocwen (this identical data is "printed out" on an Ocwen form). *Id*. Every bit of data in the Equifax ACDV is identical to the data in the Ocwen ACDV. *Id*. The next column (orange) contains the Bates number of each page of the Ocwen notes acknowledging receipt of the ACDV by 16 digit control number, the actual "investigation" done by Ocwen in real time, and the response to the ACDV by Ocwen in real time. *Id*.

What is missing from the red column are the first 14 completed ACDV dispute investigations "printed out" on an Ocwen form which "mirror" the Equifax "print out." *Id*. During the deposition of Ocwen's Rule 30(b)(6) designated corporate representative, Ms. Lyew was asked about the completed ACDV investigation portrayed on the Equifax form which was made Exhibit 7 to the deposition. (the first "green" ACDV in column two, XXXXXXXX9087). When asked where the Ocwen counterpart to that document was she insisted that it was "in there" referring to the 1700+ pages of documents provided by

Ocwen to the plaintiff. (Exhibit 2, Ocwen's Rule 30(b)(6) Deponent Lyew, 47:4-10) Defendant is bound by this statement of its designated corporate representative.

During trial preparation Plaintiff's counsel could not locate the same and asked Mr. Manning, counsel for Ocwen: "I wanted to see if you could confirm for us the Bates location of the ACDV response form that corresponds to the investigation performed on Bates 1665 at 1:40:46 am by Harish Rao. It doesn't appear to have been provided. Thanks." (Exhibit 4, S/Jed Nolan, email of May5, 2016 @ 12:27 pm). Mr. Manning did not respond to this inquiry. Therefore, counsel for Plaintiff, Mr. Young sent the May 6, 2016 letter to Mr. Manning outlining the fact that the Equifax version of the ACDV was identical to the Ocwen ACDV. (Exhibit 5) The failure of Mr. Manning to respond to those inquiries resulted in the records deposition of the Equifax witness for the purpose of authenticating the Equifax records last Thursday.

Clearly Ocwen is playing "hide the ball" from its failure to provide such documents, which its designated Corporate representative assured Plaintiff not only existed but were provided, by now trying to prevent Plaintiff from utilizing the mirror images of those unproduced documents at trial.

It should be noted that Mr. Lynch, speaking on behalf of Ocwen by telephone before the Magistrate Judge, indicated that his firm had given "everything" to Plaintiff's counsel. Plaintiff's counsel then asked the Magistrate Judge to inquire of Mr. Lynch as to whether Mr. Lynch would be willing to provide the missing Ocwen ACDV's. Mr. Lynch again replied that his firm had given Plaintiff everything they had, and he did not know whether Ocwen could produce its version of the ACDVs. (Referring to the chart, Ocwen did produce the ACDVs shown in the red column for the 10 ACDVs between April 24, 2014 and August 15, 2014. (Exhibit 1)) If Ocwen will not provide 14 ACDVs because it cannot, or even for strategic reasons, will not, Plaintiff is merely using the mirror image of the same, Equifax ACDVs shown in yellow, lines 1 through 14. *Id.*

Ocwen acknowledged the reliability of the mirror image forms when it used those forms in its deposition of the Plaintiff. Ocwen introduced and reviewed four Equifax ACDVs in its direct examination of Plaintiff. (Exhibit 6, Plaintiff David Daugherty Deposition, 35-38:10-24; Deposition Exhibits 4-6). Ocwen deftly navigated the intricacies of the ACDV during its examination, confirming that the documents are reliable and indicating a strong familiarity with the contents (likely due to the fact that Ocwen provided most information included on the form).[2]

In addition, Ocwen's expert relied extensively on his review of Equifax's records when compiling his report. (Exhibit 6, Defendant's 26(a)(2)) Exhibit C to his report indicates that he relied on EIS-Daugherty 1-1092. He specifically cited to EIS-Daugherty 41,[3] 42-43, 260-261, 308, 268-269, 311, 360, 364-373, 416, 421-426, 430-433, 436-445, 497-503, 507-510, 504-506, 476-485, 474-475, 427-429, as well as ACDVs on pages EIS-Daugherty 89, 192, 227, 255, 303, and 389. (Exhibit 6, Defendant's 26(a)(2), Pages 14-16).

