FILED

MAY 2 4 2016

TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

DAVID M. DAUGHERTY,

     Plaintiff,

v.                    CIVIL ACTION NO.  5:14-cv-24506

OCWEN LOAN SERVICING, LLC,

     Defendant.

## THE COURT'S CHARGE AND INSTRUCTIONS

### 1.    INTRODUCTION

Members of the jury:

Now that you have heard all of the evidence, it becomes my responsibility to instruct, or charge you, concerning the law that applies to this case. It is my exclusive responsibility and duty to consider, determine and explain the rules of law that apply in a particular case. It is the jury's, or your, exclusive responsibility and duty to consider and determine what occurred factually, that is, what the jury believes the true facts are from among all of the evidence and testimony which has been produced. I have no right to tell you which facts are established by the testimony and any exhibits, as that determination is exclusively yours. You, and

only you, are the judges of the facts.    If any expression of mine or anything I may or may not have done or said would seem to indicate any opinion relating to any factual matters in this case, I instruct you to disregard it.

2.    <u>DUTY TO FOLLOW INSTRUCTIONS</u>

It is your duty as jurors to accept and follow the law as contained in these instructions, and to apply that law to the facts that you believe have been proven and established from all of the evidence in the case.    If I state any rule, direction or idea in varying ways, no emphasis is intended by me and none must be inferred by you.    Each instruction is as important as any other.    You are not to single out one statement or instruction alone as stating the law and ignore the other instructions or parts of instructions.    You are to consider and apply these instructions together as a whole, and you are to regard each instruction in the light of all others.    Neither are you to be concerned with the wisdom of any rule of law stated by me.    If you have any personal opinion as to what the law is, or ought to be, you must put that opinion aside and accept and apply the law as it is.    It would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in these instructions; just as it would also be a violation of your

sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in this case. In performing your duties as jurors, you must not permit yourself to be influenced or swayed by sympathy, bias, prejudice or favor as to any party. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences. This case must be considered and decided by you as an action between persons of equal standing in the community and holding the same or similar stations in life. A corporation is entitled to the same fair and impartial consideration as is a private individual. All persons, including corporations, stand equal under the law.

A corporation, such as the Defendant, can only act through its officers, agents and employees. Consequently, any act or omission by an officer, agent or employee of the Defendant in the performance of his or her duties is held in law to be the act of the Defendant.

3. <u>BURDEN OF PROOF</u>

The burden of proof is on the plaintiff in a civil action, such as this, to prove each and every essential element of his claim by a preponderance of the evidence.

If the proof should fail to establish any element of the plaintiff's claim by a preponderance of the evidence in the case, or if the defendant's evidence outweighs the plaintiff's, or if the evidence is evenly balanced in the case, the jury should find for the defendant as to that claim.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence, as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds a belief that that which is sought to be proved is more likely true than not true.

While the burden is on the plaintiff to prove his or her claim by a preponderance of the evidence, this rule does not require proof to an absolute certainty. Such proof to an absolute certainty is seldom possible in any case. In a civil case, such as this, as opposed to criminal cases, it is proper to find that the plaintiff has succeeded in carrying the burden of proof, if, after consideration of all the evidence in the case, you believe that what is sought to be proven on that issue is more likely true than not true.

4. <u>CONSIDERATION OF THE EVIDENCE</u>

You are to determine the facts of this case from the evidence alone. The "evidence" in the case always consists of the sworn testimony of all the witnesses, whether the witness appeared in person or by deposition, regardless of who may have called the witness; and all exhibits received in evidence, regardless of who may have produced them; and, all facts which may have been admitted by stipulation or admission. When the attorneys for all parties stipulate or agree as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard that fact as conclusively proven. During the trial of this case, certain deposition testimony was read to you from a written transcript consisting of answers under oath to questions asked of the witness in advance of the trial, in the presence of a court reporter. The testimony of a witness who, for some reason, cannot be present to testify from the witness stand may be presented in the form of a deposition under oath by written transcript or by videotape. Such testimony is entitled to the same consideration, and is to be judged as to credibility and weight, as if the individual had been present and had testified from the witness stand. Accordingly, during your deliberations, you should carefully consider the

testimony of each and every witness and all exhibits, and not disregard or overlook any testimony, witness, exhibit or evidence. There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case. One is direct evidence -- such as the testimony of any eyewitness. The other is indirect or circumstantial evidence -- the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with all of the evidence in this case, both direct and circumstantial. You may not guess or speculate as to the existence of any facts in this case. But, in your consideration of the evidence, you are not limited solely to what you see and hear as the witnesses testify. On the contrary, you are permitted to draw, from the facts which you find have been established and proven, such reasonable inferences and conclusions which reason and common sense lead you to make and as seem justified in the light of your own observations and experience in the ordinary affairs of life.

