

FILED
MAY 24 2016
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

5:14-cv-24506

## PUNITIVE DAMAGES INSTRUCTION

Inasmuch as you have found Ocwen's conduct to be willful, you have the option of awarding punitive damages.

Punitive damages are damages that are awarded to punish a defendant who has damaged the plaintiff by acting willfully, wantonly, maliciously or oppressively; or through gross fraud; or by reckless conduct affecting the rights of others. They are intended to deter the defendant and others from engaging in a similar course of conduct in the future. Punitive damages are not compensation for injury. An award of punitive damages means that you, the jury, believe that the Defendant should be punished for its conduct as proven by the evidence in this case.

A plaintiff is not entitled to punitive damages as a matter of right. In other words, even if you should find that a defendant's conduct rises to the level of willful or reckless misconduct affecting the rights of others, the decision to impose or to withhold punitive damages lies within your sound discretion. However, if you determine that punitive damages are appropriate, you may award them even if you do not award compensatory damages or if you award only nominal compensatory damages.

The amount of punitive damages (if any) that may be awarded is that amount of damages which will be sufficient in the jury's judgment to punish the Defendant and to deter others from engaging in a similar course of conduct. In determining the amount of punitive damages, if any, to award in this case, you should take into consideration all the circumstances surrounding the particular occurrences involved here, including the nature of the Defendant's wrongdoing, the extent of the harm it inflicted on the Plaintiff, the Defendant's intent in committing its wrongful acts, and Defendant's wealth, as well as any mitigating circumstances.

You are instructed that if you find by clear and convincing evidence that the acts of the Defendant were willful or with reckless disregard for the Plaintiff, then you may award punitive damages against the Defendant.

The "clear and convincing proof" standard is the highest standard of civil proof. It is defined as "that measure or degree of proof which will produce in your mind a firm belief or conviction as to the allegations sought to be established. This standard is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases."

In determining the amount of punitive damages which should be awarded, you must consider the following factors:

1)   Punitive damages should bear a reasonable relationship to the harm that is likely to occur from the Defendant's conduct as well as the harm that actually occurred;

2)   You should consider how long the Defendant's willful or reckless actions continued, and whether the Defendant was aware that its actions were causing or likely to cause harm;

3)   You should consider whether the Defendant attempted to conceal or cover up its actions;

4)   You should consider whether the Defendant engaged in similar conduct in the past;

5)   You should consider whether the Defendant made reasonable efforts to make amends;

6)   The financial position of the Defendant is relevant in determining the appropriate amount of punitive damages, if any, against the Defendant in this case.

The Court instructs the jury that the fact that the Court has instructed you relative to damages must not be considered by you as an indication that the Court has an opinion relative to whether punitive damages should be awarded.   It is for you, and you alone, to determine whether there should be an award of punitive damages.