IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

DAVID M. DAUGHERTY,

          Plaintiff,

v.                                                   CIVIL ACTION NO.   5:14-cv-24506

OCWEN LOAN SERVICING, LLC,

          Defendant.

**ORDER**

The Court has reviewed the *Report of Mediation* (Document 137) from the Honorable Omar J. Aboulhosn, Magistrate Judge for the United States District Court for the Southern District of West Virginia, filed under seal with this Court on May 9, 2016.

On April 27, 2016, after the pre-trial conference and final settlement conference in the above-styled matter, this Court determined that the parties had not had an opportunity to participate in meaningful mediation since the issuance of this Court's *Memorandum Opinion and Order* (Document 108) on the Defendant's motion for summary judgment.  The Court, therefore, ordered the parties to attend mediation before Magistrate Judge Aboulhosn on May 9, 2016, at his chambers in Beckley.

Following mediation, the Magistrate Judge reported to this Court that lead counsel for the Defendant, Jason E. Manning, Esq., of the law firm Troutman Sanders, failed to appear for the mediation, in violation of Rule 16.6.4 of the Local Rules of Civil Procedure, which provides in pertinent part that "[u]nless the Court provides otherwise, the following persons shall attend the

entire mediation in person: (a) all lead trial counsel …" L.R.Civ.P. 16.6.4. Prior to the mediation, the Court received no notice from Mr. Manning regarding his ability to appear, and did not authorize Mr. Manning's absence.

The Magistrate Judge further reported that the Defendant, Ocwen, failed to provide a representative at the mediation possessing authority to negotiate on its behalf. Rule 16.6.4 of the Local Rules of Civil Procedure also provides, in relevant part, that "[u]nless the Court directs otherwise, any other party and/or his/her/its representative who is knowledgeable about the facts of the case, and who has full authority to negotiate on behalf of the party and to approve or recommend a settlement, shall attend the entire mediation in person …" L.R.Civ.P. 16.6.4. The Rule further provides that such a representative may attend "with prior approval of the judicial officer, by telephone or other electronic means such as video-conference." *Id*. The Magistrate Judge reported to the Court that "the Ocwen representative at the mediation had no authority to settle the matter other than the authority previously offered to the Plaintiff …," and "Ocwen's representative who had full authority to settle the matter … was not present for the mediation and did not obtain prior approval to attend by phone …" (Report of Mediation, at 2.)

Based on the absence of the Defendant's lead counsel, and the conduct of the Defendant, Magistrate Judge Aboulhosn represented that "this matter may be appropriate for sanctions due to the Defendant's bad faith in coming to mediation without any intention of negotiating towards a resolution." *Id*. at 3. This Court has an inherent power to sanction parties and counsel, in order to ensure "order, respect, decorum, silence, and compliance with lawful mandates." *United States v. Schaffer Equipment Co*., 11 F.3d 450, 462 (4th Cir. 1993). The sanction power is "organic,

without need of a statute or rule for its definition, and it is necessary to the exercise of all other powers." *Id.*, citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 42 (1991).

The Court is considering whether to impose sanctions against the Defendant and lead counsel for the Defendant based on the mediation report from Magistrate Judge Aboulhosn. The Court, therefore, **ORDERS** that the Defendant, and lead counsel for the Defendant, file separate memoranda, articulating their respective positions with regard to sanctions, with this Court no later than June 25, 2016. The Plaintiff may file a memorandum by June 25, 2016, citing his position on the imposition of sanctions, if he chooses to take a position.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

       ENTER:  June 10, 2016.

       _____
       IRENE C. BERGER
       UNITED STATES DISTRICT JUDGE
       SOUTHERN DISTRICT OF WEST VIRGINIA