IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Beckley Division

DAVID M. DAUGHERTY,

Plaintiffs,

v.

Civil Action No. 5:14-cv-24506

EQUIFAX INFORMATION
SERVICES, LLC, and OCWEN
LOAN SERVICING, LLC,

Defendants.

## DEFENDANT OCWEN LOAN SERVICING, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

**INTERROGATORY NO. 1:** Please state the full name, present address, employer, title and occupation of all persons providing information and documents responsive to these requests.

**ANSWER:** Objection. Defendant objects to this interrogatory to the extent Plaintiff seeks information protected from discovery by the attorney-client privilege, the work-product doctrine, and/or any other applicable privileges or protections against the disclosure of requested information. Defendant also objects because these Interrogatories exceed the maximum amount of thirty (30) written interrogatory requests, including discrete subparts, allowed pursuant to Fed. R. Civ. P. 33(a)(1) when considering most of the twenty-four interrogatories are compound interrogatory consisting of numerous discrete sub-parts.

**INTERROGATORY NO. 2:** Please identify all individuals known to you or your attorney who are witnesses to the events described in plaintiff's complaint or to any event which



EXHIBIT
4

those documents, subscriber contracts, manuals or other recorded data that is unrelated to the claims in Plaintiff's Complaint. Defendant also objects to this request as being overly broad in duration as it seeks discovery for a period beginning in January 2000 and continuing through the present, and the earliest allegation relating to credit reporting is March 2013. Defendant further objects on the grounds that this request seeks information that is confidential and proprietary and a mutually agreeable protective order has not been entered in this matter. Defendant objects to the extent that this request seeks to elicit trade secrets or other confidential or proprietary commercial or business information in seeking information concerning the relationship between Ocwen and credit furnishers.

10. Please produce copies of all of your quarterly profit and loss statements for the past three (3) years.

RESPONSE: Objection. Defendant objections to this request on the grounds that it is premature. Discovery related to a defendant's financial worth is not proper until the Plaintiff demonstrates his claim for punitive damages is viable. *See Robinson v. Quicken Loans Inc.*, 2013 U.S. Dist. LEXIS 56210 (S.D. W. Va. Apr. 19, 2013) ("In this district, the cases support the requirement that a plaintiff demonstrate her claim for punitive damages is viable before discovery of a defendant's financial worth"). Moreover, this request is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence because it seeks the discovery of confidential and proprietary information that is not reasonably calculated to lead to the discovery of admissible evidence concerning Plaintiff's claims for punitive damages, which is limited to current "net worth."

11. Please produce copies of all of your current balance sheets and financial statements.

**RESPONSE**: Objection. Defendant objections to this request on the grounds that it is premature. Discovery related to a defendant's financial worth is not proper until the Plaintiff demonstrates his claim for punitive damages is viable. *See Robinson v. Quicken Loans Inc.*, 2013 U.S. Dist. LEXIS 56210 (S.D. W. Va. Apr. 19, 2013) ("In this district, the cases support the requirement that a plaintiff demonstrate her claim for punitive damages is viable before discovery of a defendant's financial worth"). Moreover, this request is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence because it seeks the discovery of confidential and proprietary information that is not reasonably calculated to lead to the discovery of admissible evidence concerning Plaintiff's claims for punitive damages, which is limited to current "net worth."

12. Please produce copies of your income tax returns for the past three (3) years.

**RESPONSE**: Objection. Defendant objections to this request on the grounds that it is premature. Discovery related to a defendant's financial worth is not proper until the Plaintiff demonstrates his claim for punitive damages is viable. *See Robinson v. Quicken Loans Inc.*, 2013 U.S. Dist. LEXIS 56210 (S.D. W. Va. Apr. 19, 2013) ("In this district, the cases support the requirement that a plaintiff demonstrate her claim for punitive damages is viable before discovery of a defendant's financial worth"). Moreover, this request is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence because it seeks the discovery of confidential and

proprietary information that is not reasonably calculated to lead to the discovery of admissible evidence concerning Plaintiff's claims for punitive damages, which is limited to current "net worth."

13. Please produce all credit report(s) which bear any identifier(s) associated with Plaintiff for the last three (3) years.

