4

```
 1                    P R O C E E D I N G S
 2           THE COURT:  Good morning.
 3      My law clerk says you have a matter you want to take
 4  up, Mr. Young.
 5           MR. YOUNG:  Yes, Your Honor.  It's with respect to
 6  the order of witnesses.
 7      On Monday I asked Mr. Manning if he would make Ms.
 8  Lyew, L-y-e-w, available for me to call her.  And Monday I
 9  was told he didn't know where she was.  Yesterday I was told
10  she'd be here Wednesday, they were going to use her
11  Wednesday.  I asked Mr. Manning this morning if he would
12  make her available for me to call.  He said, "No."
13      The only reason I want to call her is -- if I don't
14  call her, I'm -- she's the 30(b)(6) witness.  I have her
15  166-page deposition.  I can read that deposition to the jury
16  in my case in chief, and I will.  But I imagine that Ms.
17  Lyew is down the street, you know, at a motel or somewhere.
18      If I call her, I won't have to read the 166-page
19  deposition.  I won't have to cross-examine her after Mr.
20  Manning calls her.
21      Mr. Manning told the jury he was going to call her,
22  told the jury what she was -- to what she was going to
23  testify, and even showed the jury a slide about her
24  testimony.
25      I'm just trying to save time.  That's, that's all there
```

EXHIBIT 7

1 is to it. If he won't make the witness available, I'm going
2 to read a 166-page 30(b)(6) deposition to this jury. If he
3 makes her available, I'll cover the same things. It will
4 significantly shorten my cross-examination when they call
5 her.
6         THE COURT: Mr. Manning.
7         MR. MANNING: Good morning, Judge.
8         THE COURT: Good morning.
9         MR. MANNING: Ms. Lyew is our witness. And as I
10 accurately represented to Mr. Young, she's available to me
11 to call her in my case in chief if we so elect to have her
12 here as a live witness.
13     That's our decision and it's a game time decision. We
14 could elect just to use her deposition designation. And
15 she's not subject to a trial subpoena. She hasn't been
16 served with a subpoena. We don't have to make her
17 available. She's not required to be here.
18     And she's had a death in the family, and out of
19 consideration for her I want to minimize her time on the
20 stand so that when I call her, if I need to, in my case in
21 chief we shorten the period of time.
22         THE COURT: Go ahead.
23         MR. YOUNG: Well, Your Honor, I was told she would
24 be here Wednesday. He told the jury he was going to call
25 her. He even showed a slide of what she was going to

1 testify to.

2 THE COURT: All right. You said that and I heard
3 it the first time, Mr. Young. Anything further?

4 MR. YOUNG: But I don't know whether she's here or
5 not and counsel is rather coy about that.

6 THE COURT: Well, I don't hear --

7 MR. YOUNG: I'm sorry, Your Honor. I just did
8 want to mention I did serve -- on Monday evening I served an
9 intent to issue a subpoena for the witness. I have not
10 handed Mr. Manning a subpoena. She is the designated
11 30(b)(6) representative of this defendant. I'm sorry. I
12 didn't add that earlier. I'm sorry.

13 THE COURT: All right. Anything further on this
14 issue, gentlemen?

15 MR. MANNING: Judge, filing a notice of intent to
16 serve a subpoena on Monday is different from serving a
17 subpoena on a witness. There's no valid subpoena and that's
18 all I have to say.

19 THE COURT: All right. Well, all I have to say is
20 that I expect a level of professionalism from you lawyers
21 that you should be able to cooperate on matters like this.

22 If she's a 30(b)(6) representative of the defendant,
23 I'm going to order that she be made available. You all can
24 both question her.

25 If you want to put her on in your case in chief,

1  Mr. Young, I'm going to ask that she be made available so
2  that you can put her on.
3      I don't hear any argument that it's unexpected or it's
4  prejudicial or anything of that nature.  And, again, with
5  the level of experience at counsel table on both sides, this
6  is a matter that you all in your professionalism that our
7  profession demands should be able to work out.  And, so,
8  I'll require that she be made available.
9      Mr. Manning, I owe to you an opportunity to address the
10 record, since we're out of the presence of the jury, on a
11 question that was asked of the expert.  You asked to
12 approach the bench.
13     And the question is at line 1446, I think point 24.
14 The expert witness gave a response.  You objected and asked
15 for a sidebar.  And I indicated in the interest of moving on
16 that I would allow you to address it at a break.
17     And, so, if you want to address that objection further
18 at this time, I'll hear you.
19         MR. MANNING:  Thank you, Judge.
20     The issue is I have repeatedly put on the record that
21 the expert does not have any opinions about causation or
22 damages.  And Your Honor has indicated on the record more
23 than once also that an expert is constrained by the scope of
24 their report pursuant to 26(a)(2) disclosures.  And the duty
25 to supplement under 26(e)(2), it has to be done by, by the

Sandra Lyew - Direct (Young) 59

1           DIRECT EXAMINATION
2    BY MR. YOUNG:
3    Q.   Hello.  Are you Ms. Sandra Lyew?
4    A.   Lyew.
5    Q.   Lyew?
6    A.   Yes.
7    Q.   Okay.  I'll get better at it as I go along.  Lyew.
8    A.   That is correct, yes.
9    Q.   Okay.  And are you employed by Ocwen Financial
10   Corporation?
11   A.   Yes, I am.
12   Q.   And are you a Senior Loan Analyst for Litigation?
13   A.   Yes, I am, Senior Loan Analyst.
14   Q.   And are part of your duties as a Senior Loan Analyst to
15   testify as a representative witness of Ocwen and its
16   investors in connection with legal proceedings, including
17   mediations, hearings, and trials?
18   A.   That is correct.
19   Q.   You also conduct thorough review, analysis,
20   interpretation of the events and actions that occurred on
21   disputed customer accounts?
22   A.   Yes.
23   Q.   And you have a working knowledge and do you fully
24   understand the policies and procedures of Ocwen's various
25   business units?