**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

DAVID M. DAUGHERTY,

                Plaintiff,

v.                                    CIVIL ACTION NO.   5:14-cv-24506

OCWEN LOAN SERVICING, LLC,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Defendant Ocwen Loan Servicing, LLC's Motion to Vacate the Punitive Damages Award* (Document 217) and *Memorandum in Support* (Document 218), the *Plaintiff's Response in Opposition to Defendant's Motion to Vacate the Punitive Damages Award* (Document 226), the *Reply Memorandum in Support of Defendant Ocwen Loan Servicing, LLC's Motion to Vacate the Punitive Damages Award* (Document 231), and all attached exhibits.   For the reasons stated herein, the Court finds that the motion should be denied.

**PROCEDURAL HISTORY**

The Plaintiff initiated the present action with the filing of a *Complaint* on June 8, 2014, in the Circuit Court of Raleigh County, West Virginia.   The Plaintiff named Equifax Information Services, LLC ("Equifax") and Ocwen Loan Servicing, LLC ("Ocwen") as Defendants, asserting that when the Plaintiff sought to refinance a mortgage loan, currently serviced by Ocwen, false or misleading statements on his credit report attributable to both Defendants prevented him from doing so.   The Plaintiff asserted a number of claims against the Defendants, including violation

of Section 1681s-2(b)(1)(A) of the Fair Credit Reporting Act ("FRCA"), 15 U.S.C. §1681s-2(b)(1)(A), unlawful debt collection practices under West Virginia Code §46A-2-127(d), and various claims arising under West Virginia common law, including negligence and the tort of outrage.   The Plaintiff also requested that the court exercise equitable power to prevent foreclosure of his property, invoking the common law doctrine that equity abhors a forfeiture.

On August 7, 2014, the case was removed to the United States District Court for the Southern District of West Virginia.   Ocwen filed its *Answer* to the Plaintiff's complaint on August 8, 2014.   Ocwen denied any unlawful conduct and all claims of liability.   On July 8, 2015, counsel for the Plaintiff notified the Court by letter that all claims against Defendant Equifax had been settled.   On September 11, 2015, Ocwen moved for summary judgment on all claims raised by the Plaintiff.   On October 26, 2015, the Court entered a *Memorandum Opinion and Order*, granting summary judgment for the Defendant on the Plaintiff's state law claims, but denying summary judgment on the Plaintiff's claims under the FCRA.   The Plaintiff agreed to voluntarily dismiss his claims for state law negligence.

Trial began on May 16, 2016, and concluded on May 23, 2016.   At the conclusion of the evidence, Ocwen moved for judgment as a matter of law.   The Court denied the motion, and the case proceeded to the jury.   (*See* May 19, 2016 Transcr., at 111:2-114:15) (Document 206).   The jury returned a verdict finding Ocwen liable for willfully violating the FCRA, and awarding damages of six thousand, one hundred twenty-eight dollars and thirty-nine cents ($6,128.39) and punitive damages of two million, five hundred thousand dollars ($2,500,000).   Ocwen filed the present motion on June 24, 2016.   The Plaintiff filed his response on July 11, 2016, and Ocwen's reply was filed on July 21, 2016.   The motion is ripe for review.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b) provides, in relevant part, that "on motion and just terms," the Court may "relieve a party … from a final judgment, order, or proceeding …" on the grounds of "(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party."   Fed. R. Civ. P. 60(b)(3).   Rule 60(b)(3) does not address the "merits of a judgment or order," but rather "focuses on the unfair means by which a judgment or order is procured."   *Barlow v. Colgate Palmolive Co.*, 772 F.3d 1001, 1010 (4th Cir. 2014), citing *Schultz v. Butcher*, 24 F.3d 626, 631 (4th Cir. 1994).   The Fourth Circuit has set forth three factors that a moving party must show to prevail on a motion under Rule 60(b)(3): "(1) the moving party must have a meritorious defense; (2) the moving party must prove misconduct by clear and convincing evidence; and (3) the misconduct prevented the party from fully presenting its case." *Schultz*, 24 F.3d at 630, citing *Square Constr. Co. v. Washington Metro. Area Transit Auth.*, 657 F.2d 68, 71 (4th Cir. 1981).   Even if a moving party satisfies these three prongs, the Court must still "balance the competing policies favoring the finality of judgments and justice being done in view of all the facts, to determine within its discretion, whether relief is appropriate in each case." *Id*.