Discovery sanctions, including an adverse inference instruction, may be imposed upon a party that has breached a discovery obligation not only through bad faith or gross negligence, but also through ordinary negligence. *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 113 (2nd Cir. 2002). Because Ocwen failed to produce documents that its corporate representative acknowledged existed, this Court has the power to allow the introduction of evidence that is an admitted mirror image of the documents which Ocwen failed to produce. The Court can also find that the Equifax ACDVs are

---

[2] Ocwen's use of Equifax's production again highlights the fact that Ocwen failed to produce its own ACDV response form that Ocwen assured was previously disclosed. (Ocwen's Rule 30(b)(6) Deponent Lyew, 47:4-10).

[3] Ocwen's expert's use of Equifax's production again highlights the fact that Ocwen failed to produce its own ACDV response form that Ocwen assured was previously disclosed. (Ocwen's Rule 30(b)(6) Deponent Lyew, 47:4-10).

"relevant" pursuant to FRE 401, "admissible" under FRE 402, and admissible under FRE 803(6) as an exception to the rule against Hearsay as the Equifax documents have been shown to be the business records of both Equifax and Ocwen and as such are inherently trustworthy.

Alternatively, should Ocwen persist in stating that it cannot produce the ACDV responses, this Court can admit the Equifax documents under FRE 803(7) due to the absence of Ocwen's ACDV responses from the initial disputes. The Equifax documents show that Ocwen's ACDV responses do not exist, as the Ocwen responses should have been generated and disclosed. Equifax's records confirm that Ocwen regularly maintains a record of that kind, and Ocwen's subsequent ACDV responses confirm that it regularly keeps ACDV responses. Lastly, the Equifax documents have been shown to be trustworthy based upon Ocwen's reliance on those records in its examination of Plaintiff, in its expert report, and in its testimony regarding these specific ACDVs from Equifax.

In conclusion, these Equifax records are inherently trustworthy and must not be excluded.

**DAVID M. DAUGHERTY**

BY COUNSEL

HAMILTON, BURGESS, YOUNG
    & POLLARD, *pllc*

BY:    /s/    Jed R. Nolan
        Ralph C. Young  *(W. Va. Bar #4176)*
           ryoung@hamiltonburgess.com
        Christopher B. Frost  *(W. Va. Bar #9411)*
           cfrost@hamiltonburgess.com
        Steven R. Broadwater, Jr. (*W. Va. Bar #11355*)
           sbroadwater@hamiltonburgess.com
        Jed R. Nolan (*W. Va. Bar #10833*)
           jnolan@hamiltonburgess.com
        *Counsel for Plaintiff*
        P. O. Box 959
        Fayetteville, WV 25840
        304-574-2727

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

DAVID M. DAUGHERTY,                                    PLAINTIFF

V.                                                     CIVIL ACTION NO. 5:14-24506

EQUIFAX INFORMATION SERVICES LLC
and OCWEN LOAN SERVICING, LLC,                         DEFENDANTS

# CERTIFICATE OF SERVICE

I, Jed R. Nolan, counsel for Plaintiff, hereby certify that the foregoing **PLAINTIFF'S OBJECTION TO DEFENDANT OCWEN LOAN SERVICING, LLC'S MOTION TO EXCLUDE EQUIFAX DOCUMENTS** was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants, on March 1, 2016:

John C. Lynch, Esq.
Jason E. Manning, Esq.
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA  23462
*Counsel for Defendant Ocwen Loan Servicing, LLC*
john.lynch@troutmansanders.com
jason.manning@troutmansanders.com

/s/ Jed R. Nolan
**JED R. NOLAN** *(WVSB #10833)*
jnolan@hamiltonburgess.com

[F:\CM\21352\21352RESP Equifax Doc.frm]