Nothing that I have said or done at any time during the trial is to be

considered by you as evidence of any fact or as indicating any opinion concerning any fact, the credibility of any witness, the weight of any evidence or the verdict that should be reached.

Nothing said or done by the attorneys is to be considered by you as evidence of any fact.   Opening statements and final arguments are intended to help you to understand the evidence and apply the law, but they are not evidence.   If any argument, statement or remark of counsel during opening statements and closing arguments is inconsistent with the evidence or with my instructions, you should disregard that argument, statement or remark.

Disregard entirely questions and exhibits to which an objection was sustained or answers and exhibits ordered stricken out of the evidence.   Do not draw any inferences therefrom, or speculate as to matters thereby hinted.

Anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.

5.    CREDIBILITY OF WITNESSES

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate.   You, as jurors, are the

sole judges of the "credibility of a witness" and the "weight of the evidence." The "credibility of a witness" means the truthfulness or lack of truthfulness of the witnesses, and the "weight of the evidence" means the extent to which you are or are not convinced by the evidence. A witness is presumed to speak the truth. But this presumption may be outweighed by the manner in which the witness testifies, by the character of the testimony given, or by contradictory evidence. You should carefully scrutinize the testimony given, the circumstances under which the witness has testified, and every matter in evidence which tends to indicate whether the witness is worthy of belief.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimonies of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons witnessing an incident may see or hear it differently, and innocent misrecollection, like failure of recollection, is not an uncommon experience. Inconsistencies or discrepancies in the testimony of a witness, or between the testimonies of differing witnesses, should be considered by you, but, in weighing their effect, you should consider whether the inconsistencies or discrepancies pertain to a matter of importance or an

unimportant detail, and whether the discrepancy or inconsistency results from innocent error or willful falsehood.

A witness, whether or not a party, may be discredited or impeached by contradictory evidence, or by evidence that at prior times the witness has testified or has made statements which are inconsistent with the witness' present testimony in this trial.

The number of witnesses testifying on one side or the other of an issue is not alone the test of the "credibility of the witnesses" and the "weight of the evidence." If warranted by the evidence, you may believe one witness against a number of witnesses testifying differently. The tests are: How truthful is the witness, and how convincing is his or her evidence, and which witnesses and which evidence appeals to your minds as being most accurate and otherwise trustworthy in the light of all the evidence and circumstances shown.

In determining the credit and weight you will give to the testimony of any witness who has testified before you, you may consider, if found by you from the evidence:

1)      his or her good memory or lack of memory;

2)      the interest or lack of interest of the witness in the outcome of the trial;

3)      the relationship of any witness to any of the parties or other witnesses;

4)      his or her demeanor and manner of testifying;

5)      his or her opportunity and means or lack of opportunity and means of having knowledge of the matters concerning which he or she testified;

6)      the reasonableness or unreasonableness of his or her testimony;

7)      his or her apparent fairness or lack of fairness;

8)      the intelligence or lack of intelligence of the witness;

9)      the bias, prejudice, hostility, friendliness or unfriendliness of the witness for or against any of the parties;

10)     contradictory statements of any witness, if you believe that such were made by the witness and that the same are contradictory of his or her testimony; however, contradictory statements, if any, may or may not be considered by the jury to establish the truth of such statements;

11)     contradictory acts of any witness, if you believe that such were committed by the witness and that they were contradictory of his or her testimony.

From these considerations and all other conditions and circumstances appearing from the evidence, you may give to the testimony of the witness such credit and weight as you believe it is entitled to receive.

If you believe that any witness in this case has knowingly testified falsely as to any material fact, you may, after considering and weighing the testimony of such witness, disregard the whole of the testimony of such witness or give it, or any part thereof, such weight and credit as you believe it to be entitled to receive.

6.    <u>EXPERT WITNESSES - OPINIONS</u>

Ordinarily, witnesses are not permitted to testify as to opinions or conclusions. However, the rules of evidence provide that if scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify and state his or her opinion concerning such matters, and may state the reasons for the opinion. You should consider each expert opinion received in evidence in this case, and the reasons given in support of the opinion, and give it such weight as you may think it deserves. In determining the weight to be given to the opinion of an expert, you should

consider the education, training and experience of the expert, the basis for the opinion, the confidence of the witness, the reasons and reasoning stated by the witness, the opinions of other similar witnesses on the same matters, and the rules generally applicable to other witnesses in this case.    If you should decide that the opinion of an expert witness is not based upon sufficient education and/or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely, or give it such weight as you find it deserves.