**RESPONSE:** This request is overly broad and unduly burdensome because it seeks the discovery of "all credit report(s) which bear any identifier(s) associated with Plaintiff for the last three (3) years," including those reports which are immaterial and irrelevant to the claims asserted in Plaintiff's Complaint. Moreover, the request is overly broad in duration, because the statute of limitations under the FCRA is two years.

14. Please produce all documents evidencing, constituting or including data concerning notification of any allegation that any account bearing Plaintiff's personal identifiers had been created by application fraud or had been used by a person not authorized to use or possess Plaintiffs personal identification.

**RESPONSE:** Objection. This request is unduly burdensome, overly broad and not reasonable calculated to lead to the discovery of admissible evidence because it seeks discovery of all documents "evidencing, constituting or including data concerning notification of any allegation that any account bearing Plaintiff's personal identifiers had been created by application fraud or had been used by a person not authorized to use or possess Plaintiffs personal identification" and there is no allegation of any such fraud in the Complaint. This request is wholly irrelevant to the claims and defenses in this suit.

Without waiving these objections, please see responsive documents which will follow separately.

24. Please produce all policy manuals, procedure manuals or other documents which address your policies, practices or procedures in the investigation or reinvestigation of credit data which is disputed as inaccurate by a consumer.

RESPONSE: Objection. Defendant objects to this request as unduly burdensome, overly broad and not reasonable calculated to lead to the discovery of admissible evidence because it seeks discovery of all policy manuals, procedure manuals or other documents which address Ocwen's policies, practices or procedures in the investigation or reinvestigation of credit data which is disputed as inaccurate by a consumer, including those manuals or other documents which are wholly irrelevant to the claims and defenses in this suit (in particular because the request is not limited to indirect credit disputes). Defendant objects to this request as being overly broad in duration as it seeks discovery for a period beginning in January 2000 and continuing through the present, and the earliest allegation relating to credit reporting is March 2013. Finally, Defendant also objects because this request seeks confidential and proprietary commercial or business information and no mutually agreeable protective order has been entered by the Court.

25. Please produce all policy manuals, procedure manuals or other documents, which address your policies, practices or procedures in correcting, updating, modifying and/or deleting or suppressing credit data or historical address data which is disputed as inaccurate.

RESPONSE: Objection. Defendant objects to this request as unduly burdensome,

overly broad and not reasonable calculated to lead to the discovery of admissible evidence because it seeks discovery of all policy manuals, procedure manuals or other documents, which address your policies, practices or procedures in correcting, updating, modifying and/or deleting or suppressing credit data or historical address data which is disputed as inaccurate, including those manuals or other documents which are wholly irrelevant to the claims and defenses in this suit (in particular because the request is not limited to indirect credit disputes). Defendant objects to this request as being overly broad in duration as it seeks discovery for a period beginning in January 2000 and continuing through the present, and the earliest allegation relating to credit reporting is March 2013. Finally, Defendant also objects because this request seeks confidential and proprietary commercial or business information and no mutually agreeable protective order has been entered by the Court.

26. Please produce copies of any and all telephone reinvestigation forms which in any way reference Plaintiff, Plaintiffs social security number or any allegation or defense asserted in this action.

RESPONSE: Objection. Defendant objects because "telephone investigation form" is vague and ambiguous because undefined. Defendant objects to this request as unduly burdensome, overly broad and not reasonable calculated to lead to the discovery of admissible evidence because it seeks discovery of all telephone reinvestigation forms which in any way reference Plaintiff, Plaintiffs social security number or any allegation or defense asserted in this action, including those manuals or other documents which are wholly irrelevant to the claims and defenses in this suit. Defendant objects to this request as being

including information which is wholly irrelevant to the claims and defenses in this suit. Defendant objects to this request as being overly broad in duration as it seeks discovery for a period beginning in January 2000 and continuing through the present, and the earliest allegation relating to credit reporting is March 2013. Defendant also objects to producing "computer screens" as this phrase is vague and ambiguous because undefined and overly burdensome some because irrelevant. Finally, Defendant also objects because this request seeks confidential and proprietary commercial or business information and no mutually agreeable protective order has been entered by the Court.

Dated: January 30, 2015

OCWEN LOAN SERVICING, LLC

By: _____
Jason E. Manning (WV Bar No. 11277)
*Counsel for Defendants*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
E-mail: john.lynch@troutmansanders.com
E-mail: jason.manning@troutmansanders.com