A federal district court also has inherent power to dismiss an action where a party "deceives a court" or "abuses the process at a level that is utterly inconsistent with the orderly administration of justice …"   *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462 (4th Cir. 1993).   However, this power must be exercised with "restraint and discretion."   *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991).

### DISCUSSION

Ocwen first asks that the Court strike the punitive damages award pursuant to Rule 60(b)(3), on account of misconduct.  (Def.'s Mem. in Supp. of Mot. to Vacate Damages, at 4.) In the alternative, Ocwen asks that the Court strike the punitive damages award, pursuant to the Court's inherent power.  (*Id*. at 11.)  The Court will address both requests.

To prevail on its motion under Rule 60(b)(3), Owen must first show a meritorious defense to the jury's award of punitive damages.  Ocwen does not point to any defense it established at trial, but instead argues, in an attempt to show that such a defense would have been possible, that the Plaintiff "fail[ed] to disclose misleading, falsely presented evidence," which formed the "sole basis" for the punitive damages award."  (*Id*. at 4.)  Ocwen argues that had the relevant documents – SEC disclosures filed by Ocwen's parent company – been "properly" disclosed, Ocwen could have "taken a number of approaches" to refute the documents, including moving to exclude the documents as irrelevant and highly prejudicial under the Federal Rules of Evidence, or presenting rebuttal evidence.  (*Id*. at 4-5.)  As a result, Ocwen contends that it had "several meritorious defenses to rebut Plaintiff's false assertions about Ocwen's financial information, which, if believed, could have supported a ruling in its favor by the Court or the Jury."  (*Id*. at 5.)

Ocwen's argument fails on its face.  It is important to note at the outset that during the punitive damages phase of the trial, the Court admitted the SEC filings of Ocwen's parent company, finding the documents relevant to the question of punitive damages.  In so doing, the Court found that the admission of the documents was particularly appropriate in light of Ocwen's failure to make its Rule 30(b)(6) witness and corporate representative, Sandra Lyew, available to testify as to Ocwen's assets, despite the fact that the Court had not excused Ms. Lyew, and the fact

that the Plaintiff had previously notified Ocwen of its intent to recall Ms. Lyew, should the jury

return a verdict finding that Ocwen willfully violated the FCRA.   (*See* May 23, 2016 Transcr. at

94:3-11.)   The Court also found that it was indisputable that Ocwen was aware of the SEC filings.

(*See id*.)   It is also important to note that the Court granted counsel for Ocwen time to review the

financial documents, and Ocwen did not object to the relevance of the documents under Federal

Rule of Evidence 401, or argue that the documents were unfairly prejudicial under Federal Rule

of Evidence 403.   (See Id. at 89:12 – 95:17.)

Ultimately, it is not Ocwen's failure to object to the documents at trial that dooms its

argument, but rather, the fact that evidentiary objections and potential counter arguments about the

company's market value and liquid assets are insufficient to establish a "meritorious defense"

under *Shultz*.   The evidence at issue does not address whether Ocwen's conduct was so egregious

as to *warrant* punitive damages, but rather, focuses on the *amount* of punitive damages that a jury

may choose to award.   *Shultz* provides a helpful contrast here.   In that case, the Fourth Circuit

noted that the Defendant in a tort case involving personal watercraft established a meritorious

defense by showing that the operator of the watercraft, rather than the Defendant, was "responsible

for [the Plaintiff's] injuries," and that the "trial court observed that [the issue of the operator's

negligence] was a close question."   *Shultz*, 24 F.3d at 628.   Similarly, in *Square Const. Co*., an

action contesting the assessment of excess costs against a contractor, the Fourth Circuit found that

the contractor had raised a meritorious defense, by showing that "the method of procurement was

not designed to minimize procurement costs," which the Federal Court of Claims had held, in a

separate case, "was a bar to recovery of excess costs."   *Square Const. Co.*, 657 F.2d at 70.   Here,

Ocwen established no such meritorious, substantive defense to the *imposition* of punitive damages

at trial.   Nor does the Plaintiff's failure to disclose the relevant documents prior to the punitive

damages phase of the trial, under these facts, constitute a meritorious defense.   The Court found

that the introduction of the publicly filed documents of Ocwen's parent company was appropriate,

particularly in light of Ocwen's failure to provide the Plaintiff's with access to Ocwen's corporate

representative.   There is no reason to disturb that finding at this juncture.