7.    EXPERT WITNESSES - HYPOTHETICAL

Expert witnesses were, at times, asked hypothetical questions, and they gave answers to such questions.    "A hypothetical question has been defined as a form of question in which facts that counsel claims or assumes to have been proved are stated as a hypothesis and the opinion of an expert is asked thereon."

In answering a hypothetical question, an expert witness must accept as true every fact stated therein, but this does not mean that the jury must.    If the jury finds that assumed conditions, circumstances or facts are not proven by the

evidence, the validity of the opinion may dissolve, and both the question and the answer may be disregarded entirely, or given such weight as you may deem it entitled to receive.

8.  THE ISSUES YOU ARE TO DECIDE IN THIS CASE

In this case, the Plaintiff, David M. Daugherty, alleges that the Defendant, Ocwen Loan Servicing, failed to conduct a reasonable investigation after being notified that Equifax, the credit reporting agency, was reporting a delinquency on his mortgage loan with Ocwen.    Ocwen denies this allegation.

Under the Fair Credit Reporting Act, after receiving notice of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

A)  Conduct an investigation with respect to the disputed information

B)  Review all relevant information provided by the consumer reporting agency

C)  Report the results of the investigation to the consumer reporting agency

D)  If the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the

person furnished the information and that compile and maintain files on consumers on a nationwide basis and

E) If an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any investigation ... for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly

    (i)      Modify the item of information;

    (ii)     Delete that item of information; or

    (iii)   Permanently block the reporting of that item of information.

If the Plaintiff proves his case by a preponderance of the evidence, the law specifically permits damages to be awarded to the Plaintiff for either willful or negligent noncompliance with the Fair Credit Reporting Act by a furnisher, like the Defendant, Ocwen Loan Servicing, LLC.

Therefore, if you find that the Defendant violated the Fair Credit Reporting Act, you must determine whether such violation(s) were negligent or willful.

The jury is instructed that negligence is the doing of something which a reasonably prudent person would not do, or the failure to do something which a

reasonably prudent person would do, under circumstances similar to those shown by the evidence. It is the failure to use ordinary or reasonable care. Ordinary or reasonable care is that which persons of ordinary prudence would use in order to avoid injury to themselves or others under circumstances similar to those shown by the evidence.

You will note that the person whose conduct is set up as a standard is a person of reasonable and ordinary prudence. The conduct in question must be viewed in light of all of the surrounding circumstances as shown by the evidence.

Willful violations can be proven by showing not only knowing, intentional violations, but also violations in reckless disregard of the law. Actual knowledge, malice, or evil motive is not required to show willfulness. Reckless disregard requires a known or obvious risk that was so great as to make it highly probable that harm would follow. In other words, Ocwen's conduct must have involved an unjustifiably high risk of harm to the Plaintiff that is either known or so obvious it should be known. The Defendant Ocwen's conduct is not willful if you find that it diligently and in good faith attempted to fulfill its statutory duty.

The Defendant, Ocwen, was required to conduct a reasonable investigation

into the information identified as disputed on the ACDV received from a consumer reporting agency. A reasonable investigation is a careful inquiry into the relevant information provided by the consumer reporting agency and the records of the Defendant, Ocwen, to determine whether the disputed information is reporting accurately or should be modified. A reasonable investigation does not necessarily require Ocwen to consult external sources.

The Court instructs the jury that to determine whether Ocwen conducted a reasonable investigation of the Plaintiff's dispute, you must consider the ACDVs received from the credit bureau, each of the steps it took, and what steps it might have taken, but did not. Under the law, any information Ocwen furnishes to a credit bureau about the dispute must be complete and accurate.

Perfect consumer credit reports or the reporting of perfectly accurate information by a furnisher like the Defendant, Ocwen, is not required. The law recognizes that total accuracy in consumer credit reports and reporting of information is not a realistic objective. The mere fact that information furnished to a consumer reporting agency may not be perfectly accurate is not, in and of itself, sufficient for you to find that Ocwen failed to conduct a reasonable

investigation. In other words, if you simply find that Ocwen failed to report account information on the Plaintiff free of mistakes, that is not sufficient unless you find that Ocwen failed to conduct a reasonable investigation.