Even if Ocwen could show a meritorious defense, its argument would nonetheless fail,

because it cannot show, by clear and convincing evidence, the type of misconduct that the Fourth

Circuit contemplated in *Shultz*.   In *Shultz*, the Fourth Circuit found that the Plaintiff's failure to

produce a report by the United States Coast Guard of the investigation of the accident giving rise

to her injuries, despite the fact that document was in the possession of the Plaintiff's attorney at

the time the Defendant requested the document, constituted misconduct for purposes of Rule

60(b)(3).   *Shultz*, 24 F.3d at 630.   Here, the circumstances are patently different, despite Ocwen's

arguments to the contrary.   The Plaintiff, in his *Response*, admits that he did not procure the

relevant documents until the weekend prior to the punitive damages trial on May 23, 2016, and

that he only procured the documents because he expected Ocwen to find a convenient excuse for

Ms. Lyew not to appear.   (See Pl.'s Response, at 2.)   The Plaintiff only sought to introduce these

documents after the jury returned a verdict finding that the Defendant willfully violated the FCRA,

and after Ocwen indicated that its corporate representative, Sandra Lyew, was unavailable to

testify, despite never having been excused by the Court.

The contrast to *Shultz* could not be more clear.   Here, the Plaintiff did not withhold

documents requested by Ocwen prior to trial.   Instead, the Plaintiff produced documents relevant

to the issue of punitive damages only after Ocwen failed to produce any documents concerning its

net worth in discovery, and only after Ocwen failed to produce a witness capable of testifying to its net worth.[1]   And while the Court notes Ocwen's repeated insistence that the financial information in the documents concern its parent company, rather than Ocwen, the parent is the sole shareholder of Ocwen, and the Court has no concerns about the propriety of admitting the parent company's public SEC filings under these circumstances.

The Court also cannot find that the Plaintiff "misrepresented" the nature of the relevant documents, such as to create misconduct.   Ocwen makes much of the fact that the Plaintiff commingled references to Ocwen and Ocwen's parent company in its argument for punitive damages.   (See Def.'s Reply, at 3.)   As the Court has previously noted, Ocwen's parent company is Ocwen's sole shareholder, and Ocwen has not provided the Court with any evidence showing that the documents misrepresented the parent company's financial position at the time of trial. Therefore, these statements are not the type of intentional or negligent misrepresentations that, in the Court's view, would give rise to misconduct.   The Court has no basis on which to find that the Plaintiff intended to mislead the jury, or to prejudice the Defendant by misrepresenting factual information.   Ocwen cannot show misconduct by clear and convincing evidence under these facts, and its Rule 60(b)(3) motion must, therefore, fail.   Because Ocwen has not established a meritorious defense, and cannot prove misconduct by clear and convincing evidence, the Court is not required to address the third *Shultz* factor, which relates to whether the misconduct prevented Ocwen from fully presenting its case, or to balance the need for judgments to be final with the need for justice to be done.

---

[1]  The Court has no opinion on Ocwen's motives in withholding information on its net worth during discovery, or the validity of the ripeness objections Ocwen asserted, because the Plaintiff does not appear to have moved to compel such information during discovery.

The Court has also considered Ocwen's request to invoke the inherent power of the Court to vacate the punitive damages award.   The Court finds that such an act would be inappropriate, and therefore, denies Ocwen's request.

## CONCLUSION

Wherefore, after careful consideration, the Court **ORDERS** that the *Defendant Ocwen Loan Servicing, LLC's Motion to Vacate the Punitive Damages Award* (Document 217) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:    October 12, 2016

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

8