Further, you are instructed that if you find that the information reported on an ACDV to a consumer reporting agency by the Defendant, Ocwen, after concluding its investigation was accurate, then you must conclude that Ocwen has not violated the Fair Credit Reporting Act.

So, you must determine whether its investigation was at least sufficient to ensure that any information Ocwen verified about David Daugherty was both complete and accurate. An investigation requires some degree of careful inquiry. Thus, a reasonable investigation is one that is not casual, hasty or superficial, but one which would be sufficient to discover the validity or non-validity of the consumer's dispute. The reasonableness of Ocwen's investigation is measured by its response to the specific information provided by Equifax; that is, whether the investigation was reasonable is determined in light of what Ocwen learned about the dispute from Equifax's notice of dispute.

If you find by a preponderance of the evidence that the Defendant, Ocwen

Loan Servicing, failed to conduct a reasonable investigation after receiving notice of the Plaintiff, David Daugherty's dispute, then you must find in favor of the Plaintiff. However, if you find that the Defendant, Ocwen, conducted a reasonable investigation, then you must find in favor of the Defendant.

9. <u>DAMAGES</u>

If you find by a preponderance of the evidence that the Defendant, Ocwen, failed to conduct a reasonable investigation, you should consider the issue of damages. You should only award the Plaintiff such a sum of compensatory damages as will reasonably and fairly compensate for the losses that have been proven by a preponderance of the evidence to have actually been suffered and proven by a preponderance of the evidence to have been a proximate result of the conduct of the Defendant in this case. In order for any act to proximately cause damages, you must find that the act significantly caused or contributed to Plaintiff's alleged damages. If you believe that any alleged damages are not proximately caused by any conduct of the Defendant, then you may not award compensation for such damages.

If the jury is uncertain as to whether any particular element of damage was

directly or proximately caused by the alleged conduct of the Defendant, or if it appears just as probable that any injury or element of damage complained of resulted from a cause other than the alleged conduct of the Defendant, then the Plaintiff cannot recover therefor against the Defendant.

You shall not award compensatory damages based on conjecture, speculation or sympathy. Your assessment of compensatory damages must be based only upon that evidence which is presented at trial.

In determining the amount of Plaintiff's damages, if any, you may take into consideration humiliation, emotional distress, embarrassment, injury to the Plaintiff's reputation, and annoyance and inconvenience, if any. You are instructed that the law cannot give you a precise formula or yardstick by which you can fix with any degree of exactness compensation for such an intangible item as humiliation, mental anguish, embarrassment, injury to the Plaintiff's reputation, or annoyance and inconvenience, but the law contemplates that intelligent jurors, exercising common sense and calling upon their experiences in life, can satisfactorily fix and determine a proper award of money for this item of damages under proper instructions from the Court. These damages are never awarded on

the basis of punishment to a defendant for the injuries which the plaintiff

sustained.    Nor are they to be measured by the amount of money which you as

jurors would demand or ask for enduring the pain which the plaintiff has endured.

On the contrary, damages for this item are to be awarded solely on the basis of

compensation -- fair, reasonable and adequate compensation -- taking into

consideration the nature and extent of the injury, the character and frequency of

the pain resulting from it, and the period it has persisted.

The Court instructs the jury that you may only award damages for conduct

which occurred between March 9, 2013, and July 8, 2014.

The Court instructs the jury that the fact that the Court has instructed you

relative to damages must not be considered by you as an indication that the Court

has an opinion relative to the liability of the Defendant.    It is for you, and you

alone, to determine whether there should be a recovery in this case.

10.    <u>THE JURY'S DUTY DURING DELIBERATIONS</u>

In conducting your deliberations and returning your verdict, there are certain

rules you must follow.

First, when you go to the jury room, you must select one of your members

as your foreperson.    That person will preside over your discussions, and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room.    You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all of the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussions persuade you that you should.    But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the security officer, signed by your foreperson.    I will respond as soon as possible either in writing or verbally in open court. Remember that you should not tell anyone - including me - how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law

which I have given to you in my instructions.    The verdict must be unanimous.

NOTHING I have said or done is intended to suggest what your verdict should be -

that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you

reach in this case.    You will take this form to the jury room, and when each of you

has agreed on the verdict, your foreperson will fill in the form, sign and date it,

knock on the inside of your door, and the Court Security Officer will respond to you

and let me know that you are ready to return to the courtroom and report your

verdict.